CHARLES L. COLEMAN, III (CA. Bar No. 65496)
ANDREW T. CAULFIELD (CA. Bar No. 238300)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California  94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
charles.coleman@hklaw.com
andrew.caulfield@hklaw.com

Attorneys for Plaintiff
DAVID KAYNE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – **E-FILING**

| | |
|---|---|
| DAVID KAYNE, an individual citizen of Georgia,<br><br>Plaintiff,<br><br>vs.<br><br>THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  C 07-4721 JF (RS)<br><br>**DECLARATION OF CHARLES L. COLEMAN, III IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME**<br>(Civil Local Rule 6-3)<br><br>TRO Hearing Date: October 5, 2007<br>Hearing Time:          9:00 a.m.<br>Courtroom:              3, 5th Floor |

I, Charles L. Coleman, III, hereby declare that:

1.  I am a member of the firm of Holland & Knight LLP and am admitted to practice before this Court.  I am lead counsel for plaintiff David Kayne ("Mr. Kayne") in this matter.  I submit this declaration in support of Mr. Kayne's Motion for An Order Shortening Time for hearing on Mr. Kayne's motion for a Preliminary Injunction in this matter. Except as otherwise indicated below, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify to such facts without waiver of any applicable privilege.

A. <u>Background – The Subject of the Complaint</u>

2. As is described more fully in the Complaint on file in this matter (at page 3, paragraph 6) and in the accompanying Declaration of David Kayne verifying the key factual allegations in his Complaint, Mr. Kayne is seeking in this proceeding to enjoin the defendant, The Thomas Kinkade Company ("TKC"), from enforcing and implementing the "expedited" arbitration provisions set out in a corporate "Application for Credit" submitted in 2001. A copy of the "Application for Credit" and accompanying "Personal Guaranty" at issue in this case is attached as Exhibit "A" to the Complaint herein.

3. The arbitration procedure at issue in this matter, as stated in the "Application for Credit" and as sought to be enforced by TKC against Mr. Kayne in connection with the "Personal Guaranty" accompanying the "Application for Credit", provides that the parties "waive all right to any hearing requiring witness production", that the arbitrator "shall issue an award based upon the written documentary evidence supplied by the parties", and that the arbitration shall be conducted "at Santa Clara County, California".

4. At no time has TKC or its counsel indicated to me that TKC has agreed to waive the foregoing limitations on the scope of the arbitration it is seeking to conduct under the arbitration clause at issue as set out in Exhibit "A" to the Complaint. To the contrary, all indications are and have been that, in fact, TKC intends to proceed with the "expedited" arbitration procedure as stated in the arbitration clause in its "Application for Credit" as quickly as it can.

5. The amount that TKC is seeking to obtain from Mr. Kayne through the use of TKC's "expedited" arbitration procedures is in excess of $1.15 million. Specifically, as stated in TKC's September 17, 2007 "Supplement" to its arbitration demand (a copy of which is attached as Exhibit 2 of, and described in paragraph 3 of, my accompanying Declaration in Support of Plaintiff's Motion for a Temporary

Restraining Order and Preliminary Injunction), TKC currently is seeking from Mr. Kayne: (a) "$554,605" as an alleged principal amount; (b) An additional "$476,711.75" in interest allegedly accruing at the rate of 18% per year since November 6, 2002; and (c) A further "$127,892.50" in alleged "fees and costs associated with pursuing this arbitration against Mr. Kayne".

6. As stated in the Complaint, the accompanying Declaration of David Kayne, and the instant motion for a temporary restraining order and preliminary injunction, Mr. Kayne objects to TKC's attempted use of its "expedited" arbitration procedures and to the arbitration clause on which it is based.

**B.  Reasons for Requested Shortening of Time**

7. As stated in my accompanying Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction at paragraph 7 and Exhibit 6, the arbitration to which Mr. Kayne objects has been set to occur on October 16, 2007. TKC has given every indication that, unless it is enjoined from doing so, it intends to proceed with the arbitration on **October 16, 2007.**

8. The shortening of time for a hearing on a preliminary injunction will allow the merits of Mr. Kayne's objections to TKC's attempted use of its "expedited" arbitration procedure to be considered by this Court before the procedure is actually implemented by TKC. In the event that the Court does not grant Mr. Kayne's alternative application for a Temporary Restraining Order, it will be essential for his motion for a preliminary injunction to be considered and ruled upon before October 16 in order to prevent Mr. Kayne from being subjected to an unfair and unconscionable "expedited" arbitration procedure being pursued by TKC.

9. TKC will in any event be responding, **by October 4, 2007,** with a motion to dismiss Mr. Kayne's complaint seeking to enjoin the October 16 arbitration and its enforcement. TKC has had since September 14 to prepare its

response to Mr. Kayne's objections to TKC's arbitration procedures, which are spelled out in some detail in his complaint served on TKC. Accordingly, TKC should have little difficulty in responding, on an expedited basis, to the arguments presented by Mr. Kayne in support of his motion, since TKC's response seems likely to include the matters to be set out in its forthcoming motion on October 4.

10. Specifically, and as stated in my accompanying Certificate of Service, TKC was served with the complaint in this matter on, and as of, September 14, 2007. The complaint speaks for itself, but does set out in some detail the factual and legal bases for Mr. Kayne's objections to the arbitration clause in TKC's agreement as well as for Mr. Kayne's contention that it is appropriate for this Court to evaluate and overturn the arbitration clause under the standards recently articulated by the U. S. Court of Appeals for the Ninth Circuit in its *en banc* decision in *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006).

### C. Efforts To Obtain a Stipulation To Shorten Time

11. On September 27, 2007, I spoke by telephone with Charles Weir of the Los Angeles office of McDermott, Will & Emery to notify him that we intend to seek injunctive relief to prevent TKC from moving forward with its arbitration procedure on October 16. At that time, I asked Mr. Weir whether TKC would be willing to discuss and stipulate with us to an expedited briefing schedule so that our request for preliminary injunctive relief could be held and decided before October 16. Mr. Weir indicated that TKC would not agree to any stipulation to modify the rules normally applicable to the motion papers.

12. During our telephone discussion on September 27, Mr. Weir confirmed that TKC will be filing a responsive pleading (in the form of a motion to dismiss the complaint) by October 4, 2007, which he acknowledged to be the due date for TKC's response to the complaint in this matter. I then advised Mr. Weir that, on behalf of Mr. Kayne, we would need to proceed with an application for an order shortening

time for briefing the motion for preliminary injunction as well as a motion for a temporary restraining order in the absence of a stipulated briefing schedule or agreement to postpone the October 16 hearing. Mr. Weir confirmed that TKC was not willing to postpone the October 16 arbitration date in order to facilitate a more extended briefing schedule.

### D. Harm or Prejudice to Mr. Kayne if Time Is Not Shortened.

13. If the Court does not shorten time to allow the preliminary injunction issue to be decided before October 16, *and* if the Court also does not grant Mr. Kayne's application for a temporary restraining order, then Mr. Kayne faces severe potential prejudice because he will be faced with the prospect that an unfair and unconscionable arbitral proceeding involving a claim of over $1.15 million against him personally will be conducted, without his having had an opportunity to call witnesses, conduct discovery, or obtain other relief from the Court prior to the arbitration hearing.

14. In contrast, it does not appear that any prejudice will be suffered by TKC if the preliminary injunction briefing schedule is accelerated and/or if a temporary restraining order requires that TKC's October 16 arbitration "hearing" be postponed until the issuance of a preliminary injunction by this Court. The "personal guaranty" TKC is seeking to enforce through "expedited" arbitration proceedings indicates that it was executed on October 2, 2001. *See* Exhibit "A" to the complaint. The principal amount that TKC is seeking to collect from Mr. Kayne has been alleged by TKC to have "been outstanding at least since November 6, 2002", and to be incurring interest at the rate of "$268.57 per day". *See* Exhibit 2 and paragraph 3 of my accompanying Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (attaching and describing TKC's supplement to its arbitration demand).

//

**E.     Relationship To the Underlying Dispute and Positions of the Parties**

15.     The legal issues to be addressed in the motion for a preliminary injunction substantially overlaps the ultimate legal issue in this case, *i.e.,* whether the "expedited" arbitration procedure foisted upon Mr. Kayne by TKC can pass muster under the standards of judicial review and unconscionability articulated in *Nagrampa v. Mailcoups, Inc.,* 469 F.3d 1257 (9th Cir. 2006) and other recent decisions addressing California-based arbitration issues.  The principal differences in considering this issue on shortened time, and in the context of preliminary injunctive relief, are that the court will need to consider the balance of harms as they apply to whether the hearing should be conducted, rather than whether the outcome of such proceeding may be enforced.

16.     It is Mr. Kayne's position that the arbitration procedure that TKC seeks to enforce is unlawful and unconscionable under the standards set out in *Nagrampa* and other recent decisions for the reasons set out in his complaint and the accompanying motion papers and declarations.

17.     While TKC has not yet filed its October 4 motion to dismiss the complaint, it is anticipated that TKC's principal argument will be to the effect that Mr. Kayne's complaint is somehow precluded as a result of earlier proceedings between TKC and Mr. Kayne conducted before Judge Pannell in the U.S. District Court for the Northern District of Georgia.  Those proceedings are described at paragraphs 42-48 (pages 14-16) of the complaint, where it is emphasized that Mr. Kayne does not seek here to "re-litigate" any issues decided by Judge Pannell and where it also is explained that the *Nagrampa* decision (making it clear that courts decide issues of unconscionability of arbitration clauses, not arbitrators) had not been issued at the time the other matters (involving whether there was ever an agreement to arbitrate) were submitted to Judge Pannell.

- 6 -
DECLARATION OF CHARLES L. COLEMAN, III                           CASE NO. C 07-4721 JF (RS)
IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME

**F.     The Requested Time Modification and Its Effect on the Case**

18.     This case was filed on September 13, 2007. There have been no previous requests for modifications of time. Defendant TKC has not sought to extend its date to respond to the complaint, which is October 4, 2007.

19.     The requested shortening of time will have the salutary effect of accelerating the court's consideration of the merits of the case as presented in plaintiff's request for a preliminary injunction. The request also will promote efficiencies, since there presently are anticipated to be *two* sets of competing motions: (a) Plaintiff David Kayne's request for a temporary restraining order and preliminary injunction (filed contemporaneously with this motion to shorten time); and (b) Defendant TKC's anticipated motion to dismiss to be filed October 4. It makes sense to collapse the briefing schedules for these two competing motions into one briefing schedule. Unfortunately, the parties were not able to agree upon a stipulated schedule that would coordinate the briefing of these motions, so the Court is respectfully requested to do so by order pursuant to Local Rule 6-3.

**G.     Statement of Relief Requested in Motion To Shorten Time**

20.     Accompanying this declaration is a [Proposed] Order Shortening Time for Hearing on Plaintiff's Motion for Preliminary Injunction. The [Proposed] order asks for one of two forms of alternative relief, depending on the Court's scheduling preferences:

(a)     The issuance, on or before October 5, of a Temporary Restraining Order preventing TKC from proceeding further with its arbitration until further order of this Court, coupled with an expedited hearing schedule on Mr. Kayne's motion for a preliminary injunction to be determined by the Court; **or**

(b)     If the Court prefers to move immediately to the consideration of a preliminary injunction without first issuing a temporary restraining order, and if the Court wishes to consider this matter on October 5 and not at some later date or

---

- 7 -
DECLARATION OF CHARLES L. COLEMAN, III                         CASE NO. C 07-4721 JF (RS)
IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME

time before the October 16 arbitration date, an order that TKC's October 4 motion papers filed on response to the complaint **shall also be deemed to constitute its opposition to plaintiff's request for a preliminary injunction**, and that plaintiff David Kayne shall be allowed to present at the time of the October 5 hearing any reply they wish to present. This proposed schedule is based upon counsel's understanding that the Court is not available on its next normal motion date (October 12) to consider this matter. Undersigned counsel for David Kayne are prepared to appear at any other time/date between October 1 and October 15 selected by the Court.

21. Based on the foregoing, I respectfully submit on behalf of plaintiff David Kayne that good cause exists for an order shortening time and request that time be shortened for the briefing and hearing of Mr. Kayne's motion for preliminary injunction for the reasons set out above.

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct and that I have executed this declaration this 1st day of October, 2007, at San Francisco, California.

*[signature]*

CHARLES L. COLEMAN, III

# 4823667_v1

---
- 8 -
DECLARATION OF CHARLES L. COLEMAN, III   CASE NO. C 07-4721 JF (RS)
IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME