1  CHARLES L. COLEMAN, III (CA. Bar No. 65496)
   ANDREW T. CAULFIELD (CA. Bar No. 238300)
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California 94111
   Telephone: (415) 743-6900
4  Facsimile: (415) 743-6910
   charles.coleman@hklaw.com
5  andrew.caulfield@hklaw.com

6  Attorneys for Plaintiff
   DAVID KAYNE
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10            SAN JOSE DIVISION – E-FILING

11 DAVID KAYNE, an individual citizen      ) Case No. C 07-4721 JF (RS)
   of Georgia,                             )
12                                         ) **DECLARATION OF CHARLES L.**
                  Plaintiff,               ) **COLEMAN, III IN SUPPORT OF**
13                                         ) **PLAINTIFF'S MOTION FOR A**
           vs.                             ) **TEMPORARY RESTRAINING**
14                                         ) **ORDER AND PRELIMINARY**
   THE THOMAS KINKADE COMPANY,             ) **INJUNCTION**
15 formerly known as MEDIA ARTS            )
   GROUP, INC., a Delaware Corporation,    ) **TRO Hearing Date: October 5, 2007**
16                                         ) **Hearing Time:      9:00 a.m.**
                  Defendant.               ) **Courtroom:         3, 5th Floor**
17 _____     )

18

19     I, Charles L. Coleman, III, hereby declare that:

20         1.     I am a member of the firm of Holland & Knight LLP and am admitted

21 to practice before this Court. I am lead counsel for plaintiff David Kayne ("Mr.

22 Kayne") in this matter. I submit this declaration in support of Mr. Kayne's Motion

23 for a Temporary Restraining Order and Preliminary Injunction. Except as

24 otherwise indicated below, I have personal knowledge of the facts set forth herein

25 and, if called as a witness, I could and would testify to such facts without waiver of

26 any applicable privilege.

27

28 _____
                                   - 1 -
   DECLARATION OF CHARLES L. COLEMAN, III
   IN SUPPORT OF PLAINTIFF'S MOTION FOR T.R.O.        CASE NO. C 07-4721 JF (RS)
   AND PRELIMINARY INJUNCTION

1       2.      Attached as Exhibit 1 to this declaration is a true and correct copy of

2  the "Expedited Procedures" as identified in the American Arbitration Association's

3  Commercial Arbitration Rules, published at its web site (www.adr.org).

4       3.      Attached as Exhibit 2 to this declaration is a true and correct copy of

5  the "Supplement to 'Nature of Dispute' Attachment to Demand for Arbitration" that

6  was electronically sent to me by counsel to TKC on or about September 17, 2007.

7  This document is more fully described in paragraph 9 of the accompanying

8  Declaration of David Kayne.

9       4.      Attached as Exhibit 3 to this declaration is a true and correct copy of

10  the letters of August 13 and 14, 2007, from Gary L. Britt (Mr. Kayne's Georgia-

11  based lawyer) to Mr. John McCauley (the AAA arbitrator) summarizing Mr. Kayne's

12  objections to the arbitration going forward and reiterating that Mr. Kayne is

13  preserving all his objections to arbitrability.

14       5.      Attached as Exhibit 4 to this declaration is a true and correct copy of

15  the responsive letter we received on  August 16, 2007, signed by Dana Leavitt, Esq.,

16  of McDermott, Will & Emery on behalf of TKC.

17       6.      Attached as Exhibit 5 to this declaration is a true and correct copy of

18  the reply I sent to Mr. Leavitt's letter on August 24, 2007, together with its

19  attachment.

20       7.      Attached as Exhibit 6 to this declaration is a true and correct copy of

21  the AAA arbitrator's "Scheduling Order" dated September 12, 2007, which we

22  received on the morning of September 13, 2007.  The Scheduling Order states that

23  "[t]he hearing in this matter shall take place on October 16, 2007, commencing at

24  9:00 a.m. Pacific Time."

25  //

26  //

27

28

- 2 -

1    8.    On the afternoon of September 13, 2007, our firm filed its complaint on

2 behalf of Mr. Kayne with this Court.  A true copy of the complaint is attached as

3 Exhibit 1 to the accompanying Declaration of David Kayne.

4    I declare under penalty of perjury, under the laws of the United States and

5 the State of California, that the foregoing is true and correct and that I have

6 executed this declaration this 1st day of October, 2007, at San Francisco, California.

7

8

9

10    CHARLES L. COLEMAN, III

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    # 4823582_v1

27

28

- 3 -

DECLARATION OF CHARLES L. COLEMAN, III                    CASE NO. C 07-4721 JF (RS)
IN SUPPORT OF PLAINTIFF'S MOTION FOR T.R.O.
AND PRELIMINARY INJUNCTION

# EXHIBIT 1

E-1. Limitation on Extensions

Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond to the demand for arbitration or counterclaim as provided in Section R-4.

E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, upon the agreement of the other party, or the consent of the arbitrator. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent. If an increased claim or counterclaim exceeds $75,000, the case will be administered under the regular procedures unless all parties and the arbitrator agree that the case may continue to be processed under the Expedited Procedures.

E-3. Serving of Notices

In addition to notice provided by Section R-39(b), the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subsequently be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be valid if notice has, in fact, been given by telephone.

E-4. Appointment and Qualifications of Arbitrator

(a) The AAA shall simultaneously submit to each party an identical list of five proposed arbitrators drawn from its National Roster from which one arbitrator shall be appointed.

(b) The parties are encouraged to agree to an arbitrator from this list and to advise the AAA of their agreement. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list and return it to the AAA within seven days from the date of the AAA's mailing to the parties. If for any reason the appointment of an arbitrator cannot be made from the list, the AAA may make the appointment from other members of the panel without the submission of additional lists.

(c) The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Section R-17. The parties shall notify the AAA within seven days of any objection to the arbitrator appointed. Any such objection shall be for cause and shall be confirmed in writing to the AAA with a copy to the other party or parties.

E-5. Exchange of Exhibits

At least two business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator shall resolve disputes concerning the exchange of exhibits.

E-6. Proceedings on Documents

Where no party's claim exceeds $10,000, exclusive of interest and arbitration costs, and other cases in which the parties agree, the dispute shall be resolved by submission of documents, unless any party requests an oral hearing, or the arbitrator determines that an oral hearing is necessary. The arbitrator shall establish a fair and equitable procedure for the submission of documents.

E-7. Date, Time, and Place of Hearing

In cases in which a hearing is to be held, the arbitrator shall set the date, time, and place of the hearing, to be scheduled to take place within 30 days of confirmation of the arbitrator's appointment. The AAA will notify the parties in advance of the hearing date.

E-8. The Hearing

(a) Generally, the hearing shall not exceed one day. Each party shall have equal opportunity to submit its proofs and complete its case. The arbitrator shall determine the order of the hearing, and may require further submission of documents within two days after the hearing. For good cause shown, the arbitrator may schedule additional hearings within seven business days after the initial day of hearings.

(b) Generally, there will be no stenographic record. Any party desiring a stenographic record may arrange for one pursuant to the provisions of Section R-26.

E-9. Time of Award

Unless otherwise agreed by the parties, the award shall be rendered not later than 14 days from the date of the closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

E-10. Arbitrator's Compensation

Arbitrators will receive compensation at a rate to be suggested by the AAA regional office.

**EXHIBIT 2**

## SUPPLEMENT TO "NATURE OF DISPUTE" ATTACHMENT TO DEMAND FOR ARBITRATION

Pursuant to a Personal Guaranty contained in an Application for Credit signed by David Kayne and dated October 2, 2001, David Kayne is personally responsible for the debts Kayne Art Galleries of Georgia, Inc. ("KAG") incurred to The Thomas Kinkade Company, formerly known as Media Arts Group ("TKC"). KAG owes the following debts to TKC for which Kayne is personally liable.

Subsequent to the execution of the personal guaranty by David Kayne, KAG ordered $623,672 worth of artwork from TKC which TKC delivered to KAG. TKC was never paid for this artwork. Accordingly, TKC initiated an arbitration in late 2002 to collect the debt that was owed. KAG counterclaimed in the arbitration alleging, among many claims, that TKC had committed a fraud, breached its contracts and failed to comply with franchise laws. KAG also sought various off-sets to the amount owed. Ultimately, the panel awarded TKC $588,555 plus various fees and costs associated with the arbitration. The panel also found that KAG was entitled to certain offsets if it returned certain artwork. The award was issued against both KAG and Kayne. The award against KAG was confirmed by Judge Susan Illston of the Northern District of California and KAG did not appeal.[1] Judge Illston entered a judgment against KAG for $631,634.86 on January 10, 2005. This included a total of $554,605 in artwork that was ordered by KAG after October 2, 2001 but never paid for. The remainder of the judgment included fees and costs associated with the arbitration. Pursuant to the terms of the Application for Credit and Personal Guaranty the $554,605 incurs interest at a rate of 18% per year, or $268.57 per day. This debt has been outstanding at least since November 6, 2002, the date TKC sent KAG notice that it was terminating its contracts because of KAG's unpaid balance. As of September 17, 2007, $476,711.75 of interest has accrued on that debt.

The parties agreement also obligates the losing party to pay all costs and expenses, including attorney's fees associated with the arbitration. As of September 17, 2007 TKC has been billed for and/or paid a total of $127,892.50 in fees and costs associated with pursuing this arbitration against Kayne. This amount will increase as it does not include fees and costs associated with future hearings or that have been incurred but not yet billed.

---

[1] Judge Illston, vacated the award against Kayne personally because the arbitration procedures contained in the personal guaranty were not followed. The initial arbitration followed the procedures set forth in a series of Dealer Agreements between TKC and KAG. Consistent with Judge Illston's order, TKC initiated this arbitration pursuant to the arbitration clause in the personal guaranty.

**EXHIBIT 3**

 # GENERAL COUNSEL GROUP

## ATTORNEYS AND COUNSELORS AT LAW

A LIMITED LIABILITY COMPANY OF GARY L. BRITT, CPA, J.D.*

August 13, 2007

**VIA E-MAIL ONLY:**
John J. McCauley, Esq.
8365 North Fresno Street, Suite 110
Fresno, California 93720

Re:    No. 74-181-E-000733-06: The Thomas Kinkade Company v.
       David Kayne.

Dear Mr. McCauley:

I write on behalf of David Kayne and in response to your Scheduling Order dated August 8, 2007. Because of timing constraints, Mr. Coleman and I have agreed that I will respond on this occasion on behalf of Mr. Kayne. I divide my response into two parts: (1) Confirmation of objections (longer form, for the record); and (2) The list that your Scheduling Order requests.

1.    **Confirmation of Objections**

We appreciate your confirming our non-waiver of objections and do not wish to belabor the issue unduly. For the avoidance of any doubt about the scope of our objections, however, we take the liberty of re-stating them here for the purposes of completeness:

As you know and confirmed and accepted (as did opposing counsel) we have continuously asserted numerous objections to this arbitration. Those objections have been continuously asserted and reserved in emails from Gary L. Britt and orally by both Mr. Coleman and myself during telephonic participation in these preliminary phone calls. We participated for the sole purpose of presenting our objections to the arbitration and asserting and reasserting our continuing objections. You were kind enough to summarize our objections in an abbreviated form in the scheduling order you issued. The long form of our objections which are

56 WATERFRONT ST.  ■  TIFTON, GEORGIA 31794  ■  VOICE: (229) 388-0850
EMAIL: glb@gencog.com  ■  FAX: (770) 573-2973 or (229) 382-4515

continuing and fully reserved include, but are not limited to, the following:

   (i)     The authority of the Arbitrator;

   (ii)    The jurisdiction of the Arbitrator and/or the AAA over Kayne;

   (iii)   The AAA acting in any manner as a neutral or facilitator in this matter due to conflicts of interest of the AAA;

   (iv)   The scope of the alleged arbitration clause;

   (v)    The formation and/or existence and/or enforceability of any contract or agreement between TKC and Kayne to arbitrate with respect to the matters for which TKC now seeks arbitration;

   (vi)   The unconscionable nature of the alleged arbitration provisions on their face, including without limitation the substantive and procedural limitations inherent in the "expedited" procedure provisions thereof.

Further, for the record it is necessary for us to confirm that which we have done both orally, in conference calls with you, and in previous writings by Gary L. Britt and Mr. Coleman: We did not and do not agree to the issuance of the scheduling order or any other order in this matter because we contest the jurisdiction, arbitrability, and burdensome and unconscionable nature of these proceedings and the alleged arbitration clause upon which they are based. We did not and do not agree to submit any issue or matter to you or the AAA for decision pending resolution of our properly placed court based objections in the 11th Circuit Court of Appeals and the District Court for the Northern District of California. We did not and do not agree we are bound by any order or decision you may issue over our continuing objections to this entire process and your authority as reasserted herein above.

Without prejudice to these objections, we believe that the proper course of action is for you on your own motion to suspend these proceedings pending a final decision in the 11th Circuit Court of Appeals and a final decision resulting from the actions to be filed in the Northern District of California. Should you proceed, you probably will have to do so without our substantive participation, because should we engage in participation in the arbitration while our court based objections remain unresolved, we might well waive our right to fully and completely contest our court based objections. Should you proceed in this matter over our objections and prior to final resolution of our court based objections, we will be unable to present our non-court based objections to jurisdiction, our defenses based upon fraud, breach of covenants of good faith and fair dealing by TKC, violation of the California Franchise Act by TKC, the Georgia Statute of Frauds, the applicable substantive law that applies to the issuance of any analysis and decision involving these matters, and breach of contract by TKC.

If you move forward in this matter before we can engage in meaningful

GENERAL COUNSEL GROUP
ATTORNEYS AND COUNSELORS AT LAW*

substantive participation (*i.e.*, before final resolution of all court based objections), then you necessarily be doing do so knowing that there are substantive and meaningful defenses and points of law that could have been raised by us in defense, but that will not be raised because to participate in these proceedings before final determination of our court based objections would waive some or all of our rights and objections that are proper for the courts (and not you the arbitrator) to decide.

### 2.    List of Bases on Which Jurisdiction of the Arbitrator May Be Challenged

Without prejudice to the foregoing objections, or to Mr. Kayne's right to elect whether, when and where to present some or all of these objections to a court, following are the objections of which we are presently aware:

(1)    The agreement to arbitrate that TKC seeks to enforce is procedurally and substantively unconscionable. It is procedurally unconscionable because of inequality of bargaining power, failure to make disclosures required by the California Franchise Investment law and common law, as well as fraud in the inducement.  It is substantively unconscionable because (without limitation) the agreement would place David Kayne at an unfair disadvantage by artificially limiting the scope of the hearing so as to deprive him of a fair hearing/due process (including the right to call and cross-examine witnesses), and by requiring that he journey to a distant location (California) to fight with TKC over a personal guarantee he executed in Georgia.

(2)    Fraud in the inducement of both the agreement and the agreement to arbitrate.

(3)    The arguments presently before the 11th Circuit, including lack of consideration, failure of consideration, no agreement to arbitrate, and no agreement to arbitrate this subject matter.

(4)    Laches or delay by TKC in seeking arbitration under this provision, or in the alternative an effective waiver of its right to pursue arbitration.

(5)    Unsuitability of the AAA as a forum.

GENERAL COUNSEL GROUP
ATTORNEYS AND COUNSELORS AT LAW*

Yours very truly,

_____

**GARY L. BRITT**, CPA, J.D.
Attorney for David Kayne

GLB/lb

*Principal Owner – Admitted To Practice Law In The State Of Georgia

cc:   Charles Weir, Esq.
       Charles L. Coleman, III
       David Kayne

### GENERAL COUNSEL GROUP
#### ATTORNEYS AND COUNSELORS AT LAW*



# GENERAL COUNSEL GROUP

## ATTORNEYS AND COUNSELORS AT LAW

A LIMITED LIABILITY COMPANY OF GARY L. BRITT, CPA, J.D.*

August 14, 2007

**VIA E-MAIL ONLY:**
John J. McCauley, Esq.
8365 North Fresno Street, Suite 110
Fresno, California 93720

Re:    No. 74-181-E-000733-06: The Thomas Kinkade Company v.
       David Kayne – Addendum to Yesterday's Letter.

Dear Mr. McCauley:

I refer to my letter to you yesterday on behalf of David Kayne, the contents of which I incorporate by this reference. Please note that we are adding one item to part 2 of my letter ("List of Bases") that was inadvertently left out of yesterday's letter to you, as follows:

(6)    TKC's methods of presenting the "Dealership Agreements" and the purported "Credit Application" with "Personal Guaranty" agreements (including the purported arbitration agreement contained therein), as well as TKC's attempts to enforce them, constitute an unfair, unlawful and/or fraudulent business practice under the California Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*) that should be enjoined.

Thank you for your attention to this matter.

Yours very truly,

*Gary L. Britt*

**GARY L. BRITT**, CPA, J.D.

GLB/lb
*Principal Owner - Admitted To Practice Law In The States Of Georgia And Texas

56 WATERFRONT ST.  ■  TIFTON, GEORGIA 31794  ■  VOICE: (229) 388-0850
EMAIL: glb@gencog.com  ■  FAX: (770) 573-2973 or (229) 382-4515

**EXHIBIT 4**

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Dana N. Levitt, PC
Attorney at Law
dlevitt@mwe.com
310.551.9303

August 16, 2007

**VIA FACSIMILE AND E-MAIL**

John J. McCauley, Esq.
American Arbitration Association
6795 N. Palm Avenue, 2nd Floor
Fresno, CA  93704

Re:   *The Thomas Kinkade Company v. David Kayne*

Dear Mr. McCauley:

We have Mr. Britt's letter to you of August 13, 2007, and his supplement to that letter, dated August 14, 2007. Although Mr. Britt attempts to clarify the nature of the jurisdictional defenses he has frequently hinted at over the past two months, the primary burden of his August 13, 2007, letter is to convince you that the arbitration should be stayed. If you do not capitulate to his demand and stay the arbitration, Mr. Britt claims his client will not participate for fear that he not only will lose his alleged jurisdictional defenses, but will also lose what he claims are "meaningful defenses" based on allegations that The Thomas Kinkade Company ("TKC") committed fraud, breached the covenant of good faith and fair dealing and violated the California Franchise Act, among other purported defenses. He warns you that if you proceed with the arbitration you will ". . . necessarily be doing so knowing that there are substantive and meaningful defenses and points of law that could have been raised by us in defense, . . ." Essentially, Mr. Britt makes an appeal to your conscience by repeating the now tired argument that his client is once again on the verge of being victimized by an unfair proceeding.

Before we get too wound up feeling sorry for Mr. Kayne and the prospect that he may lose his so-called "meaningful defenses," in an arbitration supervised by you, you should know that TKC and Mr. Kayne and Mr. Kayne's Company, Kayne Art Galleries of Georgia, Inc. (Mr. Kayne and his company will hereafter be referred to jointly as "Kayne") have already litigated these issues in a 12-day arbitration before a three-judge AAA arbitration panel in San Francisco in 2004. The Chair of the AAA Panel was a former intermediate California Court of Appeals Justice, Carl West Anderson. Zela G. Claiborne, a long-time AAA arbitrator and Thomas Dandurand, a retired Superior Court Judge, were the other two arbitrators. Kayne was represented by one of the Bay Area's most experienced trial lawyers, Archie Robinson.

In brief, in the San Francisco arbitration, TKC sought to collect more than $600,000 from Kayne for art ordered by Kayne but not paid for. Kayne responded with an aggressive counterclaim. I

U.S. practice conducted through McDermott Will & Emery LLP.

2049 Century Park East Suite 3800 Los Angeles California 90067-3218 Telephone: 310.277.4110 Facsimile: 310.277.4730 www.mwe.com

John J. McCauley, Esq.
August 16, 2007
Page 2

have attached as Exhibit 1 to this letter a copy of the AAA Panel's Reasons For Award and Award. As you can see from page 1 of the Reasons For Award, Kayne claimed in the arbitration that the Dealer Agreement (the contract pursuant to which Kayne purchased art from TKC) was unconscionable. On page 4 of the Reasons For Award, Justice Anderson details the many other claims asserted by Kayne, including claims for breach of the covenant of good faith and fair dealing, unfair competition, antitrust violations, RICO violations, violations of the Federal Trade Commission Rules & Regulations, tortious interference with contract, tortious interference with business relations, illegal termination, unfair trade practices, fraud and violations of the California Franchise Act.

After a full evidentiary hearing involving multiple witnesses and voluminous documents, all of Kayne's claims and defenses were rejected. Among the defenses rejected by the arbitration panel were the very same laundry list of defenses referred to by Mr. Britt in his August 13, 2007 letter. Moreover, to the extent that certain claims or defenses were not raised by Mr. Kayne in the arbitration, they certainly could have been and they are therefore merged and barred in the Award issued by the Panel.

The arbitration panel also found that Mr. Kayne's personal guaranty, the subject of the arbitration pending before you, was binding and enforceable. Accordingly, the panel ordered both Mr. Kayne and his Company to pay TKC more than $600,000.

TKC moved to confirm the award in the District Court for the Northern District of California. Mr. Kayne moved to vacate the award entered against him individually. He argued in his briefs to the District Court that the arbitration panel did not have authority to determine his liability under the personal guaranty because the San Francisco arbitration was instituted pursuant to an arbitration clause in the Dealer Agreements he signed and not pursuant to the arbitration clause in the personal guaranty.

Ultimately, the District Court agreed with Mr. Kayne and vacated the award to the extent it ran against him individually under the personal guaranty. The District Court, however, confirmed the award with respect to Kayne Galleries and thereby confirmed that the arbitration panel had correctly rejected each of Kayne's claims against TKC, including the claims for fraud, for breach of the covenant of good faith and fair dealing and for purported violations of the California Franchise /Act.

Consistent with the District Court's order, TKC initiated this arbitration in July 2006 pursuant to the arbitration provision in the personal guaranty. In so doing, we not only followed the instructions of the District Court, we also followed the arguments made by Mr. Kayne to the District Court.

Despite his arguments to the District Court, Mr. Kayne promptly reversed course when the current arbitration was instituted. He refused to participate and sought to enjoin the arbitration in the District Court in Georgia. As you know, after extensive briefing, each of Mr. Kayne's

John J. McCauley, Esq.
August 16, 2007
Page 3

defenses to the enforcement of the arbitration provision in the personal guaranty were also
rejected and Judge Pannell of the Northern District of Georgia ordered this arbitration to
proceed. There is no court order staying the arbitration.

The bottom line here is that far from Mr. Kayne being the victim of an unfair system, a system
that will not give him the opportunity to raise what he calls "meaningful defenses," Mr. Kayne
has occupied the time and resources of three arbitrators, multiple lawyers and multiple witnesses
for days on end all of which resulted in a complete rejection of those defenses. The truth is Mr.
Kayne has owed TKC over $600,000 for years and years and, in order to avoid satisfying this
obligation, he has become a master manipulator. Because he has no legitimate defenses to the
payment of the debt, he quickly learned his one option was delay and further delay. He has
learned that lesson well.

Under these circumstances, TKC's only alternative is to insist that this arbitration go forward and
go forward promptly. None of the jurisdictional defenses mentioned in Mr. Britt's letter is valid
as they were either specifically rejected by the District Court in the Northern District of Georgia
or they are merged with and barred by that ruling. Nevertheless, we concede that his putative
jurisdictional defenses appear to be attacks on the arbitration provisions themselves.[1] Under
*Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440 (2006), we believe that these are issues
for a court to decide. Mr. Britt does not appear to be willing to waive his right to have a court
review *de novo* any decision that you might reach on these jurisdictional issues. Accordingly, as
Mr. Weir wrote to you in his e-mail of August 10, 2007, we feel compelled to request that you
refrain from deciding Kayne's jurisdictional defenses as it will only force TKC to brief and argue
the issues twice on a *de novo* basis. This is neither fair, nor justified by the law. Of course, if
Mr. Kayne is willing to actually submit these issues to you for decision and agree to be bound by
such decision (subject of course to his right to seek vacatur on the grounds set out in the FAA),
we would prefer that you decide the jurisdictional defenses described by Mr. Britt.[2]

Based on Mr. Britt's letter, however, we do not believe he will agree to allow you to decide these
issues. We therefore see no need for Mr. Kayne to file the brief that is scheduled on August 24,

---

[1] Arguably, Mr. Kayne's letter includes some non jurisdictional defenses. For example, Mr. Kayne appears to
assert that the credit agreement was fraudulently induced. Whether the agreement as a whole was fraudulently
induced is not technically a jurisdictional issue as *Buckeye Check Cashing, Inc.* makes clear. This issue will
ultimately be decided by you, if/when Mr. Kayne presents merit-based defenses. Further, the supplemental letter
provided by Mr. Britt appears to prefigure some sort of 17200 challenge. We cannot decipher the exact nature of the
purported defense, although Mr. Kayne raised and lost unfair competition claims in the San Francisco arbitration.
To the extent Mr. Britt intends the reference to 17200 to be a direct attack on the validity of the arbitration clause
itself, it would appear to be a court issue. If, however, Mr. Britt intends the reference to be a challenge to the
enforcement of the agreement as a whole, it is likely to be something for you to decide if/when Mr. Kayne presents
defenses on the merits.

[2] We do not believe that we can stipulate to have you decide the issues previously decided by Judge Pannell.
Presenting these issues to you after his ruling on the matter would seem to run counter to his order. Accordingly, we
cannot stipulate to have you hear the issues currently pending before the 11th Circuit.

John J. McCauley, Esq.
August 16, 2007
Page 4

2007.  As Mr. Britt notes in his letter, Mr. Kayne will seek whatever relief from a court that he sees fit.  In turn, TKC will seek appropriate sanctions for Mr. Kayne's tactics.  The request for sanctions will be based, among other things, on the fact that the "meaningful defenses" have been raised and lost (or are merged and barred) in the arbitration panel's order or, alternatively, in the decision of Judge Pannell.  At some point, enough is enough.  Mr. Kayne cannot be allowed to re-litigate the same issues again and again.

In conclusion, the issues raised by Mr. Britt's letter should not delay this arbitration any further.  There is no stay in place and there is no justification for ordering a stay.  If Mr. Kayne believes he can convince a court to intervene in this arbitration, he should by all means seek such relief.

Very truly yours,

Dana N. Levitt

DNL/br

Cc:    Gary L. Britt, Esq.
       Charles L. Coleman, III, Esq.
       Deizha R. Arellano, Case Manager/AAA
LAS99 1515123-2.074203.0021

# EXHIBIT 5

# Holland+Knight

Tel  415 743 6900
Fax  415 743 6910

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
www.hklaw.com

Charles L. Coleman, III
Direct Dial: (415) 743-6970
Charles.coleman@hklaw.com

August 24, 2007

**VIA EMAIL ONLY:**
John J. McCauley, Esq.
8365 North Fresno Street, Suite 110
Fresno, California 93720

Re:    No. 74-181-E-000733-06; *The Thomas Kinkade Company v.*
       *David Kayne* – Jurisdictional Issues To Be Presented to the
       Courts.

Dear Mr. McCauley:

   We write on behalf of David Kayne in response to your Scheduling Order of
August 8, 2007.  We begin by referring to Mr. Britt's letters to you of August 13 and
August 14 confirming certain objections and listing bases on which Mr. Kayne believes
your jurisdiction is subject to challenge.  We incorporate the contents of those letters
herein by this reference.

   After considering Mr. Kayne's objections as well as the positions taken by
TKC's counsel in this matter, we have concluded that the only *safe* and appropriate
alternative for Mr. Kayne at this time is to submit all of his objections to the courts.
Accordingly, we must respectfully decline at this time to submit such issues to you,
through a memorandum or otherwise.  We will, as a courtesy, be prepared to
participate in the telephone conference call that has been scheduled on September 4
and expect that by that time we will have filed Mr. Kayne's complaint, a copy of which
we will be pleased to provide to you.

   In the meantime, and without prejudice to Mr. Kayne's objections, we do wish
to respond briefly to Mr. Levitt's letter to you of August 16, in which he suggests that
Mr. Kayne's meaningful defenses (to which Mr. Britt referred in his letter to you of
August 13) were previously addressed and rejected by an earlier arbitral panel that
ruled against Mr. Kayne's company , Kayne Art Galleries of Georgia, Inc. ("KAG").
Mr. Levitt is simply incorrect in this assertion. Mr. Kayne did *not* present *any* of his
*personal* claims or defenses to the arbitral panel that ruled against KAG and its ruling
did not bind him personally.   Judge Illston so found and her decision was affirmed.

John J. McCauley, Esq.
August 24, 2007
Page 2


In order to confirm that Mr. Kayne's personal arguments and defenses were not before, or decided by, the arbitral panel ( a copy of whose decision Mr. Levitt has seen fit to send to you), we attach for your reference (in the accompanying .pdf file) a copy of the Ninth Circuit's Memorandum holding that " . . . the district court correctly held that Kayne did not agree to submit the issue of his personal liability under the contract to the arbitration panel."   To the extent that TKC still contends otherwise, their contention is merely wishful thinking that has been finally rejected by the courts.

Please let us know if you have any questions about the foregoing.  Otherwise, we will plan to speak with you again on September 4 at 10:00 a.m..

Sincerely yours,

HOLLAND & KNIGHT LLP

Charles L. Coleman, III

Attorneys for David Kayne


Enclosure
cc:  (via email only):
        Dana Levitt, Esq.
        Charles E. Weir, Esq.
        Gary Britt, Esq.

# 4755864_v1

**FILED**

NOT FOR PUBLICATION

MAY 24 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE THOMAS KINKADE COMPANY, formerly known as Media Arts Group, Inc., a Delaware corporation, | No. 05-15245 |
| | D.C. No. CV-04-00186-SI |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| DAVID KAYNE, an individual; TRACEY KAYNE, an individual; KAYNE ART GALLERIES OF GEORGIA, INC., a Georgia corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Argued and Submitted April 20, 2007
San Francisco, California

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS[**], District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

The Thomas Kinkade Company ("TKC") appeals the district court's vacation of an arbitration award in its favor and against David Kayne personally. TKC initiated arbitration against Kayne Art Galleries ("KAG") to recover money owed under an agreement to sell Thomas Kinkade's artwork. David Kayne signed the agreement in his capacity as president of KAG, but not in his personal capacity.

The district court correctly determined that the arbitration panel exceeded the scope of its authority by determining in the first instance that the issue of Kayne's personal liability was arbitrable. When parties have not clearly and unmistakably agreed to allow an arbitration panel to decide whether it has jurisdiction to arbitrate a particular issue, the court must presume that the parties did not so agree. First Options of Chicago v. Kaplan, 514 U.S. 938, 943-44 (1995). Moreover, the district court correctly held that Kayne did not agree to submit the issue of his personal liability under the contract to the arbitration panel. In his answer to the demand for arbitration, Kayne expressly denied any personal obligation which necessarily included any agreement to arbitrate and stated that he acted only in a corporate capacity. He did not agree to submit the issue to the arbitrator. See Ralph Andrews Production, Inc. v. Writers Guild of Am. West, 938 F.2d 128 (9th Cir. 1991).

2

AFFIRMED.

**United States Court of Appeals for the Ninth Circuit**
**Office of the Clerk**
95 Seventh Street, San Francisco, California 94103

**General Information**
**Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the file stamp date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1, 2)**
- The mandate will issue seven (7) calendar days after the expiration of the time for filing a petition for rehearing or seven (7) calendar days from the denial of a petition for rehearing, unless the court directs otherwise. If a stay of mandate is sought, an original and four (4) copies of the motion must be filed. The mandate is sent only to the district court or agency, we do not provide a copy to the parties.

**Publication of Unpublished Disposition (9th Cir. R. 40-2)**
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency, or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to 4)**

**(1)    A.    Purpose (Panel Rehearing):**
- A petition for panel rehearing should only be made to direct the Court's attention to one or more of the following situations:
    - A material point of fact or law overlooked in the decision;
    - A change in the law which occurred after the case was submitted and which appears to have been overlooked by the panel;
    - An apparent conflict with another decision of the court which was not addressed in the opinion.
- Petitions which merely reargue the case should not be filed.

**B.     Purpose (Rehearing En Banc)**

- Parties should seek en banc rehearing only if one or more of the following grounds exist:
  - ▸ Consideration by the full court is necessary to secure or maintain uniformity of its decisions; or
  - ▸ The proceeding involves a question of exceptional importance; or
  - ▸ The opinion directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)     Deadlines for Filing:**

- ▸ A petition for rehearing may be filed within fourteen (14) days from entry of judgment. Fed. R. App. P. 40 (1)
- ▸ If the United States or an agency or officer thereof is a party in a civil appeal, the time for filing a petition for rehearing is 45 days from entry of judgment. Fed. R. App. P. 40 (1)
- ▸ If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- ▸ *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- ▸ *See 9th Cir. R. 40-2* (motion to publish unpublished disposition)

**(3)     Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)     Form & Number of Copies**

- The format is governed by 9th Cir. R. 40-1 and Fed. R. App. P. 32(c)(2).
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If an unrepresented litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.
- The petition or answer must be accompanied by a certificate of compliance found at Form 11.

- If a petition for panel rehearing does not include a petition for rehearing en banc, the movant shall file an original and 3 copies.
- If the petition for panel rehearing includes a petition for rehearing en banc, the movant shall file an original and 50 copies.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The bill of costs must be filed within 14 days after entry of judgment.
- See attached form for additional information.

## Attorney's Fees

- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- Any relevant forms are available on our website www.ca9.uscourts.gov or by telephoning 415 355-7806.

## Petition for Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please notify **in writing within 10 days:**
  - West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor), and
  - Clerk, U.S. Court of Appeals; PO Box 193939; San Francisco, CA 94119-3939 (Attn: Opinions Clerk).

**Form 10.  Bill of Costs**

## United States Court of Appeals for the Ninth Circuit

### <u>BILL OF COSTS</u>

**<u>Note</u>:**  If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1.  A late bill of costs must be accompanied by a motion showing good cause.  Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

_____ v. _____         CA No. _____

The Clerk is requested to tax the following costs against:_____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| | | | TOTAL | $ | | | TOTAL | $ |

**Form 10. Bill of Costs -** *Continued*

**Other:**   Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1.  Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less.  Circuit Rule 39-1.

_____

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: _____
Date: _____

Name of Counsel (printed or typed): _____
Attorney for: _____

_____

Date: _____   Costs are taxed in the amount of $_____

Clerk of Court
By: _____, Deputy Clerk

_____

**EXHIBIT 6**

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

|  |  |  |
|---|---|---|
| The Thomas Kinkade Company | ) | No. 74-181-E-000733-06 |
| Claimant, | ) | |
| and | ) | Scheduling Order |
| | ) | |
| David Kayne | ) | |
| Respondent | ) | |
| | ) | |

A telephonic hearing regarding the issue of setting a hearing in the above-captioned matter came on in the regular course on September 4, 2007.  Counsel for both parties appeared, with counsel for Kayne making a special appearance only, expressly (1) reserving all rights he may have to seek *from a court* either relief from the obligation to arbitrate the matter or a stay of arbitration *pendente lite, and* (2) refraining from requesting of the arbitrator such relief or stay.

Accordingly, the only cognizable facts before the arbitrator were the following: an order to compel arbitration in this matter has been issued by the Federal District Court for the District of Georgia; that Court is a court of competent jurisdiction over this matter; its order has been appealed; but no stay of that order pending appeal has been issued.

The law is clear that, absent a stay, a District Court order remains in effect pending appeal.  In particular, the mere existence of the appeal does not alter the obligation of the parties to comply fully and immediately with the order.

On this basis, the arbitrator has determined that the arbitration must proceed forthwith. The arbitrator expressly refrains from reaching that conclusion on any other basis.

The hearing in this matter shall take place on October 16, 2007, commencing at 9:00 am Pacific Time. Counsel for Mr. Kayne has indicated that it is not Mr. Kayne's current intention to participate in the hearing, either directly or through counsel, in which case the hearing shall be in the nature of a prove-up hearing. Mr. Kayne is directed to provide reasonable notice in the event that there is any change of that intention. Absent good cause shown, any notice provided after October 2, 2007, shall be deemed unreasonable.

The location of the hearing is currently set for an indeterminate location in Santa Clara County, California. The final determination of the location, including the final determination whether it takes place in Santa Clara County at all, shall be postponed pending the final determination of whether Mr. Kayne will be attending the hearing.

A final telephonic status conference in this matter shall be set for October 3, 2007 at 9:00 am Pacific Time. Counsel for both parties are directed to contact the Case Manager immediately in the event that this specified time period is incompatible with a significant prior commitment they may have.


SO ORDERED.


Date: September 12, 2007

                                                    _____
                                                    John J. McCauley
                                                    Arbitrator


2.                          No. 74-181-E-000733-06
                              Scheduling Order