FILE COPY

1  MATTHEW P. VAFIDIS (SBN 103578)
   CHARLES L. COLEMAN, III (SBN 65496)
2  CHUNG-HAN LEE (SBN 231950)
   HOLLAND & KNIGHT LLP
3  50 California Street, 28th Floor
   San Francisco, California  94111
4  Telephone: (415) 743-6900
   Facsimile: (415) 743-6910
5
   Attorneys for Defendants
6  DAVID KAYNE, TRACY KAYNE, and
   KAYNE ART GALLERIES OF GEORGIA, INC.
7
8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 THE THOMAS KINKADE COMPANY, )   No. CV-04-0186-MISC (SI)
   formerly known as MEDIA ARTS   )
12 GROUP, INC., a Delaware Corporation, )   DEFENDANTS' MEMORANDUM IN
                                  )   OPPOSITION TO PLAINTIFF'S
13            Plaintiff,          )   MOTION TO CONFIRM
                                  )   ARBITRATION AWARD
14     vs.                        )
                                  )   Date:   January 7, 2005
15 DAVID KAYNE, an individual; TRACY )   Time:   9:00 a.m.
   KAYNE, an individual; and KAYNE )   Before: Hon. Susan Illston
16 ART GALLERIES OF GEORGIA, INC., )
   a Georgia corporation,         )
17                                )   [[ PROPOSED] ORDER,
            Defendants.           )   DECLARATION OF DAVID KAYNE,
18                                )   AND DEFENDANTS' NOTICE OF
                                  )   MOTION AND MOTION TO VACATE
19                                )   OR MODIFY AWARD PURSUANT TO
                                  )   9 U.S.C. §§ 10 and 11 ARBITRATION
20                                )   AWARD FILED CONCURRENTLY
                                  )   HEREWITH]
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 62
0032

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. FACTUAL BACKGROUND ................................................................................. 3

    A.  The Arbitration Clause in the Dealer Agreements Between the Kinkade Company and Kayne Art Galleries.................................. 3

    B.  The Separate "Application for Credit" ................................................ 4

    C.  Arbitration Proceedings Under the Dealer Agreements .................... 5

III. LEGAL ARGUMENT ...................................................................................... 7

    A.  Vacating or Modifying an Arbitration Award Is Proper Under the Federal Arbitration Act Where the Arbitration Panel Exceeded its Authority and Ruled Against a Person, and on a Matter, Not Properly Before It. ................................... 7

    B.  The Arbitration Panel Exceeded Its Authority by Finding David Kayne Individually Liable for the Debts of Kayne Art Galleries.................................................................... 10

        1.  David Kayne Was Not Bound Individually by the Dealer Agreements, and the Arbitration Panel Did Not So Find. ................................................................. 10

        2.  The "Personal Guaranty", on Which the Dealer Arbitration Panel Relied as the Sole Basis for David Kayne's Liability, Was Part of a Corporate "Application for Credit" Form that Was Separate and Independent from the Dealer Agreements; Moreover, the "Application for Credit" Was Never Accepted or Acted upon by the Kinkade Company and it Provided for a Different Arbitration Process that Has Never Been Invoked. ............................ 11

        3.  The Cost Awards Against David Kayne in the Arbitrators' Decision Should Be Vacated and Reversed........................................................... 13

IV. CONCLUSION ............................................................................................. 15

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

i

Exhibit 6
Page 63

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

0033

## TABLE OF AUTHORITIES

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**Page**

### FEDERAL CASES

*Bruce Hardwood Floors v. UBC, Southern Council of Industrial Workers*, 103 F.3d 449

(5th Cir. 1997)........................................................................................................9

*E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)

(2002)........................................................................................................8

*Eljer Manufacturing, Inc. v. Kowin Development Corp.*, 14 F.3d 1250 (7th Cir. 1994)............8, 9

*French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902 (9th Cir. 1986) ................12

*Homestead Lead Co. of Missouri v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131 (N.D.

Cal. 2003)........................................................................................................9

*International Ambassador Programs, Inc. v. Archexpo*, 68 F.3d 337 (9th Cir. 1995)...................9

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983)................9

*Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299

(2nd Cir. 1963).......................................................................................8, 11

*Rodriguez de Quijas v. Shearson/America Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104

L.Ed.2d 526 (1989)........................................................................................12

*Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) .......................................12

### FEDERAL STATUTES

9 U.S.C. § 9 ........................................................................................................6

9 U.S.C. § 10 ........................................................................................................6, 7

9 U.S.C. § 11 ........................................................................................................6, 7

### STATE STATUTES

Cal. Civ. Code § 2792........................................................................................14

Exhibit 6
Page 64

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

0034

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This matter arises out of an arbitration conducted pursuant to a series of written contracts (Dealer Agreements) between the Thomas Kinkade Company, formerly known as Media Arts Group, Inc., a Delaware corporation ("the Kinkade Company") and Kayne Art Galleries of Georgia, Inc., a Georgia corporation ( "Kayne Art Galleries").   David Kayne, an individual, was *never a party* to the Dealer Agreements under which the arbitration was conducted, nor was he ever a party to the contractual commitments under the Dealer Agreements that gave rise to the claims and counter-claims between the Kinkade Company and the Kayne Art Galleries that were properly before the arbitration panel.  *See*  Declaration of David Kayne ("Kayne Dec."), ¶ 3 and the arbitration panel's Reasons for Award (Exhibit D to the Kayne Dec.), at ¶ 6.

David Kayne never agreed to become a party to, or to be bound by, the arbitration under the Dealer Agreements between the Kinkade Company and Kayne Art Galleries.  To the contrary, he clearly objected to being treated as a party to the arbitration proceedings.  Kayne Dec., ¶ 4 and Exhibit B thereto.  Nevertheless, and over his objection, he was named as an individual party to the arbitration between the Kinkade Company and the Kayne Art Galleries and was subsequently found to be personally liable to the Kinkade Company by the arbitrators.

The arbitration panel provided no justification under the Dealer Agreements for finding David Kayne (a non-party) individually liable for the debts of Kayne Art Galleries, Inc..   Instead, the *sole* purported basis for an individual award against David Kayne in the Dealer Agreements arbitration is restricted to the following two sentences in ¶ 6 of the arbitration panel's Reasons for Award (Exhibit D to the Kayne Dec.), which make passing mention of a "personal guarantee" that was embedded in a separate corporate "Application for Credit" form that was once submitted to the Kinkade Company by Kayne Art Galleries, but never accepted or acted upon by the Kinkade Company:

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 65

-1-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"David Kayne signed a personal guarantee on October 2, 2001 in applying for a greater amount of credit (see Ex. 76), verified his signature on cross-examination and admitted that he "now" understands his obligation. He is, therefore, liable on this judgment together with Corporate Respondent Kayne Art galleries of Georgia, Inc., jointly and severally."

In making the foregoing finding, the arbitration panel clearly exceeded its authority in several ways. First, David Kayne never agreed to submit the supposed issue of his alleged personal liability under the "personal guarantee" within the corporate "Application for Credit" to the Dealer Agreement arbitration panel for decision, and indeed this issue was not even part of the Kinkade Company's arbitration demand under the Dealer Agreements. *See* Kayne Dec., ¶ 4. Second, the "Personal Guaranty" was only submitted as part of an "Application for Credit" form by Kayne Art Galleries that was never accepted or otherwise acted upon by the Kinkade Company, and accordingly the Personal Guaranty and related arbitration provision *never came into effect* as a binding commitment supported by consideration. *See* Kayne Dec., ¶¶ 6-7 and Exhibit C. Third, even if the "Personal Guaranty" incorporated in the corporate "Application for Credit" were to be treated as being part of an agreement with Kayne Art Galleries, this would have been a *separate* agreement that had a *different* and *separate* arbitration provision (calling for expedited procedures before a single arbitrator) that has never been invoked. *See* Kayne Dec., ¶¶ 5 and 8, and Exhibit C.

For the foregoing reasons, "the arbitrators exceeded their powers" under the Dealer Agreements between the Kinkade Company and the Kayne Art Galleries within the meaning of 9 U.S.C. ¶10(a)(4) when they purported to make a binding finding of personal liability against David Kayne based on the "personal guaranty" paragraph within an "Application for Credit" form that was neither accepted nor acted upon by the Kinkade Company, nor was it properly before the arbitrators under the Dealer Agreements. Accordingly, the motion of plaintiff Kinkade Company to confirm the arbitration award against David Kayne individually should be denied, and the motion of David Kayne and Kayne Art Galleries to vacate or modify the award so as

-2-

1    to exclude David Kayne as an individual party to the arbitration award should be
2    granted.

3            II.    **FACTUAL BACKGROUND**

4    A.    **The Arbitration Clause in the Dealer Agreements Between**
5          **the Kinkade Company and Kayne Art Galleries**

6            Defendant Kayne Art Galleries entered into a series of Signature Dealer
7    Agreements ("Dealer Agreements") with the plaintiff The Thomas Kinkade Company
8    beginning in November, 1998 and ending in November, 2001.  Each of these Dealer
9    Agreements contained the same arbitration provision, which provided as follows:

10           22.    Arbitration

11           THE PARTIES AGREE THAT ALL DISPUTES BETWEEN THEM
      SHALL FIRST BE SUBMITTED FOR INFORMAL RESOLUTION TO
12    THEIR CHIEF EXECUTIVE OFFICERS, OR IF NO CHIEF
      EXECUTIVE OFFICER, TO THE OWNERS.  ANY REMAINING
13    DISPUTE SHALL BE SUBMITTED TO A PANEL OF THREE (3)
      ARBITRATORS WITH EACH PARTY CHOOSING ONE (1) PANEL
14    MEMBER, AND THE THIRD PANEL MEMBER BEING CHOSEN BY
      THE FIRST TWO (2) PANEL MEMBERS.  THE PROCEEDINGS
15    SHALL BE CONDUCTED IN ACCORDANCE WITH THE
      COMMERCIAL ARBITRATION RULES OF THE AMERICAN
16    ARBITRATION ASSOCIATION.  THE AWARD OF THE
      ARBITRATORS SHALL INCLUDE A WRITTEN EXPLANATION OF
17    THEIR DECISION.  THIS ARBITRATION PROCEEDING WILL BE
      BINDING UPON THE PARTIES.

18

19
20    David Kayne signed each of the Dealer Agreements in his representative capacity as

21    President of Kayne Art Galleries and never signed or entered into the Dealer
22
      Agreements in his individual capacity.  *See* Kayne Dec., ¶ 3 and Exhibit A thereto.
23
      Accordingly, David Kayne was not one of "the parties" referenced in the foregoing
24
      arbitration clause, and the arbitrators made no finding that he was one of the parties
25
      to the Dealer Agreements. *See* Reasons for Award (Exhibit D to the Kayne Dec.), at
26
      ¶ 6.
27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 67

-3-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION          Case No. CV-04-0186-MISC(SI)
TO CONFIRM ARBITRATION AWARD

0037

**B.**    **The Separate "Application for Credit"**

On October 2, 2001, and on behalf of Kayne Art Galleries, David Kayne signed a corporate "Application for Credit" form that was submitted to the Kinkade Company in support of an increase in Kayne Art Galleries' credit limit with the Kinkade Company.  No such increase was ever granted.  Kayne Dec., ¶¶ 6, 7. As part of this never-accepted corporate credit application by Kayne Art Galleries, David Kayne executed a paragraph entitled "Personal Guaranty" that included a provision incorporating the arbitration clause set out in the corporate Application for Credit. The arbitration clause contained in the Application for Credit stated:

> DISPUTES: ANY DISPUTE OR CONTROVERSY ARISING FROM THIS AGREEMENT WILL BE RESOLVED BY ARBITRATION BY THE AMERICAN ARBITRATION ASSOCIATION AT SANTA CLARA COUNTY, CALIFORNIA.  THE LANGUAGE OF THE ARBITRATION SHALL BE ENGLISH.  THE NUMBER OF THE ARBITRATORS SHALL BE ONE.  THE PARTIES AGREE THE AMERICAN ARBITRATION ASSOCIATION'S EXPEDITED RULES SHALL APPLY AND THEY WAIVE ALL RIGHT TO ANY HEARING REQUIRING WITNESS PRODUCTION.  THE ARBITRATOR SHALL ISSUE AN AWARD BASED UPON THE WRITTEN DOCUMENTARY EVIDENCE SUPPLIED BY THE PARTIES.  THE ARBITRATOR'S AWARD SHALL BE BINDING AND FINAL.  THE LOSING PARTY SHALL PAY ALL ARBITRATION EXPENSES, INCLUDING ALL ATTORNEY'S FEES.

Kayne Dec., Exhibit C, page 2.  The "Personal Guaranty" on the same page, signed by David Kayne, provides that: "AS GUARANTOR, [illegible] ALSO BOUND BY THE ABOVE ARBITRATION CLAUSE."  Thus, the "Personal Guaranty" contained in the corporate "Application for Credit" on which the Dealership Agreement arbitration panel relied, in fact provided a single-arbitrator process that is distinct and separate from the arbitration provision in paragraph 22 of the Dealer Agreements.  The single-arbitrator arbitration process set out in the Credit Application and incorporated by reference in the Personal Guaranty has *never been invoked*.  Kayne Dec., ¶ 8.

Moreover, *no action* was ever taken by the Kinkade Company to accept the Application for Credit (and its attendant Personal Guaranty) submitted to it.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 68

-4-

1  Specifically, there was no increase in the credit limit of Kayne Art Galleries in
2  response to the Application for Credit, nor was any other consideration provided to
3  support the alleged "personal guaranty" that accompanied Kayne Art Galleries' never-
4  accepted corporate "Application for Credit". Kayne Dec., ¶¶ 6-7. Accordingly, there is
5  no basis from which the arbitrators could conclude that the "Personal Guaranty"
6  paragraph incorporated within the corporate "Application for Credit" ever became
7  operative or binding, and certainly no such basis was ever submitted to, much less
8  relied upon, by the arbitration panel. *See* Kayne Dec., ¶¶ 6, 7 and ¶ 6 of the
9  arbitration Panel's Statement of Reasons (Exh. D to the Kayne Dec.).

10  ### C.    Arbitration Proceedings Under the Dealer Agreements

11
12      Following the execution of the Dealer Agreements, the dealer relationship
13  between the Kinkade Company and Kayne Art Galleries deteriorated. The Kinkade
14  Company filed a Demand for Arbitration on December 10, 2002, seeking the invoice
15  price of the art ordered by Kayne Art Galleries but not paid for and asserting a claim
16  for trademark infringement. The Demand for Arbitration filed by the Kinkade
17  Company invoked only the Dealership Agreement as the basis for arbitration, and the
18  Kinkade Company neither invoked nor included as an Exhibit to its Demand for
19  Arbitration the Application for Credit and the accompanying Personal Guaranty as an
20  issue for the arbitration. *See* Kayne Dec., ¶ 8.      As part of the arbitration
21  proceedings, the Kinkade Company sought to hold David Kayne individually liable for
22  the debt of Kayne Art Galleries. However, from the outset of the arbitration
23  proceedings, David Kayne denied any individual liability for the debts of Kayne Art
24  Galleries, Inc.. Kayne Dec. ¶ 4 and Exhibit B thereto. Specifically, in the first
25  paragraph of the Answering Statement in the arbitration proceedings, David Kayne
26  stated:

27      Respondents David Kayne and Tracey [*sic*] Kayne categorically deny any
28      liability, responsibility or obligation to claimant in their individual
        capacity because they have never entered into any agreement

Exhibit 6
Page 69

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-5-

1   individually with claimant. At all pertinent times they acted only in a
    corporate capacity as to claimant, and are entitled to the fiduciary shield
2   doctrine herein. Alternatively, individual Respondents adopt the
3   allegations of corporate Respondents in these proceedings.

4   Answering Statement, ¶ 1 (attached as Exhibit B to the Kayne Dec.).

5       The arbitration hearing took place on February 23, 24, 25, 26, and 27, 2004 and

6   May 5, 6, 7, 12 and 13, 2004, and on July 6, 2004, the panel issued its "Reasons for

7   Award." Despite David Kayne's objections in his Answering Statement and despite

8   the clear lack of any basis for addressing the "Personal Guaranty" provisions of the

9   corporate "Application for Credit" in the Dealer Agreement proceedings, the Dealer

10  Agreement arbitration panel nevertheless found David Kayne to individually liable for

11  the debts of Kayne Art Galleries, Inc. not as a party, but instead as a personal

12  guarantor under the "Application for Credit". The arbitration panel explained the

13  basis for holding David Kayne personally liable in their Reasons for Award as follows:

14
        David Kayne signed a personal guarantee on October 2, 2001 in applying
15      for a greater amount of credit [], verified his signature on cross-
        examination and admitted that he "now" understands this obligation. He
16      is, therefore, liable on this judgment together with Corporate Respondent
        Kayne Art Galleries of Georgia, Inc., jointly and severally.
17

18  Reasons for Award (Exhibit D to the Kayne Dec.), ¶ 6.

19      Following the issuance of the Final Arbitration Award on August 27, 2004,

20  plaintiff moved to confirm the arbitration award pursuant to 9 U.S.C. § 9. Defendants

21  David Kayne and Kayne Art Galleries object to confirmation of the arbitration award

22  with respect to the individual liability of David Kayne and respectfully move the Court

23  to vacate or modify the portion of the arbitration award holding him individually liable

24  pursuant to 9 U.S.C. §§ 10, 11.

25  //

26  //

27  //

28  //

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 70

-6-

### III.    LEGAL ARGUMENT

A.    <u>Vacating or Modifying an Arbitration Award Is Proper Under the Federal Arbitration Act Where the Arbitration Panel Exceeded its Authority and Ruled Against a Person, and on a Matter, Not Properly Before It.</u>

Defendants urgently request that the court either vacate or modify the arbitration award made against David Kayne in his individual capacity because the arbitration panel clearly exceeded its powers by ruling against a party, and on matters, that were not properly before the panel.   Specifically, defendants move to vacate that portion of the arbitration award entered against David Kayne individually pursuant to Section 10(a)(4) of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4), which provides, in relevant part:

> In any of the following cases the United States court in and for the district in wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
> *        *        *
>
> (4)    Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Alternatively, defendants move to modify or correct that portion of the arbitration award entered against David Kayne individually pursuant to Section 11(b) of the Federal Arbitration Act, 9 U.S.C. § 11(b), which provides, in relevant part:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration
>
> *        *        *
>
> (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 71

-7-

The U.S. Supreme Court has stated unequivocally that federal courts must "look first to whether parties agreed to arbitrate a dispute, not to general policy goals, to determine the scope of the agreement." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The Supreme Court goes on to warn that courts should "not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract" and that "[a]rbitration under the FAA is a matter of consent, not coercion." *Id.* Consequently, in *Waffle House*, the Supreme Court held that a contract cannot bind a non-party to the agreement and found that an arbitration provision provided in an employment agreement between an employer and an employee did not bar the Equal Employment Opportunity Commission (EEOC) from bringing an enforcement action on behalf of the employee since the EEOC was not a party to the arbitration agreement.

Federal courts have made similar rulings in vacating or modifying an arbitration award where the dispute or the party was not properly before the arbitration panel. For example, in *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299, 300-301 (2nd Cir. 1963), the court vacated that portion of an arbitration award that held a third party liable when the third party was not a formal signatory to the parties' arbitration clause but was merely (as David Kayne is here) an alleged *guarantor* of one of the contract party's obligations. The court held that the arbitrator exceeded his powers in determining the obligations of a corporation that was clearly not a party to the arbitration proceeding and explained that "a decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator himself but only of the court." *Id.*

Similarly, in *Eljer Manufacturing, Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1256-57 (7th Cir. 1994), the court found that the arbitrator exceeded his powers by awarding one party relief for a loss it had not suffered. The case involved an action

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-8-

1   brought between one joint venturer against a fellow joint venturer and its parent

2   company. The court found that the arbitrator acted outside the scope of the

3   arbitration clause by awarding one joint venturer damages arising out of a transaction

4   between the parent of the second joint venturer and a bank which was completely

5   separate from the agreement containing the arbitration clause. Thus, the court

6   vacated that portion of the arbitrator's award as exceeding the powers delegated to

7   him under the arbitration provision. *Id.*; *see also, Bruce Hardwood Floors, Division of*

8   *Triangle Pacific Corp. v. UBC, Southern Council of Industrial Workers, Local Union*

9   *No. 2713*, 103 F.3d 449 (5th Cir., 1997) (finding that if arbitrator exceeds express

10  limitations of his contractual mandate, judicial deference ends and vacatur or

11  modification of award is an appropriate remedy).

12          The Ninth Circuit does not differ from other circuits in limiting the scope of the

13  arbitrator's award to only those issues that are properly before the arbitrator. For

14  example, in *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464-

15  65 (9th Cir. 1983), the court found the arbitration clause was not designed to cover any

16  disputes between the parties, but, rather, only those relating to the interpretation and

17  performance of the contract itself. As a result, the court found that the various tort

18  claims that were alleged were not proper subjects for arbitration and ruled that the

19  arbitrator's award on those claims will not be given effect by the court. The court

20  reasoned that ruling on those claims clearly exceeded the scope of his authority since

21  it is clearly a matter not within the ambit of arbitration clause. *Id.*; *Int'l Ambassador*

22  *Programs, Inc. v. Archexpo*, 68 F.3d 337 (9th Cir. 1995) (finding that arbitration

23  requirement contained in prior agreement between parties did not apply to

24  subsequent agreement which contained no arbitration clause because the agreements

25  were independent and separate); *Homestead Lead Co. of Missouri v. Doe Run*

26  *Resources Corp.*, 282 F. Supp. 2d 1131 (N.D. Cal. 2003) (noting that an arbitration

27  clause does not govern a dispute based on a subsequent agreement or contract that

28  has no connection to the prior agreement requiring arbitration).

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 73

-9-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**B.**  **The Arbitration Panel Exceeded Its Authority by Finding David Kayne Individually Liable for the Debts of Kayne Art Galleries.**

       **1.**  **David Kayne Was Not Bound Individually by the Dealer Agreements, and the Arbitration Panel Did Not So Find.**

By finding David Kayne individually liable for the debts of Kayne Art Galleries, the arbitrators exceeded their powers, not only by ruling against a person who was not a party to the Dealer Agreements or the arbitrations conducted pursuant to them, but also by ruling on an issue (the "Personal Guaranty" under the separate corporate "Application for Credit") that was not properly before the panel. As in *Orion Shipping* where the court held that the arbitrator exceeded his powers in determining the obligations of a corporation which was clearly not a party to the arbitration proceeding but had guaranteed the obligations of one of the arbitrating parties, the arbitration panel here also exceeded its authority by finding Kayne individually liable pursuant to a separate "personal guaranty" submitted with a credit application. Kayne did not sign the Dealer Agreements in his individual capacity, but signed them in his representative capacity as President of Kayne Art Galleries. Kayne Dec., ¶ 3. While Kayne executed a personal guaranty in a separate "Application for Credit" containing a separate arbitration clause, the arbitration panel had no power to decide the issues related to the Application for Credit or Personal Guaranty.[1] As in *Orion Shipping*, where the court specifically found that "a decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator," the arbitrators in this case clearly ruled against a party and on an issue that was clearly not properly before them. *Orion Shipping*,

---

[1]    Moreover, as noted above, the arbitration panel did not even have any evidence before it to demonstrate that the "Application for Credit" of which the "Personal Guaranty" was a part was ever converted into a binding commitment by acceptance by the Kinkade Company. *See* Kayne Dec., ¶¶ 6-7.

Exhibit 6
Page 74

-10-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

0044

1    312 F.2d at 300-301. Thus, as the court did in *Orion Shipping*, the Court should

2    vacate or modify the portion of the arbitration award involving David Kayne's

3    individual liability for the debts of Kayne Art Galleries. The arbitration panel simply

4    had no authority or basis to decide the issue of David Kayne's individual liability

5    pursuant to a separate corporate "Application for Credit" between the Kinkade

6    Company and Kayne Art Galleries of Georgia, Inc. that was never accepted and which

7    (even if it had been accepted) provided for an entirely separate arbitration process that

8    has never been invoked.

9
10    2.    **The "Personal Guaranty", on Which the Dealer**
            **Arbitration Panel Relied as the Sole Basis for David**
11          **Kayne's Liability, Was Part of a Corporate**
            **"Application for Credit" Form that Was Separate and**
12          **Independent from the Dealer Agreements; Moreover,**
            **the "Application for Credit" Was Never Accepted or**
13          **Acted upon by the Kinkade Company and it Provided**
            **for a Different Arbitration Process that Has Never**
14          **Been Invoked.**
15
16    The sole basis on which the Dealer Agreement arbitration panel purported to

17    find David Kayne individually liable was that he had signed a personal guaranty as

18    part of a separate corporate Application for Credit that was once submitted to the

19    Kinkade Company by Kayne Art Galleries. "Reasons for Award" (Exhibit D to the

20    Kayne Dec.), at ¶ 6. However, the plain language of the Application for Credit – which

21    was never accepted by the Kinkade Company in any event – provides for an

22    arbitration process that is entirely *separate* from, and different than, the process

23    provided under the Dealer Agreements. The Dealer Agreements provided that the

24    arbitration under the Dealer Agreements would proceed before a panel of three

25    arbitrators and would proceed in accordance with the Commercial Arbitration Rules of

26    the American Arbitration Association. *See* Kayne Dec., ¶3 and Exhibit A thereto. In

27    contrast, the credit application provided that arbitrations concerning the personal

28    guaranty would proceed before a single arbitrator in Santa Clara County in

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Exhibit 6
Page 75

-11-

1   accordance with the Expedited Arbitration Rules, would not involve a hearing, and
2   would be decided based solely upon written documentary evidence supplied by the
3   parties. *Compare* Kayne Dec., ¶ 5 and Exhibit C. Thus, the arbitration provision
4   contained in the Credit Application (and referenced in the personal guaranty) clearly
5   contemplated an arbitration process that was different from the arbitration process
6   specified in the Dealer Agreement. The separate arbitration procedures of the Credit
7   Application and accompanying Personal Guaranty – if indeed they were ever triggered
8   by the Kinkade Company's acceptance of the application and extension of additional
9   credit (which they were not)[2] – have never been invoked. Kayne Dec., ¶¶ 6-8. In fact,
10  as evidence that the Credit Application and the accompanying Personal Guaranty was
11  simply a *post hoc* rationale for finding David Kayne personally liable, the Kinkade
12  Company did not even purport to place before the arbitrators in their Demand for
13  Arbitration filed on December 10, 2002 the question of David Kayne's personal
14  liability under the Personal Guaranty. Kayne Dec., ¶ 8.
15      By purporting to decide the enforceability of the "personal guaranty" in a
16  separate "Application for Credit" form, and by purporting to hold David Kayne (a non-
17  party to the Dealer Agreement arbitrations) individually liable for the debts of Kayne
18  Art Galleries solely on the basis of this "personal guaranty" in a Credit Application
19

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

20  [2]    The Dealer Agreement arbitration panel made reference to the "personal guarantee" signed
21  by David Kayne (which was part of the "Application for Credit" submitted to the Kinkade
    Company by Kayne Art Galleries) as the sole basis for its finding of liability against David Kayne
22  individually. "Statement of Reasons", ¶ 6 (within Kayne Dec., Exh. D). The panel did not,
    however, identify *any* factual or legal basis for concluding that the "personal guarantee" within the
23  corporate "Application for Credit" had ever been accepted or relied upon by the Kinkade Company,
    or otherwise made a binding contractual commitment. In this regard, and in addition to being
24  beyond the scope of its authority under the Dealer Agreements, this finding by the arbitration panel
    that David Kayne is individually liable under the Personal Guaranty was in "manifest disregard of
25  the law" and would constitute "a completely irrational award" even if the panel had authority to
    make it. *See See Wilko v. Swan*, 346 U.S. 427, 436 (1953), *overruled on other grounds by*
26  *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477 (1989); *French v. Merrill Lynch,*
    *Pierce, Fenner & Smith, Inc.*, 784 F.2d 902 (9th Cir. 1986). Because the Kinkade Company never
27  accepted Kayne Art Galleries' offer set forth in the corporate Application for Credit by extending
    Kayne Art Galleries additional credit, the "personal guaranty" that formed part of that credit
28  application lacked the required consideration to become enforceable against David Kayne. *See*
    Cal. Civ. Code § 2792.

Exhibit 6
Page 76

-12-

1  form that was never accepted or acted upon by the Kinkade Company, the Dealer

2  Agreement arbitrators reached out and ruled on an issue that was not properly before

3  them, was not fully aired, and over which they had no jurisdiction. In short, the Dealer

4  Agreement arbitration panel exceeded its authority, the sole source of which was

5  paragraph 22 of the Dealer Agreements.

6

7  **3.    The Cost Awards Against David Kayne in the Arbitrators' Decision Should Be Vacated and Reversed.**

8

9      The parties are in substantial agreement as to the amount of the judgment that

10  may properly be entered against the corporate respondent (Kayne Art Galleries, Inc.),

11  *except* to the extent that the arbitrators' award against Kayne Art Galleries, Inc.

12  (because it was "joint and several") included a component of "costs" that were

13  improperly awarded against David Kayne.  For the reasons set out below, defendants

14  respectfully submit that the arbitrators' award should be modified to include the

15  following awards of costs, so as to be consistent with the requested determination that

16  David Kayne could not properly be held individually liable, in the arbitration

17  proceedings, for the obligations of Kayne Art Galleries, Inc.:

18      (a) **Costs to Tracy Kayne:** Costs should be awarded to Tracy Kayne and

19      against the Kinkade Company in the amount of $11,999.67, as ordered by

20      the arbitrators[3] and as requested by the Kinkade Company,[4] and

21      judgment should be entered in her favor in this amount;

22      (b) **Costs to David Kayne:**  Defendants submit that costs in the same

23      amount ($11,999.67) should be awarded to David Kayne and against the

24      Kinkade Company, to reflect the fact that David Kayne was in the same

25      position as Tracy Kayne (an individual not properly a party defendant

26

27  _____

28  [3]    Award (Exhibit E to the Kayne Dec.) at ¶ 1.
     [4]    *See* plaintiff Kinkade Company's Motion To Confirm Arbitration Award at pages 7-8.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-13-

the Dealer Agreement arbitration), and judgment should be entered in his favor in this amount;

**(c) <u>Adjustment to Cost Award Against Kayne Art Galleries, Inc.</u>:**
The Award, at ¶ 6, directs that "Respondents David Kayne and Kayne Art Galleries of Georgia, Inc. shall pay to Claimant the sum of $35,879.86 on account of costs." Because the Award lumps together the costs of David Kayne and the costs of Kayne Art Galleries of Georgia, Inc., there is no ready method for the Court to allocate these based on the present record. In these circumstances, defendants submit that it would be appropriate simply to deduct $11,999.67 from this joint cost award and to direct that this amount instead be awarded to David Kayne.

**(d) <u>Agreed Credit of $31,950 for Return of "Victorian Christmas"</u>:**
Paragraph 2 of the Award provides for a credit in the amount of $31,950 on condition that the "Victorian Christmas" image be returned to the Kinkade Company within 30 days of the award. This was done by Kayne Art Galleries,[5] and plaintiff has evidently agreed in its motion papers that the reduction of $31,950 is appropriate.[6]

Based on the foregoing, defendants David Kayne, Tracy Kayne and Kayne Art Galleries of Georgia, Inc. request that the Court modify the arbitration Award so as to result in the entry of judgment as follows: (1) In favor of Tracy Kayne and against the Kinkade Company in the amount of $11,999.67; (2) In favor of David Kayne and against the Kinkade Company in the amount of $11,999.67; and (3) In favor of the

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

---

[5]  *See* Kayne Dec., ¶ 10 and Exhibit F thereto.

[6]  Plaintiff's motion, at page 7, line 24, seeks "the amount of $631,634.86". This amount reflects the principal debt of $588,555.00 (Award, ¶ 2), *minus* a credit of $31,950.00 (*id.*), *plus* costs of $35,879.86 (Award, ¶ 6), *plus* $39,150.00 in advanced arbitration expenses (Award, ¶ 7).

-14-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

Exhibit 6
Page 78
0048

1  Kinkade Company and against Kayne Art Galleries of Georgia, Inc. only, in the
2  amount of $619,635.19[7] and enjoining its use of "Thomas Kinkade Signature Gallery".
3

### IV.    CONCLUSION

5      The arbitration panel appointed pursuant to the Dealer Agreements between
6  the Kinkade Company and Kayne Art Galleries, Inc. clearly exceeded its authority by
7  purporting to find that David Kayne (a non-party to the Dealer Agreements) was
8  personally liable to the Kayne Art Galleries under a "Personal Guaranty" that was
9  part of a separate "Application for Credit" that was not part of the Dealer Agreements,
10 was never accepted, and which incorporated a wholly separate (and unused) arbitral
11 process. Accordingly, the Court should deny plaintiff's Motion to Confirm Arbitration
12 Award and vacate or modify that portion of the arbitration award under the Dealer
13 Agreements that purported to find David Kayne to be individually liable. The Court
14 should make corresponding adjustments in the costs awards to reflect the foregoing.
15 The Court is empowered to vacate or modify the arbitration award pursuant to 9
16 U.S.C. §§ 10 and 11. A proposed form of Order modifying the arbitration award
17 accompanies this memorandum.

18 Dated: November 23, 2004              Respectfully submitted,
19
20                                        HOLLAND & KNIGHT LLP
21
22                                        _____
                                          Matthew P. Vafidis
23                                        Charles L. Coleman, III
                                          Chung-Han Lee
24
25                                        Attorneys for Defendants DAVID KAYNE,
                                          TRACY KAYNE, and KAYNE ART
26                                        GALLERIES OF GEORGIA, INC.
27
28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

---

[7]    The difference between this amount and the $631,634.86 sought by the Kinkade Company is $11,999.67, which represents the amount of costs that should be awarded *to* David Kayne individually, and not *against* David Kayne and Kayne Art Galleries, jointly and severally.

-15-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONFIRM ARBITRATION AWARD

Case No. CV-04-0186-MISC(SI)

Exhibit 6
Page 79

0049

**PROOF OF SERVICE**

1

2       I, the undersigned, hereby declare that I am over the age of 18 years and not a party to the
above-captioned action and that my business address is 50 California Street, 28th Floor, San
3    Francisco, CA 94111.

4       On November 23, 2004, the following document(s) were served:

5       1.      **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
                MOTION TO CONFIRM ARBITRATION AWARD**
6       2.      **PROOF OF SERVICE**

7    on the party to this action at the following address:

8    ALSCHULER GROSSMAN STEIN & KAHAN LLP
     Dana N. Levitt
9    Peter F. Smith
     The Water Garden
10   1620 26th Street
     Fourth Floor, North Tower
11   Santa Monica, CA 90404-4060
     Telephone: 310-907-1000
12   Facsimile: 310-907-2000
13

14   ☒       **(BY FED EX)** Following ordinary business practices, I placed the document for
             collection and Fed Ex delivery at the offices of Holland & Knight LLP, 50 California
15           Street, Suite 2800, San Francisco, California 94111. I am readily familiar with the
             business' practice for collection and processing of correspondence for delivery by Fed
16           Ex, and, in the ordinary course of business, such correspondence would be deposited with
             Fed Ex on the day on which it is collected at the business.
17

18   ☐       **(BY EMAIL):** I caused a true and correct copy of each document to be emailed to the
             addressee as follows:
19   ☐       **(BY FACSIMILE):** I caused a true copy of each document(s) to be transmitted by fax to
             the addressee(s) at the fax number(s) noted above. The fax machine used complied with
20           California Rules of Court §2003(3) and no error was reported.
     ☐       **(BY UNITED STATES POSTAL SERVICE):** By placing a true copy thereof in sealed
21           envelopes and causing them to be deposited in the mail at San Francisco, California. The
             envelopes were mailed with postage thereon fully prepaid. I am readily familiar with our
22           firm's practice of collection and processing correspondence for mailing. It is deposited
             with the U.S. Postal Service on that same day in the ordinary course of business. I am
23           aware that on motion of party served, service is presumed invalid if postal cancellation
             date or postage meter date is more than one day after date of deposit for mailing affidavit.
24

25       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct of my own personal knowledge, and that I executed this document
26   on November 23, 2004 at San Francisco, California.

27                                                    _____
28   # 2378679_v2                                              Sophia L. Troosh

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111-4624
Tel: (415) 743-6900
Fax: (415) 743-6910

Proof of Service                                        Case No. CV-04-0186 MISC (SI)

Exhibit 6
Page 80                              0050

11/22/04  (P)

FILE COPY

RECEIVED

NOV 2 4 2004

ALSCHULER GROSSMAN
STEIN & KAHAN LLP

1  MATTHEW P. VAFIDIS (SBN 103578)
   CHARLES L. COLEMAN, III (SBN 065496)
2  CHUNG-HAN LEE (SBN 231950)
   HOLLAND & KNIGHT LLP
3  50 California Street, 28th Floor
   San Francisco, California 94111
4  Telephone: (415) 743-6900
   Facsimile: (415) 743-6910
5
   Attorneys for Defendants
6  DAVID KAYNE, TRACY KAYNE, and
   KAYNE ART GALLERIES OF GEORGIA, INC.
7

8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  THE THOMAS KINKADE COMPANY,          )   No.  CV-04-0186-MISC (SI)
    formerly known as MEDIA ARTS GROUP,  )
14  INC., a Delaware Corporation,        )
                                         )   DECLARATION OF DAVID KAYNE IN
15              Plaintiff,               )   OPPOSITION TO PLAINTIFF'S MOTION
                                         )   TO CONFIRM ARBITRATION AWARD
16        vs.                            )   AND IN SUPPORT OF DEFENDANTS'
                                         )   MOTION TO VACATE OR MODIFY
17  DAVID KAYNE, an individual; TRACY    )   ARBITRATION AWARD PURSUANT TO 9
    KAYNE, an individual; and KAYNE ART  )   U.S.C. §§ 10, 11
18  GALLERIES OF GEORGIA, INC., a Georgia)
    corporation,                         )
19                                       )
                Defendants.              )
20  _____  )

21        I, DAVID KAYNE, do hereby declare as follows:

22        1.    I am the individual defendant named in this action.  Except as otherwise stated

23  below, the matters set out in this declaration are within my own personal knowledge and I could

24  competently testify to such matters if called upon to do so.

25        2.    The arbitration that is the subject of this proceeding was conducted pursuant to

26  dealer agreements between The Thomas Kinkade Company, formerly known as Media Arts Group,

27  Inc., a Delaware Corporation ("Kinkade Company") and Kayne Art Galleries of Georgia, Inc., a

28  Georgia Corporation ("Kayne Art Galleries").  A representative example of one of these agreements

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

- 1 -

DECLARATION OF DAVID KAYNE IN
OPPOSITION TO CONFIRMATION OF ARBITRATION
AWARD AND IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE OR MODIFY ARBITRATION AWARD

Case No. CV-04-0186-MISC (SI)

Exhibit 7
Page 81

0051

1  between the Kinkade Company and Kayne Art Galleries was attached as Exhibit "C" to the

2  Declaration of Robert C. Murray in support of plaintiff's motion to confirm arbitration. I attach a

3  copy of this agreement as Exhibit "A" to this declaration for ready reference.

4       3.    I executed Exhibit "A" on behalf of Kayne Art Galleries of Georgia, Inc. in my

5  capacity as its President. I did not execute Exhibit "A" on behalf of myself as an individual. At no

6  time have I executed any Dealer Agreement with the Kinkade Company on behalf of myself as an

7  individual. At no time have I agreed to be joined as an additional, individual party to any Dealer

8  Agreement with the Kinkade Company.

9       4.    At no time have I agreed to participate as an individual defendant in, or to be bound

10 as an individual party by, the arbitration between the Kinkade Company and the Kayne Art

11 Galleries. To the contrary, both my wife (Tracy Kayne) and I made it clear from the outset of the

12 arbitration that:

13       "Respondents David Kayne and Tracey [sic] Kayne categorically deny any liability,

14       responsibility, or obligation to claimant in their individual capacity because they have never

15       entered into any agreement individually with claimant. At all pertinent time they acted only

16       in a corporate capacity as to claimant, and are entitled to the fiduciary shield doctrine herein.

17       . . ." [Answering Statement, page 1].

18 I attach as Exhibit "B" to this declaration a true copy of page 1 of the "Answering Statement

19 Combined with Counterclaim" submitted on my behalf in the arbitration proceedings, in which the

20 foregoing statement was communicated to the arbitration panel and opposing parties. At no time

21 did I voluntarily submit to the jurisdiction of the arbitrators for the purpose of any personal liability,

22 nor did I seek any relief from them as an individual counterclaimant.

23       5.    Based on my review of the arbitrators' "Reasons for Award" at paragraph 6, it is my

24 understanding that the sole basis on which the arbitration panel found me personally liable to the

25 Kinkade Company in the arbitration was my execution of a "Personal Guaranty" as part of a

26 corporate "Application for Credit" submitted by Kayne Art Galleries of Georgia, Inc. to the

27 Kinkade Company in October, 2001. This application was marked as Exhibit 76 in the arbitration

28 proceedings and I attach a true copy of this document as Exhibit "C" to this declaration.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

- 2 -

DECLARATION OF DAVID KAYNE IN
OPPOSITION TO CONFIRMATION OF ARBITRATION
AWARD AND IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE OR MODIFY ARBITRATION AWARD

Case No. CV-04-0186-MISC (SI)

Exhibit 7
Page 82

0052

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

6.      A copy of the arbitrator's "Reasons for Award" to which I referred in the previous
paragraph was submitted as Exhibit "I" to the Declaration of Robert C. Murray in support of
plaintiff's motion to confirm arbitration;  I attach a copy of this document as Exhibit "D" to this
declaration for ready reference. As was noted in paragraph 6 of the Reasons for Award, I can and
do confirm that I signed both the Application for Credit on behalf of Kayne Art Galleries of
Georgia, Inc. and the  "Personal Guaranty" that accompanied that application.  I also confirm that it
is my understanding that the Kinkade Company requested that Kayne Art Galleries submit this
application in support of a higher credit limit. I would add, however, the following: First, *no
acceptance* by the Kinkade Company of the Kayne Art Galleries' corporate "Application for
Credit" has ever been conveyed, either orally or in writing, to me or to Kayne Art Galleries.
Second, the credit limit of the Kayne Art Galleries has *not* been increased after, or as a result of,
either the Application for Credit or the accompanying Personal Guaranty.  To the contrary, the
credit limit of Kayne Art Galleries as reflected on statements sent to it has remained *unchanged*
after it submitted the corporate Application for Credit and accompanying Personal Guaranty to the
Kinkade Company for approval

7.      As is clear from the face of  Exhibit "C" to this declaration, the Personal Guaranty
was solicited by the Kinkade Company as part of the corporate Application for Credit being
submitted by Kayne Art Galleries.  The Application for Credit and the accompanying Personal
Guaranty constituted an *offer* that would not become binding unless and until it had been
communicated to Kayne Art Galleries that the Application for Credit had been *accepted* by the
Kinkade Company and that a higher credit limit had been established.  This never happened.

8.      In addition to never accepting the corporate Application for Credit and
accompanying Personal Guaranty, the Kinkade Company has never made any demand for
arbitration under the arbitration clause set out in the Application for Credit and incorporated in the
Personal Guaranty (Exhibit "C" hereto).  In fact, the Application for Credit and the accompanying
Personal Guaranty was neither invoked by, nor included as an Exhibit in, the Kinkade Company's
Demand for Arbitration under the Dealer Agreements filed on December 10, 2002.
//

- 3 -

DECLARATION OF DAVID KAYNE IN
OPPOSITION TO CONFIRMATION OF ARBITRATION
AWARD AND IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE OR MODIFY ARBITRATION AWARD

Case No. CV-04-0186-MISC (SI)

Exhibit 7
Page 83                          0053

9.    The Award from which I seek relief was made on August 27, 2004, and was signed by two of the three arbitrators. A true copy of the Award was attached as Exhibit "J" to the Declaration of Robert C. Murray in support of plaintiff's motion to confirm arbitration. I attach a copy of this Award as Exhibit "E" to this declaration for ready reference.

10.    Paragraph 2 of the Award (Exhibit "E" hereto) provides that the Respondents "are entitled to a credit of $31,950.00 on condition they transfer the image 'Victorian Christmas' to Claimant within 30 days of the date of this Award." Kayne Art Galleries transferred the image, "Victorian Christmas" to Thomas Kinkade Company, to the attention of Robert Murray, by letter dated August 5, 2004. True copies of this letter, the Federal Express shipping label, and a receipt reflecting a signature by "R. Yeh", dated August 10, 2004 at 10:56 a.m., are attached as Exhibit "F" to this declaration. Accordingly, Respondents (including Kayne Art Galleries, Inc.) are entitled to, and claim, a reduction of $31,950.00 in the award that otherwise would go to the Thomas Kinkade Company.

11.    Paragraph 1 of the Award (Exhibit "E" hereto) provides that Claimant (the Thomas Kinkade Company) "shall pay to Respondent Tracey Kayne the sum of $11,999.67 on account of costs". Tracy Kayne is my wife. To date, she has not been paid any portion of the $11,999.67 awarded to her.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that I have executed this declaration this 23rd day of November, 2004, at Atlanta, Georgia.

_David Kay_
DAVID KAYNE

# 2392868 v3

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

- 4 -

DECLARATION OF DAVID KAYNE IN
OPPOSITION TO CONFIRMATION OF ARBITRATION
AWARD AND IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE OR MODIFY ARBITRATION AWARD

Case No. CV-04-0186-MISC (SI)

Exhibit 7
Page 84

0054

*Dud5 - 20Y6/Y*

# FILED

JAN 1 1 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE THOMAS KINKADE COMPANY,
formerly known as MEDIA ARTS GROUP,
INC.,

            Plaintiff,

    v.

DAVID KAYNE; TRACEY KAYNE; and
KAYNE ART GALLERIES OF GEORGIA,
INC.,

            Defendants.
_____/

No. C 04-0186 MISC. SI

**ORDER DENYING PLAINTIFF'S
MOTION TO CONFIRM ARBITRATION
AWARD AND GRANTING DEFENDANTS'
MOTION TO VACATE OR MODIFY
AWARD**

On January 7, 2005, the Court heard oral argument on plaintiff's motion to confirm arbitration award and defendants' motion to vacate or modify the award. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby DENIES plaintiff's motion to confirm the award, and GRANTS defendants' motion to vacate or modify, for the reasons set forth below.

## BACKGROUND

The Thomas Kinkade Company ("TKC") manufactures and distributes the artwork of Thomas Kinkade. Defendant Kayne Art Galleries of Georgia, Inc. ("KAG"), a Georgia corporation, entered into a series of Signature Dealer Agreements with TKC to obtain the right to sell Thomas Kinkade artwork in the Atlanta, Georgia area. The first agreement was signed in November 1998 and the last was signed in November 2001. Each agreement was signed by David Kayne ("Kayne"), the President of KAG. Each agreement contained identical arbitration provisions.

In October 2001, David Kayne submitted a credit application to TKC, in order to increase KAG's

United States District Court
For the Northern District of California

Exhibit 8
Page 85

0123

United States District Court
For the Northern District of California

1  credit limit with TKC. Kayne Decl., Ex. C. The final portion of the application contains a provision

2  for a "personal guaranty," which appears to contain the following provision: "The undersigned for

3  consideration do hereby individually and personally guaranty the full and prompt payment of all

4  indebtedness heretofore or hereinafter incurred by the above business." Id. David Kayne provided his

5  signature next to the entry for "Guarantor's Signature," and wrote the date of October 2, 2001. The

6  credit application also contains an arbitration clause; however, the arbitration clause differs from the

7  arbitration clause in the Dealer Agreements in significant particulars. According to defendants, no action

8  was taken by TKC based upon the credit application.

9      KAG began falling behind on its payments to TKC pursuant to the Dealer Agreements, and in

10  December 2002, TKC filed a Demand for Arbitration, claiming that it had not received payment for art

11  provided to KAG. Defendants answered and the "corporate respondents" filed a counterclaim. An

12  arbitration hearing was held in February and May, 2004. On August 27, 2004, the American Arbitration

13  Association panel issued its Final Award. The panel found in favor of TKC on its claims against both

14  KAG and David Kayne personally. However, the panel found in favor of Tracy Kayne on TKC's claims

15  against her personally.

16      In its Reasons for Award, the panel explained that "David Kayne signed a personal guarantee on

17  October 2, 2001 in applying for a greater amount of credit [], verified his signature on cross-examination

18  and admitted that he 'now' understands this obligation. He is, therefore, liable on this judgment together

19  with Corporate Respondent Kayne Art Galleries of Georgia, Inc., jointly and severally." Kayne Decl.,

20  Ex. D at ¶ 6.

21      On September 29, 2004, TKC filed in this Court a motion to confirm the arbitration award.

22  Defendants have opposed this motion, and filed a motion to vacate or modify the award. Although there

23  are two motions pending, the dispute is the same: whether this Court should uphold the arbitration award

24  finding David Kayne personally liable to TKC. It is this dispute that is before the Court today.

25

26                                    **LEGAL STANDARD**

27      Section 9 of the Federal Arbitration Act ("FAA") provides that a party to arbitration may "apply

28  to the court . . . for an order confirming the award, and thereupon the court must grant such an order

2

Exhibit 8          0124
Page 86

1   unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. An award may be vacated only

2   if it was "procured by corruption, fraud or undue means," or in cases where the arbitrators were biased,

3   exceeded or imperfectly executed their powers, or committed prejudicial misconduct. See 9 U.S.C.

4   §10(a). Judicial review of arbitration awards is extremely limited. See, e.g., Anderman Smith Co. v.

5   Tennesee Gas Pipeline Co, 918 F.2d 1215, 1218 (5th Cir. 1990). However, "the issue of arbitrability is

6   ordinarily for courts, not arbitrators, to decide unless the parties agree otherwise." Poweragent Inc. v.

7   Electronic Data Systems Corp., 358 F.3d 1187, 1191 (9th Cir. 2004).

8

9                                         **DISCUSSION**

10      Courts may vacate, modify, or correct arbitration awards under 9 U.S.C. §§ 10, 11. Specifically,

11  defendant David Kayne has requested that the portion of the arbitration award entered against him

12  personally be vacated under 9 U.S.C. § 10(a)(4), because "the arbitrators exceeded their powers, or so

13  imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was

14  not made." In the alternative, Kayne requests that the Court modify the same provision of the arbitration

15  award under 9 U.S.C. § 11(b), because "the arbitrators have awarded upon a matter not submitted to

16  them."

17

18  **1.    Was David Kayne a proper party to the arbitration?**

19      Kayne argues that neither Kayne as an individual, nor the dispute regarding his personal liability,

20  was properly before the arbitration panel. The dispute was brought to the arbitration panel under the

21  arbitration provision of the Dealer Agreements between TKC and KAG. See Murray Decl., Exs. A-G.

22  In is undisputed that Kayne did not sign the Dealer Agreements with TKC in his individual capacity;

23  instead, he signed and entered into the agreements as the president of KAG. See id.

24      The Supreme Court has held that "[a]rbitration under the FAA is a matter of consent, not

25  coercion." E.E.O.C. v. Waffle House, 534 U.S. 279, 294 (2002). Additionally, "a party cannot be

26  compelled to arbitrate if an arbitration clause does not bind the party." Ralph Andrews Productions, Inc.

27  v. Writers Guild of America, West, 938 F.2d 128, 130 (9th Cir. 1991). Kayne individually was not a

28  party to the Dealer Agreements which designated the arbitration process conducted between the parties.

United States District Court
For the Northern District of California

3

Exhibit 8
Page 87

0125

1  The arbitration panel did not state why it found Kayne to be a proper party to the arbitration, but the only

2  potential basis would have been the Credit Application completed by Kayne. See Kayne Decl., Ex. C.

3  As described above, Kayne signed the "Personal Guaranty" section of the application, in which he

4  personally guaranteed the "prompt and full payment" of all indebtedness. Id. That document, however,

5  contains an arbitration provision that differs from the arbitration provision in the Dealer Agreement.

6  Compare Id. at 2 with Murray Decl., Ex. A at 14, ¶ 22.

7          The arbitration between TKC, KAG, and David and Tracy Kayne proceeded under the provisions

8  of the Dealer Agreement between TKC and KAG. Given that David Kayne individually was never a

9  party to the Dealer Agreements, he was not bound to the arbitration clause in the Dealer Agreement. If

10 Kayne was bound to any arbitration, it was the arbitration proceedings under the Credit Application.

11 However, the Credit Application provided for an arbitration proceeding in Santa Clara County, before

12 one arbitrator, and without any right to a hearing, relying instead on written evidence. See Levitt Decl.,

13 Ex. C. It is not in dispute that this arbitration proceeding did not take place, nor did TKC initiate any

14 arbitration proceeding under the Credit Application provision. See Kayne Decl. at ¶ 8.

15         In Ralph Andrews, the claimant initiated arbitration against two corporations. Andrews was the

16 sole officer and shareholder of both corporations. Ralph Andrews, 938 F.2d at 129. The claimant

17 named Andrews, in his individual capacity, as a party and the arbitrator found him individually liable

18 as an alter ego. Id. The Ninth Circuit found that Andrews was not a party to the employment contract

19 at issue, nor was he a party to the collective bargaining agreement between claimant and the

20 corporations. Id. at 130. Andrews appeared at the arbitration proceedings only to address claims against

21 the corporations. Id. Because Andrews was not a party to the contracts between claimant and the

22 corporations, the Court found that the district court should vacate the award against Andrews personally.

23 Id. at 131.

24         The Court finds that the arbitration award against Kayne individually must be vacated under the

25 logic of Ralph Andrews. Kayne individually never entered into the Dealer Agreements which were the

26 basis for the arbitration proceedings in 2004. Therefore, Kayne was not bound to the Dealer Agreement

27 arbitration clause, and cannot be compelled to arbitrate. The Court finds that, barring consent (discussed

28 below) the arbitration panel  exceeded its powers by ruling on David Kayne as an individual, who was

4

Exhibit 8        0126
Page 88

1   not a party to the Dealer Agreements, and the award against him must be vacated under 9 U.S.C.

2   § 10(a)(4).

3

4   **2.     Did Kayne consent to the jurisdiction of the arbitration proceeding?**

5       TKC argues that Kayne consented to arbitration and thereby waived all objections to the

6   arbitrator's authority. <u>Van Waters & Rogers Inc. v. International Brotherhood of Teamsters</u>, 913 F.3d

7   736, 740 (9th Cir. 1990).  TKC alleges that Kayne failed to follow the proper procedure for a party

8   submitting to arbitration in order to preserve arbitrability issues for review under <u>George Day</u>

9   <u>Construction Co. v. Carpenters Local 354</u>, 722 F.2d 1471 (9th Cir. 1984).

10      The Court finds that Kayne followed the requirements of <u>George Day</u> by objecting to the

11  arbitrator's authority, refusing to argue arbitrability before the arbitrator, and proceeding with the merits.

12  <u>George Day</u>, 722 F.2d at 1475.  Defendants, in their Answering Statement, objected to the arbitrator's

13  authority by asserting that "respondents David and Tracy Kayne categorically deny any liability,

14  responsibility, or obligation to claimant in their individual capacity because they have never entered into

15  any agreement individually with claimant.  At all pertinent times they acted only in a corporate capacity

16  as to claimant, and are entitled to the fiduciary shield doctrine therein." Kayne Decl., Ex. B at ¶ 1. This

17  statement is not only a defense against liability, but also an assertion that the Kaynes object to the

18  arbitration panel's authority.  After this statement, Kayne proceeded to argue that merits, which is the

19  proper procedure under <u>George Day</u>.

20      TKC also claims that the panel had authority over Kayne individually because both parties

21  submitted that issue to the panel.  A party "can be forced to arbitrate only those issues it specifically has

22  agreed to submit to arbitration."  <u>First Options of Chicago v. Kaplan</u>, 514 U.S. 938, 945 (1995).

23  However, the Court may quickly dispose of this argument by referencing the complete denial of any

24  personal involvement by Kayne in the Answering Statement described above.  Kayne's statement served

25  as a denial of the panel's ability to arbitrate his personal liability, not a "submission" of the issue to the

26  arbitration panel.

27      Finally, TKC argues that Kayne submitted to the authority of the panel by requesting relief as

28  an individual counterclaimant.  TKC supports this argument with two short quotes from Kayne's

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  counsel. Specifically, TKC draws the Court's attention to one sentence from Kayne's counsel's opening

2  statement, see Levitt Decl., Ex. D at 126, and one sentence in defendants' arbitration brief. See Levitt

3  Decl., Ex. C at 28.

4      However, the arbitration panel recognized that KAG was the only cross-claimant, as

5  demonstrated by the heading of the panel's Reasons for Award and Final Award. See Kayne Decl., Exs.

6  D and E. In both documents, the panel lists David and Tracy Kayne as "Respondents" and KAG as

7  "Respondent and Cross-Complainant."    Furthermore, defendants specifically identified the

8  counterclaimants as "the corporate respondents" in their counterclaim. Levitt Decl., Ex. A at 4. Based

9  on this evidence, the Court finds that Kayne was not a cross-claimant and did not submit to the authority

10  of the arbitration panel.

11      The Court rejects TKC's arguments and finds that David Kayne did not consent to the

12  jurisdiction of the panel over himself as an individual.

13

14  **3.    Award amount**

15      The Court confirms the award in favor of Tracy Kayne and against TKC in the amount of

16  $11,999.67.

17      The Court vacates the award in favor of TKC and against David Kayne as an individual.

18      The panel found that KAG was entitled to a credit of $31,950.00 if the image "Victorian

19  Christmas" was returned to TKC within 30 days of the Award. KAG has presented evidence that it did

20  return the image within thirty days, which TKC does not dispute. See Kayne Decl., Ex. F. Therefore,

21  KAG receives a credit of $31,950.00 for the return of "Victorian Christmas" to TKC. Taking into

22  account the credit, the Court confirms the award in favor of TKC and against KAG in the amount of

23  $631,634.86.

24      David Kayne argues that he should be awarded costs in the same amount as Tracy Kayne's award

25  because this Court has vacated the arbitration award against him personally. However, David Kayne

26  presents no evidence of costs personally incurred during the arbitration proceeding above and beyond

27  the costs necessary for the defense of the corporate entity. Therefore, the Court will not award David

28  Kayne any costs at this time. However, the Court will give David Kayne 21 days from this Order to

Exhibit 8
Page 90
0128

1    present to the Court evidence of costs incurred personally by Kayne beyond the costs necessary for the

2    defense of KAG.

3

4                           **CONCLUSION**

5       For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

6    motion to vacate the arbitration award with regard to the personal liability of David Kayne; and

7    DENIES plaintiff's motion to confirm the arbitration award.  Subject to the presentation of evidence

8    by David Kayne regarding costs incurred personally in the arbitration proceeding, the Court will

9    issue the following judgment:

10       1) In favor of Tracy Kayne and against the Thomas Kinkade Company in the amount of

11    $11,999.67;

12       2) In favor of the Thomas Kinkade Company and against Kayne Art Galleries of Georgia,

13    Inc., in the amount of $631,634.86;

14       3) Vacating the award in favor of TKC and against David Kayne, as an individual; and

15       4) Enjoining Kayne Art Galleries of Georgia, Inc., from using the trademark "Thomas

16    Kinkade Signature Gallery."

17

18       **IT IS SO ORDERED.**

19

20    Dated: 1/10/01

21                                SUSAN ILLSTON
                                 United States District Judge

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

7

Exhibit 8
Page 91

0129

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


Thomas Kinkade Company, The,

       Plaintiff,

    v.

Kayne,

       Defendant.
                        /

Case Number: CV04-00186 SI

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chung-Han Lee
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111

Melissa E. Addison
Sally S. Liu
Alschuler Grossman Stein & Kahan
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

Dated: January 11, 2005

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

Exhibit 8
Page 92

0130

RECEIVED

SEP 1 3 2006

McDERMOTT WILL & EMERY LLP

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DAVID KAYNE,                    )
                                )
        Plaintiff,              )         CIVIL ACTION
                                )         FILE NO. 2006CV121748
v.                              )
                                )
THE THOMAS KINKADE COMPANY,     )
f/k/a MEDIA ARTS GROUP, INC.    )
                                )
        Defendant.              )

## BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW David Kayne and files this Brief in Support of his Motion

for a Temporary Restraining Order and shows the Court as follows:

### STATEMENT OF FACTS

Defendant is a manufacturer/distributor of artwork. (Plaintiff's verified

Petition for Declaratory Judgment and Injunctive Relief ¶ 7). Kayne Art Galleries,

a Georgia corporation, was a dealer of Defendant's artwork, and entered into a

series of Signature Dealer Agreements ("Dealer Agreements") with Defendant

beginning in November, 1998. (Plaintiff's verified Petition for Declaratory

Judgment and Injunctive Relief ¶¶ 1, 8). David Kayne ("Kayne") signed the

Dealer Agreements as a corporate officer of Kayne Art Galleries. (Plaintiff's

verified Petition for Declaratory Judgment and Injunctive Relief ¶ 9). Pursuant to

the Dealer Agreements, Kayne Art Galleries began operating its galleries in 1998,

purchased Defendant's artwork on credit, and sold the artwork in its stores in

Exhibit 9
Page 93

Georgia. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 10).

Although Kayne Art Galleries had not come close to exhausting its existing credit limit, several years after the parties established their course of dealing and vendor/distributor relationship, Defendant presented it with an "Application for Credit" ("Application"). (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 26). A true and correct copy of the Application is attached to the Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief as **Exhibit "A"**.

The Application contained a purported "Personal Guaranty" which provides as follows:

> The undersigned, for consideration do hereby individually and personally guaranty the full and prompt payment of all indebtedness heretofore or hereafter incurred *by the above business*. This guaranty shall not be affected by the amount of credit extended or any change in the form of said indebtedness. Notice of the acceptance of this guaranty, extension of credit, modification in the terms of payment, and any right or demand to proceed against the principal debtor is hereby waived. This guaranty may be revoked by written consent of the creditor. Any revocation does not revoke the obligation of the guarantors to provide payment for indebtedness incurred prior to the revocation. I authorize the creditor and their assigns to obtain a consumer credit report and to contact my references as necessary. *As guarantor, I am also bound by the above arbitration clause.* [*emphasis added*]

Exhibit 9
Page 94

(Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 14).

Nowhere in the Application is the word "business" or "above business" defined.

(Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 15).

The "arbitration clause" incorporated by reference in the purported Personal Guaranty provides as follows:

> Disputes: Any dispute or controversy arising from this agreement will be resolved by arbitration by the American Arbitration Association at Santa Clara County, California. The language of the arbitration shall be English. The number of the arbitrators shall be one. The parties agree the American Arbitration Association's expedited rules shall apply and they waive all right to any hearing requiring witness production. The Arbitrator shall issue an award based upon the written documentary evidence supplied by the parties. The Arbitrator's award shall be binding and final. The losing party shall pay all arbitration expenses, including all attorney's fees.

(Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 16).

Nowhere in the Application is "this Agreement" defined.

The submission of the Application was in effect an offer by Kayne Art Galleries and Kayne to Defendant for an increased credit limit. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 21). Kayne signed the Application on October 2, 2001, and Kayne Art Galleries transmitted via fax a copy of the signed Application to Defendant. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 11, 17). However, Defendant never notified Kayne or Kayne Art Galleries that it had received, approved, or otherwise acted upon the Application. (Plaintiff's verified Petition

3

Exhibit 9
Page 95

for Declaratory Judgment and Injunctive Relief ¶ 18). Defendant never approved the Application, nor did Defendant ever accept or otherwise act upon the Application. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶¶ 19, 20). Had Defendant accepted the offer of the Application for Credit, Defendant would have signed the Application where indicated. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 22).

The customary and expected consideration upon acceptance of the offer would have been an increase in credit limit for Kayne Art Galleries. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 22). No increase in credit limit was granted. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 23). There was no other consideration for the Application, and the relationship between the parties remained exactly the same before and after the offer was transmitted. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 23). Although it was not required that a dealer sign the purported "Personal Guaranty," at a previous arbitration between Defendant and Kayne Art Galleries an employee of Defendant testified as follows:

Q:    Would there be any benefit to the dealer to sign the personal guarantee?
A:    Sure. I mean I would give more credit to someone who signed a personal guarantee than someone who did not sign it.

(Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 24). This "more credit" ("Additional Credit") was to be the consideration for signing

the purported "Personal Guaranty" paragraph of the Application for Credit. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 25).

Although the Application was signed on October 2, 2001, no increase in credit or credit limit was granted to Kayne Art Galleries after October 2, 2001 resulting from the signed Application. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 28). No Additional Credit or increased credit limit was granted to Kayne Art Galleries after October 2, 2001 resulting from the signed purported Personal Guaranty. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 29).

Contemporaneous with an investigation by the Federal Bureau of Investigation regarding Defendant's business practices and relationships with dealers[1], Defendant is currently seeking arbitration against Kayne pursuant to this Application and pursuant to the purported Personal Guaranty contained in the Application. (Plaintiff's verified Petition for Declaratory Judgment and Injunctive Relief ¶ 30). A true and correct copy of the Defendant's Demand for Arbitration, filed in Santa Clara County, California before the American Arbitration Association ("AAA") is attached to the Verified Complaint as **Exhibit "B"**.

The Application lacks the elements necessary to create a contract, and thus Kayne is not bound by any of the provisions contained therein. No contract was ever formed by submission of the Application. There was never any assent to the Application, by way of acceptance or partial performance, and Defendant never

---

[1] See attached Kim Christensen, *Painter Said to be Focus of FBI Probe*, L.A. Times, August 29, 2006.

5

Exhibit 9
Page 97

provided any consideration for the Application or the purported Personal Guaranty. Defendant's failure to accept the Application and its failure to provide consideration for the Application preclude the Application from becoming, or rising to the level of, a contract. Moreover, the purported Personal Guaranty lacks the specificity and essential elements with which a contract could be created, confirming that indeed no binding contract exists or was ever formed between the parties, including an agreement to arbitrate. Therefore Defendant has no agreement to arbitrate with Plaintiff, and the AAA has no jurisdiction to hear the issue of arbitrability. As such, Defendant should be enjoined from proceeding with or pursuing the arbitration demanded in Santa Clara County, California before the AAA ("Demanded Arbitration").

## ARGUMENT AND CITATION OF AUTHORITY

This Court should enjoin Defendants from pursuing or proceeding with the Demanded Arbitration until the issue of arbitrability has been decided by this Court. Plaintiff is able to satisfy the standard for injunctive relief in both state and federal court in Georgia. This Court is the proper tribunal to decide the issue of arbitrability in this case because there are issues regarding whether an actual contract between the parties exists and whether the purported arbitration agreement includes arbitrability as a subject matter for arbitration. Elements necessary to form a contract, including assent, specificity and consideration, are lacking in this case, and thus any alleged agreement to arbitrate was never formed.

Exhibit 9
Page 98

A.    **Standard for injunctive relief.**

It is proper for this Court to issue a temporary restraining order precluding Defendant from pursuing arbitration until the issue of arbitrability has been decided. See <u>Mitcham v. Blalock</u>, 268 Ga. 644, 491 S.E.2d 782 (1997); <u>Dean Witter Reynolds, Inc. v. Pollack</u>, 1996 WL 1044969 (S.D. Fla. 1996). As such, a temporary restraining order is appropriate and warranted in this case.

This Court's issuance of a temporary restraining order enjoining Defendant from proceeding with the Demanded Arbitration is the only legal remedy available to Plaintiff which can prevent the imminent irreparable damage to Plaintiff should the arbitration proceed. O.C.G.A. § 9-11-65(b) provides that

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if:
> (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and
> (2) The applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

Counsel for the Plaintiff certifies, by signature below, that a copy of the verified complaint, and this motion, have been sent via facsimile to Defendant's counsel in the arbitration.

In Georgia, an injunction may be granted if (1) the movant has no adequate remedy at law; (2) the evidence shows that the movant would suffer irreparable harm; and (3) the hardships balance in favor of the movant. <u>City of Duluth v.</u>

Exhibit 9
Page 99

<u>Riverbrooke Properties, Inc.</u>, 233 Ga.App. 46, 55, 502 S.E.2d 806 (1998). Plaintiff satisfies the requirements for an injunction in this case.

Plaintiff has no adequate remedy at law. "It is not enough that there is a remedy at law. It must be plain and adequate, or in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." <u>Owens v. Ink Wizard Tattoos</u>, 272 Ga. 728, 729, 533 S.E.2d 722 (2000) (citations and punctuation omitted). Implicit in this statement is that the equitable remedy must also be efficient and practical. If Defendant is not prevented from pursuing or otherwise proceeding with the Demanded Arbitration, Plaintiff will be left without an adequate forum to challenge that the Application became a contract, and thus the existence of a binding arbitration agreement. With the expedited rules of the AAA in use, Plaintiff, who has not agreed to arbitrate this case, will not have any opportunity to argue the issue of arbitrability. Plaintiff thus satisfies this first prong.

Plaintiff will suffer irreparable harm if Defendant is not enjoined from pursuing or proceeding with the Demanded Arbitration. Irreparable harm or injury is that which "either from its nature, as when the party injured can not be adequately compensated therefor [*sic*] in damages, or when the damages which may result therefrom can not be measured by any certain pecuniary standard." <u>Blackmon v. Scoven</u>, 231 Ga. 307, 201 S.E.2d 474 (1973)(citations and punctuation omitted), reversed in part on other grounds, <u>City of Atlanta v. Barnes</u>, 276 Ga. 449 (2003). Although mere apprehension of injury will not justify an

Exhibit 9
Page 100

injunction, it is not necessary that the movant wait for an overt injury to occur before acting when he has notice of the other's intentions. <u>Pruitt v. Keenan</u>, 264 Ga. 279, 443 S.E.2d 842 (1994).

By filing the Demand for Arbitration, Defendant has certainly made clear that it intends to hold Kayne liable for debts pursuant to the purported Personal Guaranty which Plaintiff contends is part of an agreement which was never formed. Whether a contract was ever formed between the parties is an issue to be determined *prior* to any arbitration. If this Court does not enjoin Defendant from pursuing the Demanded Arbitration, Plaintiff will be left with an undeniable uphill battle to vacate or otherwise challenge the arbitrator's award. If the Demanded Arbitration proceeds, Plaintiff cannot be adequately compensated should this Court subsequently issue a declaratory judgment finding no personal guaranty or arbitration agreement exists.

The hardships to the Plaintiff in moving forward with the Demanded Arbitration prior to the determination of arbitrability by this Court are much greater than to Defendant in merely delaying the arbitration. Should Defendant prevail on the merits before this Court in the declaratory judgment action, the arbitration will go forward, albeit slightly delayed. Should Plaintiff prevail on the merits, however, and the arbitration has already proceeded, there will be in existence a potential conflict of judgments, an arbitrator's wasted time, and the parties' wasted efforts before the arbitrator. There is no harm in delaying the

Exhibit 9
Page 101

arbitration in California until a final determination can be made by this Court as to the existence of the agreement on which the entire arbitration is based.

The standard for injunctive relief is similar in federal court, with the exception that the movant must also demonstrate a substantial likelihood of success on the merits and the injunction must not be adverse to the public interest." <u>Sierra Club v. Atlanta Regional Commission</u>, 171 F.Supp.2d 1349, 1356 (2001). In addition, the irreparable harm must be "actual and imminent." <u>Id</u>. at 1358 (citations and punctuation omitted). As demonstrated below, Plaintiff has a substantial likelihood of succeeding on the merits of his case. There exists no agreement to arbitrate between the parties in this case, and thus proceeding with an arbitration on such a foundationless agreement is futile. Additionally, there is nothing adverse to the public interest about the injunction Plaintiff seeks. In the event this Court determines the Application constitutes a binding contract, including the purported Personal Guaranty and arbitration provision incorporated by reference therein, the Demanded Arbitration will proceed, albeit slightly delayed. The timing of the arbitration does not affect the public interest in any way.

Last, Plaintiff has been asked to respond to Defendant's Demand for Arbitration by September 7, 2006. Under the expedited rules of the AAA, the arbitrator will be appointed, and his or her decision may be made at any time. The harm of the arbitrator issuing an award at any time is actual and imminent. Even

Exhibit 9
Page 102

in federal court, therefore, a temporary injunction enjoining Defendant from proceeding with or pursuing the arbitration is justified.

**B.    This Court is the proper tribunal to determine the issue of arbitrability.**

The Federal Arbitration Act applies in this case. "Where there has been no agreement by the parties to be bound by state arbitration law, and where the transaction involved interstate commerce within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., state law is preempted by federal law." Greenway Capital Corp. v. Schneider, 229 Ga. App. 485, 486, 494 S.E.2d 287 (1997); See also Primerica Financial Services, Inc. v. Wise, 217 Ga. App. 36, 37, 456 S.E.2d 631 (1995) citing ADC Construction Co. v. McDaniel Grading, 177 Ga. App. 223, 224(1) 338 S.E.2d 733 (1985). The Application contains no provisions regarding applicable law. A Georgia corporation's purchase of artwork manufactured in California *from* California, to be sold by Kayne Art Galleries in Georgia, meets the definition of interstate commerce within the Federal Arbitration Act.

Consistent with United States Supreme Court holdings, the 11th Circuit has specifically addressed the issue of whether a contract to arbitrate exists lies in the hands of the court or the arbitrator, and found it rests with the court. See Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); Chastain, 957 F.2d 851. In Chastain, at issue was whether the lack of a presumptively valid general contract to arbitrate, in other words a challenge to the

Exhibit 9
Page 103

party opposing arbitration's assent to the general contract, is sufficient to bring within the purview of the court the issue of arbitrability. 957 F.2d 851. "Where the allegation is one of ...ineffective assent to the contract, the issue [of arbitrability] is not subject to resolution pursuant to an arbitration clause contained in the contract itself." Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998, 1000 (11th Cir. 1986). The court in Chastain found that the issue of assent was one for the court to decide. 957 F.2d at 853.

This case is before this Court on the issue of whether the Application constitutes a contract between the two parties to this case. Without acceptance and consideration, no contract exists. In addition, the purported Personal Guaranty lacks the specificity necessary to create a contract. As such, this Court is required to hear the issue of arbitrability in this case.

In addition, there is no agreement to arbitrate the issue of arbitrability in this case. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies v. Communications Workers of America, 475 U.S. 643, 648, 106 S.Ct. 1415 (1986) ."Therefore, the question of arbitrability, i.e., whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination." Id. at 649. See also Bellsouth Corp. v. Forsee, 265 Ga. App. 589, 595 S.E.2d 99 (2004).

While Kayne challenges the creation of a basic agreement, even if this Court finds one does exist, there is no agreement to arbitrate the issue of

12

Exhibit 9
Page 104

arbitrability of the purported Personal Guaranty.  As such, this Court is the proper tribunal to determine the issues in Plaintiff's Petition for Declaratory Judgment and Injunctive Relief.

C.     **There is no agreement to arbitrate due to lack of acceptance of the Application.**

Defendant never accepted Plaintiff's Application, and consequently there was never assent by both parties to the Application or the purported Personal Guaranty and incorporated purported arbitration provision.  Thus, no contract was ever formed, and no agreement to arbitrate exists between the parties.

Georgia law regarding basic contract formation provides that "the consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition." O.C.G.A. § 13-3-2.  Assent may be demonstrated by a specific acceptance of the contract, or at least partial performance of duties under the contract. Federal Paper Bd. Co., Inc. v. Harbert-Yeargin, Inc., 92 F.Supp. 2d 1342 (N.D. Ga. 1998). "...[Y]et where an express acceptance by the opposite party is required by the offer in order to establish a contract, the fact of such subsequent acceptance must be communicated to the offerer by the opposite party or competent agent of such party; and a mere private uncommunicated assent would not effect an agreement." City of Calhoun v. North Georgia Elec. Membership Corp., 264 Ga. 205, 208. 443 S.E.2d 469 (1994) *citing* Federal Farm Mortgage Corp. v. Dixon, 185 Ga. 466, 469, 195 S.E.2d 414 (1938). There being no assent,

Exhibit 9
Page 105

acceptance or even partial performance in this case, no contract was ever formed, and the Application is not a document on which an arbitration may be based.

Analogous to a credit application is an application for insurance. "An application for insurance is a mere offer, and the [insurance] company is free to accept or reject it. Unless the offer is accepted by the company no contract ever comes into existence and no liability can arise. So long as the application is not acted upon by the company, no contract of insurance is consummated…'" Robertson v. Life Insurance Co. of America, 196 Ga. App. 294, 396 S.E.2d 35 (1990) *citing* Whitmire v. Colonial Life & Casualty Ins. Co., 172 Ga. App. 651, 651-52, 323 S.E.2d 843 (1984). "Furthermore, the offeror may specify a method through which the offer must be accepted. 'The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act.'" Carterosa, Ltd. V. General Star Indem. Co., 227 Ga. App. 246, 489 S.E.2d 83 (1997) (acceptance only upon receipt of signed financing agreement).

The Application specifically states "terms are net 60 days *upon credit approval.*" This is clearly a provision *mandating* an acceptance, in the form of an approval. As such, in order to create a contract, Defendant was required to communicate acceptance of the Application in the form of approval. While there is no specification in the Application as to what constitutes proper "approval," the Application does contain a line for the District Manager's signature indicating "approval." Without any approval, written or oral, the terms of the Application

14

Exhibit 9
Page 106

technically have never been accepted or become effective, including the arbitration provision. As such, Defendant should be enjoined by this Court from proceeding with the Demanded Arbitration.

**D.    The purported Personal Guaranty is not a binding contract by reason of the statute of frauds.**

Violating the statute of frauds, the purported Personal Guaranty lacks the specificity and definiteness necessary to create a contract. See Berry v. Discount Lumber & Supply, Co., 235 Ga. 320, 219 S.E.2d 434 (1975). Additionally, "[i]f there is any essential term upon which agreement is lacking, no meeting of the minds of the parties exists, and a valid and binding contract has not been formed." Auto-Owners, Inc. v. Crawford, 240 Ga. App. 748, 725 S.E.2d 118 (1999). The purported Personal Guaranty, which has incorporated by reference the arbitration provision at issue in this case, is lacking agreement on elements essential to forming a personal guaranty. As such, there is no "binding contract" between the parties to arbitrate the issues which have arisen in this case.

O.C.G.A. § 13-5-30(2) requires that in order for a promise to answer for another's debt to be binding on the promisor, the promise "must be in writing and signed by the party to be charged therewith." "This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promise." John Deere Co. v. Haralson, 278 Ga. 192, 193, 599 S.E.2d 164 (2004). "Where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law." Builder's Supply Corp. v. Taylor,

Exhibit 9
Page 107

164 Ga. App. 127, 128, 296 S.E.2d 417 (1982) (finding failure of a document to state the identity of the entity whom [the] guarantor agreed to indemnify is fatal). This holds true "even where the intent of the parties is manifestly obvious..." Sysco Food Svcs. v. Coleman, 227 Ga. App. 460, 461, 489 S.E.2d 568 (1997). "The court is not authorized to determine the identity of the principal debtor by inference as this would entail consideration of parol evidence...[and] parol evidence is inadmissible to describe what is totally omitted." McDonald v. Ferguson Enterprises, Inc., 274 Ga. App. 526, 527, 618 S.E.2d 45 (2005).

Roden Electrical Supply v. Faulkner, 240 Ga. App. 556, 524 S.E.2d 247 (1999), a case almost identical to the case at bar, also involved interpretation of a multi-page credit application. In Roden, the personal guaranty section of the credit application failed to identify the principal debtor beyond the "above business." Id. at 556. The entity alleged by the creditor to be the principal debtor was identified previously in the credit application only as the "billable party." Id. As no entity was identified as the "business" in the credit application, the court found the personal guaranty unenforceable. Id.

In the Application, Kayne Art Galleries of Georgia, Inc. is identified as the "Dealer Name" on page one. The purported Personal Guaranty, however, refers to the "above business" as being the principal debtor. *Nowhere* in the Application is the word "business" or the phrase "above business" defined, and in fact, there are multiple businesses discussed in the Application (i.e., Media Arts Group is referenced in the Conditions of the Application). As the name of the principal

debtor has been omitted from the Application, the purported Personal Guaranty signed by Kayne is not sufficiently specific or definite to create a "binding contract." In other words, an essential element of a personal guaranty is omitted from the purported Personal Guaranty in this case, precluding it from becoming a contract.

In <u>Bellsouth Corp.</u>, the court refused to compel an arbitration regarding a covenant not to compete which it found to be overly broad and unenforceable. 265 Ga. App. at 595. Because the covenant not to compete was unenforceable, it was not the proper subject of an arbitration. As in <u>Bellsouth Corp.</u>, any arbitration pursuant to the purported Personal Guaranty is improper and should be enjoined by this Court.

**E.      There is no agreement to arbitrate due to lack of consideration.**

The purported Personal Guaranty contained in the Application never rose to a mutual agreement between the parties supported by consideration. Neither Mr. Kayne nor Kayne Art Galleries received any consideration when Mr. Kayne signed the Application and the purported Personal Guaranty, thus rendering neither a binding agreement. O.C.G.A. § 10-7-1 provides as follows:

> The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal, the principal in either instance remaining bound therefor. Sureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides

Exhibit 9
Page 109

otherwise. There shall be no distinction between contracts of suretyship and guaranty.

In other words, consideration may be for the benefit of the guarantor *or* the principal debtor. "A past consideration-one which has already served its purpose in a former transaction-is not sufficient to support a contract of guaranty; and although such a contract had been executed subsequent to the main contract, it must be supported by new consideration." R.A. Friedland v. Citizens & Southern South DeKalb Bank, 135 Ga. App. 591, 592, 218 S.E.2d 302 (1975). There being no consideration to either Kayne Art Galleries nor Mr. Kayne, neither the Application nor the personal guaranty provision are binding agreements upon Kayne.

The submission of the Application was in effect an offer by Kayne Art Galleries and Kayne to Defendant for an increased credit limit. Had Defendant accepted the offer of the Application, Defendant would have signed the Application where indicated. The customary and expected consideration upon acceptance of the offer would have been an increase in credit limit for Kayne Art Galleries. However, no increase in credit limit was granted. There was no other consideration for the Application, and the relationship between the parties remained exactly the same before and after the offer was transmitted.

In addition, no Additional Credit was provided by Defendant as consideration for signing the purported Personal Guaranty. Thus, there being no consideration provided for either the Application or the purported Personal

Exhibit 9
Page 110

Guaranty, no contract was ever formed. Thus, this Court should enjoin Defendant from proceeding with the Demanded Arbitration.

F.    **An arbitration provision, which is contained in a purported agreement lacking the elements necessary to form a contract, is not binding.**

Plaintiff and Defendant do not have an agreement to arbitrate because neither the Application, nor the purported Personal Guaranty contained within the Application satisfies the elements necessary to create a contract. Arbitration is first and foremost a matter of contract. AT & T Technologies, 475 U.S. at 648. "Section 2 . . . of the Federal arbitration statute require[s] of course . . . the contract in which the agreement to submit to arbitration appears, as well as the arbitration provisions themselves, must be valid and enforceable in accordance with ordinary contract principles under applicable state and federal law." American Airlines, Inc. v. Louisville and Jefferson County Air Bd., 269 F.2d 811, 817 (6th Cir. 1959). This principle has been followed in Georgia. In Bellsouth Corp., the court refused to compel an arbitration regarding a covenant not to compete which it found to be overly broad and unenforceable. 265 Ga. App. at 595. Because the covenant not to compete was unenforceable, it was not the proper subject of an arbitration.

That the purported Personal Guaranty lacks the elements necessary to form a contract between the parties has two implications, both of which confirm the lack of an agreement to arbitrate between the parties. Following the court's decision in American Airlines, without a binding Personal Guaranty, there is

Exhibit 9
Page 111

absolutely no agreement to arbitrate. The arbitration provision incorporated by reference in the purported Personal Guaranty is the *sole* ground for arbitration against Kayne. There is no agreement to arbitrate between the parties separate and apart from the arbitration provision incorporated by reference in the purported Personal Guaranty. Because the purported Personal Guaranty does not constitute a contract, there is in existence *no* agreement between the parties to arbitrate. Thus, no arbitration may proceed.

In addition, following the court's decision in <u>Bellsouth</u>, without a valid or enforceable Personal Guaranty, there exists no subject matter which is subject to arbitration with Kayne pursuant to the purported arbitration provision. In other words, because the purported Personal Guaranty is not an enforceable agreement, as in <u>Bellsouth</u>, there can be no arbitration regarding enforcement of the purported Personal Guaranty. As the court in <u>Bellsouth</u> refused to compel an arbitration on an unenforceable covenant not to compete, so too should this Court stay the Demanded Arbitration on an unenforceable Personal Guaranty.

## CONCLUSION

WHEREFORE Plaintiff respectfully requests this Court grant its Motion for a Temporary Restraining Order and enjoin Defendant from proceeding with or pursing the Demanded Arbitration until this Court has ruled on Plaintiff's Petition for Declaratory Judgment and Injunctive Relief.

Exhibit 9
Page 112

Respectfully submitted,

Lawrence S. Burnat
Georgia Bar No. 096150
Michelle Roback Kraynak
Georgia Bar No. 429353
Attorneys for Plaintiff

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia  30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
H:\mkraynak\Kayne brief21.doc

21

Exhibit 9
Page 113