1  DANA N. LEVITT, PC (Bar No. 77180)
   CHARLES E. WEIR (Bar No. 211091)
2  JASON D. STRABO (Bar No. 246426)
   McDERMOTT WILL & EMERY LLP
3  2049 Century Park East, Suite 3800
   Los Angeles, CA  90067-3218
4  Telephone:    310.277.4110
   Facsimile:    310.277.4730
5
   Attorneys for Defendant
6  THE THOMAS KINKADE COMPANY,
   FORMERLY KNOWN AS, MEDIA ARTS GROUP
7  INC.

8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION

| | |
|---|---|
| DAVID KAYNE, an individual citizen of Georgia,<br><br>Plaintiff,<br><br>v.<br><br>THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation,,<br><br>Defendant. | CASE NO.  C 07-4721 (JF) (RS)<br><br>**DEFENDANT THE THOMAS KINKADE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PARAGRAPHS 11-14, 27-29, 31-34, 40, 41 AND 66 FROM PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**HEARING**<br><br>DATE:    NOVEMBER 30, 2007<br>TIME:     9:00 A.M.<br>JUDGE:   HON. JEREMY FOGEL |

DEFENDANT THE THOMAS KINKADE
COMPANY'S MOTION TO STRIKE                                               (No. 07-4721 (JF) (RS))

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 30, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy Fogel, located at 280 South 1st Street, San Jose, California, Plaintiff The Thomas Kinkade Company ("TKC") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(f) for an order striking paragraphs 11-14, 27-29, 31-34, 40, 41, and 66 of defendant David Kayne's ("Kayne") Complaint for Declaratory and Injunctive Relief (the "Complaint").

This Motion is, and will be, based on the following grounds: Kayne's Complaint asserts four causes of action that, collectively, raise only one issue – the validity of an arbitration provision contained within one discrete personal guaranty contract. Despite this single narrow issue, throughout Paragraphs 11-14, 27-29, 31-34, 40, 41, and 66, Kayne uses the Complaint as a platform to launch into irrelevant diatribes against the company, to accuse TKC of violating laws that did not even exist when the relevant transactions occurred and to repeat arguments that have been previously litigated between the parties and which Kayne lost. If allowed to remain in the Complaint, these immaterial and impertinent allegations will force the parties and the Court to unnecessarily expend substantial time and money in addressing immaterial and impertinent issues. As a result, these allegations should be stricken from the Complaint.[1]

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and record on file in this action, and such oral argument as may be presented at the hearing on this Motion.

Dated: October 4, 2007                    McDERMOTT WILL & EMERY LLP
                                          DANA N. LEVITT, PC
                                          CHARLES E. WEIR
                                          JASON D. STRABO

                                          By:              /s/
                                              Charles E. Weir
                                              Attorneys for Defendant
                                              THE THOMAS KINKADE COMPANY

---

[1] TKC believes that this case should be dismissed in its entirety, and moves for such relief in its motion to dismiss filed concurrently with this motion. Should the court not dismiss the Complaint in its entirety, this motion to strike should be considered.

DEFENDANT THE THOMAS KINKADE
COMPANY'S MOTION TO STRIKE                                    (No. 07-4721 (JF) (RS))

## I. INTRODUCTION

In his Complaint for Declaratory and Injunctive Relief (the "Complaint"), Plaintiff David Kayne ("Kayne") purports to bring four causes of action, requesting the following forms of relief: (1) declaratory relief, stating that the arbitration provision (the "Arbitration Provision") contained within a personal guaranty (the "Personal Guaranty") between Kayne and defendant The Thomas Kinkade Company ("TKC") is unlawful, unconscionable and void and that any award obtained pursuant to that provision is similarly void; (2) injunctive relief, enjoining TKC from seeking to enforce any arbitral award obtained under the Arbitration Provision; (3) declaratory relief, stating that TKC's attempts to enforce the Arbitration Provision violate Cal. Bus. & Prof. Code § 17200; and (4) injunctive relief pursuant to Cal. Bus. & Prof. Code § 17200, preliminarily and permanently enjoining TKC from "pursuing" any arbitration under the Arbitration Provision of the Personal Guaranty. Taken as a whole, Kayne requests relief relating only to one issue – the validity of the Arbitration Provision.

Yet, despite setting forth these limited claims for relief regarding one narrow issue, the Complaint is replete with allegations that are immaterial to any of Kayne's causes of action. Kayne uses Paragraphs 11-14, 27-29, 31-34, 40, 41, and 66 to make inflammatory claims that TKC fraudulently induced him to enter into contracts that are not even at issue in the Complaint. He accuses TKC of undertaking conduct in 1998 that allegedly violate laws that did not even exist until a few months ago and whose requirements are not even mandatory until next year. Finally, in the Complaint, he repeatedly relies on allegations that were litigated between the parties years ago and which Kayne resoundingly lost. These allegations have no place in the Complaint and, to the extent that the Court does not dismiss the Complaint in its entirety pursuant to TKC's companion Motion to Dismiss, they must be stricken from the Complaint.

/
/
/

DEFENDANT THE THOMAS KINKADE
COMPANY'S MOTION TO STRIKE                                   (No. 07-4721 (JF) (RS))

## II. STATEMENT OF FACTS[2]

### A. Kayne Galleries' Outstanding Debts

TKC brought suit against Kayne and his company, Kayne Art Galleries of Georgia, Inc. ("Kayne Galleries") in 2004 as a result of their substantial delinquency in payment of approximately $600,000. Since then, the parties have engaged in a series of legal disputes, of which this is now the fifth lawsuit, regarding Kayne and his company's failure to pay these sums. *See* Complaint, *en passim*.

In the first of these legal disputes, an arbitration brought by TKC against Kayne and Kayne Galleries (the "San Francisco Arbitration"), both Kayne and Kayne Galleries was held fully liable to TKC for the sum of approximately $600,000. *Id.* ¶ 36. After evaluating the extensive arguments of the parties, the arbitration panel rejected all of Kayne Galleries' counterclaims (including claims of fraudulent inducement and franchise law violations) and found Kayne Galleries and Kayne liable for the Kayne Galleries' unpaid debts to TKC. *Id.* In arriving at this award, the arbitration panel explicitly noted in their "Reasons for Award" that Kayne testified that he signed the Personal Guaranty and that he "now understands his obligation." *Id*.

After the San Francisco Arbitration, TKC moved to confirm the arbitration award in the Northern District of California. *Id.* ¶ 37. Kayne moved to vacate the award, arguing that he was not a party to Dealer Agreements and therefore could not be held liable for an award issued under their arbitration clauses. *Id.* The District Court confirmed the award against Kayne Galleries, but vacated the award against Kayne in his individual capacity. *Id.* ¶ 38. The District Court found that he was not a party to the Dealer Agreements and that the arbitration did not follow the provisions in the Personal Guaranty to which Kayne was a party. *Id*.

Following the District Court's order vacating the award against Kayne, on July 10, 2006, TKC initiated arbitration proceedings (the "McCauley Arbitration") against Kayne in his individual capacity pursuant to the terms of a Credit Application and Personal Guaranty

---

[2] The background facts underlying the Complaint are set forth in detail in TKC's concurrently-filed Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6). In order to avoid unnecessarily repeating the entire history of disputes between the parties in all detail, TKC does not repeat it here. However, the history is set forth in substantial detail in TKC's companion motion to dismiss, which is filed concurrently with this Motion.

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE - 2 - (No. 07-4721 (JF) (RS))

1    (the "Credit Agreement and Personal Guaranty"). *Id.* ¶ 46. Kayne responded by filing an action
2    in the Northern District of Georgia (the "Georgia Action") challenging the validity of the parties'
3    agreement to arbitrate. In the Georgia Action, Kayne asserted that: (1) the arbitration provision in
4    the Credit Agreement was distinct from, and did not apply to the Personal Guaranty; (2) there was
5    no Agreement to Arbitrate due to TKC's failure to accept the Personal Guaranty contract; (3)
6    there was no Agreement to arbitrate due to lack of consideration; and (4) the Personal Guaranty
7    was unenforceable because it violated the Georgia Statute of Frauds. *Id.* ¶ 43. After considering
8    the arguments of both parties, Judge Pannell rejected all of Kayne's claims and compelled the
9    parties to arbitrate. *Id.* ¶ 44. In his Complaint, Kayne claims that he does not seek to re-litigate
10   these issues. *Id.* ¶ 45.

11   Kayne subsequently appealed Judge Pannell's order in the Georgia Action to the Eleventh
12   Circuit. *Id.* ¶ 44. Judge Pannell's order was affirmed by the Eleventh Circuit on October 3, 2007.
13   Request for Judicial Notice and Declaration of Charles E. Weir filed in Support of TKC's Motion
14   to Dismiss ("Weir Decl.") Ex. 17. The McCauley Arbitration is now set to proceed on October
15   16, 2007. *Id.* ¶ 49. However, on September 12, 2007, Kayne filed the Complaint in this action.
16   Kayne describes the "subject matter" of this Complaint as the "expedited arbitration provision" or
17   TKC's "attempts to enforce the expedited arbitration provision" contained within the Personal
18   Guaranty. *Id.* ¶ 3, 5, 6, 14, 34. Along with a companion motion to dismiss, TKC now brings this
19   Motion to Strike the immaterial and impertinent portions of the Complaint.

20   **III.   STANDARD OF REVIEW**

21   Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "redundant,
22   immaterial, impertinent, or scandalous" material from a pleading. Fed. R. Civ. P. 12(f). The
23   function of a motion to strike is to avoid the expenditure of time and money that arise from
24   litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H.*
25   *Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). The decision to grant a motion to strike is within
26   the discretion of the trial court. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.
27   Supp. 1028 (C.D. Cal. 2002). Matter is "immaterial" within the meaning of Federal Rule of Civil
28   Procedure 12(f), and therefore the proper subject of a motion to strike, when it has no essential or

1  important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty,* 984 F.2d

2  1524, 1527 (9th Cir. 1993), *overruled on other grounds Fogerty v. Fantasy, Inc.*, 510 U.S. 517

3  (1994). Matter is "impertinent" if it does not pertain and is not necessary to the issues in question

4  in the case. *Id.* The allegations contained within Paragraphs 11-14, 31-34, 40 and 41 are

5  immaterial and impertinent to the single issue in the Complaint – the expedited arbitration

6  provision of the Personal Guaranty – and therefore should be stricken from the Complaint.

**IV.  PARAGRAPHS 11-14, 31-34, 40, 41, AND ALL REFERENCES TO FEDERAL FRANCHISE INVESTMENT LAWS ARE IMMATERIAL AND IMPERTINENT**

The actual issues raised by Kayne's Complaint (while meritless and clearly barred by the principles of res judicata) are very limited in scope. In his Complaint, Kayne purports to bring only four causes of action, requesting the following forms of relief: (1) declaratory relief, stating that the arbitration provision (the "Arbitration Provision") is unlawful, unconscionable and void and that any award obtained pursuant to that provision is similarly void; (2) injunctive relief, enjoining TKC from seeking to enforce any arbitral award obtained under the Arbitration Provision; (3) declaratory relief, stating that TKC's attempts to enforce the Arbitration Provision violate Cal. Bus. & Prof. Code § 17200; and (4) injunctive relief pursuant to Cal. Bus. & Prof. Code § 17200, preliminarily and permanently enjoining TKC from "pursuing" any arbitration under the Arbitration Provision of the Personal Guaranty. Complaint ¶¶ 7, 54-71. As Kayne repeatedly states, the subject matter of his case is the validity of the Arbitration Provision. *Id.* ¶ 3, 5, 6, 14, 34. Yet, despite acknowledging that this case involves limited issues, Kayne attempts to smear TKC through repeated detours into a litany of other issues unrelated to the narrow ones identified in the Complaint. *See* Complaint ¶¶ 11-14, 31-34, 40, 41. Kayne's narrow causes of action render these allegations immaterial.

Under Supreme Court precedent in *Buckeye Check Cashing* and *Prima Paint*, Kayne has a choice – he can either choose to challenge the validity of the arbitration provision before the court[3], or he can challenge the validity of the entire contract before the arbitrator. *Buckeye Check Cashing*, *Inc. v. Cardegna,* 546 U.S. 440 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg.*

---

[3] This is assuming for the sake of argument that Kayne's claims are not barred by res judicata.

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE — - 4 -  (No. 07-4721 (JF) (RS))

*Co.*, 388 U.S. 395 (1967). Kayne purports to challenge the arbitration provision in this action. Under *Prima Paint* and *Buckeye*, this is, therefore, an inherently narrow analysis. Because the universe of claims that he can bring before the Court is so limited, the universe of allegations that are relevant or pertinent is equally limited. The only allegations that are relevant are those that specifically attack the arbitration provisions themselves. Accordingly, allegations of fraud in the inducement of the entire contract, allegations relating to financial disclosures under franchise laws, and allegations relating to other contracts are not relevant to the Complaint. Thus, to the extent that the Court does not dismiss Kayne's Complaint, only those allegations specifically attacking the validity of the Arbitration Clause can be considered. All other allegations should be stricken as immaterial. *Fantasy, Inc.*, 984 F.2d at 1527.

### A. Paragraphs 11-14 Are Immaterial and Impertinent to Kayne's Causes of Action

In Paragraphs 11-14, Kayne makes a number of immaterial allegations about conduct that purportedly occurred in connection with Kayne's signing of a "Dealer Agreement" before the execution of the Arbitration Provision *Id.* ¶ 11-14. In Paragraph 11, Kayne describes certain actions and representations that he claims caused him and other Signature Dealers to enter into their Dealer Agreements. *Id.* ¶ 11. In paragraph 12, he describes purported representations about "Christian values" that he alleges induced him to sign the Dealer Agreements. *Id.* ¶ 12. In Paragraph 13, he describes some of the terms of the Dealer Agreements and the execution of the Dealer Agreements. *Id.* ¶ 13. In the first sentence of Paragraph 14, he then vaguely characterizes the Dealer Agreements as "part of the background giving rise to TKC's presentation to Kayne of the Application for Credit and Personal Guaranty." *Id.* ¶ 14. Paragraphs 11-13 do not contain a single reference to the Arbitration Provision, a single mention of any of its terms, or even a mention of the Credit Agreement and Personal Guaranty contract in which it is contained. *Id.* ¶¶ 11-13. Moreover, all of the issues discussed in Paragraphs 11-14 were litigated in the San Francisco Arbitration and lost by Kayne. Thus, not only are the allegations in Paragraphs 11-14 irrelevant, but the same claims have been proven to be false in prior litigation. Weir Decl. Exh. 3.

They are immaterial to Kayne's causes of action in this matter – namely that the Arbitration Provision within the Personal Guaranty is invalid – and should be stricken from the Complaint.

### B. Paragraphs 31-34 Are Completely Irrelevant and Immaterial to Kayne's Causes of Action.

Similarly, Paragraphs 31-34 are replete with allegations that have no bearing on the legal theories that Kayne has asserted in this action. *Id.* ¶¶ 31-34. Kayne admits that he cannot assert that the Personal Guaranty is invalid for lack of acceptance or other formation defects because he raised these arguments and lost in the Georgia Action. *See* Complaint, *en passim*. Yet, despite this acknowledgement, Kayne still asserts many of the same defenses in the Complaint. For example, in Paragraph 32, Kayne alleges that TKC did not accept the Personal Guaranty. *Id.* ¶ 32. This is the same defense Kayne asserted in the Georgia Action and lost. In Paragraph 34, Kayne digresses into discussions of how Kayne's and Kayne Galleries' inability to pay for shipments led to the termination of the Dealer Agreements. *Id.* ¶ 34. These allegations, however, have no bearing on whether the Arbitration Clause at issue is enforceable.

Kayne's allegations in Paragraph 33 are perhaps the least relevant of all of his allegations in the Complaint. All of the alleged events described in this Paragraph have nothing to do with the Arbitration Provision. The allegations in this Paragraph include suggestions that: (1) "the high-volume art business that TKC required and encouraged its Signature Dealers…to develop proved to be increasingly unprofitable"; (2) "the Signature Dealers became increasingly disillusioned with TKC's business"; (3) "TKC was exacerbating the situation by flooding the market through excessive sales of mass-produced TKC reproductions to various discounters"; (4) "TKC refused requests to take back its worthless output of art reproductions"; and (5) that "[t]he result, predictably, was that KAG became unable to pay, and did not pay, for the TKC art reproductions that had piled up KAG's inventory." *Id.* These allegations have no bearing on Kayne's claims for relief regarding arbitration procedures under the Personal Guaranty.

Moreover, these allegations were previously litigated in the San Francisco Arbitration and lost. Kayne explicitly states that he does not intend to re-litigate any of the issues raised in the Georgia Action. *Id.* ¶ 45. Yet, many of the issues raised in Paragraphs 31-34 are the exact same

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE — - 6 -   (No. 07-4721 (JF) (RS))

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

issues that were litigated and disposed of in prior actions between the parties. *Id.* ¶¶ 43-45. Paragraphs 31-34 are plainly immaterial to Kayne's contention that the Arbitration Provision within the Personal Guaranty is invalid. Accordingly, they should be stricken from the Complaint.

### C. Paragraphs 40 and 41 Should Similarly Be Stricken From the Complaint as Irrelevant and Immaterial.

Similarly, Paragraphs 40 and 41 are immaterial to Kayne's claims. *Id.* ¶¶ 40-41. These two paragraphs deal solely with two unrelated disputes between TKC and Kayne, which Kayne refers to as "TKC v. Kayne II" and "TKC v. Kayne III," respectively. *Id.* These disputes concerned copyright and trademark infringement by Kayne through cybersquatting and various other attempts by Kayne to undermine the market for TKC products. *See id.* In "TKC v. Kayne II," TKC sued Kayne for holding a number of what he terms "highlighting" events, in which he effectively altered TKC works and sold them for profit, without permission, and in direct competition with TKC's lawful business. In "TKC v. Kayne III," TKC sued Kayne for a series of trademark infringement activities, including operating a billboard truck that advertised in competition with TKC events and cybersquatting. *See id.* ¶ 41. Although Kayne's actions giving rise to "TKC v. Kayne II" and "TKC v. Kayne III" speak volumes about the lengths to which Kayne will go to avoid payment of his debts, neither case has any bearing on the sole issue in this case. As with the other portions of the Complaint addressed in this Motion, this is nothing more than an attempt by Kayne to prejudice the Court by making irrelevant (and misleading) allegations. Accordingly, these allegations should be stricken from the Complaint.

### D. Kayne's References to the Federal Trade Commission Regulations and Federal Franchise Investment Laws are Immaterial and Impertinent to Kayne's Causes of Action.

The Court should strike all references to alleged violations of Federal Trade Commission Regulations because they are legally insufficient to support a cause of action. Kayne generally alleges that TKC was required to make certain disclosures specified in 16 C.F.R. Part 436[4] and,

---

[4] Kayne repeatedly references "16 C.F.R. Part 536" throughout Paragraphs 27-29. Because there does not appear to be any 16 C.F.R. Part 536, TKC will assume that Kayne meant to reference 16 C.F.R. Part 436.

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE — - 7 - — (No. 07-4721 (JF) (RS))

had it made those disclosures, Kayne and Kayne Galleries would not have signed the Credit Agreement and Personal Guaranty. Complaint ¶¶ 27-29. These allegations fail for several reasons.

First, to the extent that Kayne alleges that TKC failed to make disclosures relating to matters other than the Arbitration Provision contained within the Personal Guaranty, his allegations are immaterial and impertinent to the Complaint.

Second, to the extent that Kayne's arguments in Paragraphs 27-29 are based on TKC's alleged failure to make disclosures relating to the Arbitration Provision, they are legally insufficient to support a cause of action. Kayne claims TKC violated 16 C.F.R. Part 436.5, "item 17.u and 17.v." *Id.* ¶ 27. These provisions did not exist when the parties entered any of the agreements at issue here. The disclosure provisions of 16 C.F.R. Part 436 in effect at the time the parties entered their agreements did not require any disclosures relating to alternative dispute resolution clauses. 16 C.F.R. Part 436.5, which contains the requirements regarding disclosure of alternative dispute resolution procedures, first came into effect only four months ago, on July 1, 2007, and its requirements do not even become mandatory until January 1, 2008. Thus, Kayne's allegations that TKC violated the Federal Franchise Investment laws by failing to make certain disclosures regarding the arbitration provision fail and are legally insufficient to support a cause of action.

Courts commonly strike portions of a Complaint that are legally insufficient to support a cause of action. *Provencio v. Defense Technology Corporation of America*, 2007 U.S. Dist. LEXIS 54568, *12-13 (E.D. Cal. July 27, 2007) (striking prayer for punitive damages because punitive damages are unavailable under California law in wrongful death actions); *Drew v. Equifax Information Services*, 2007 U.S. Dist. LEXIS 53157, *18 (N.D. Cal. July 11, 2007) (striking cause of action for violation Cal. Bus. & Prof. Code § 17200 because plaintiff failed to allege the loss of property and money and therefore lacked standing to assert a cause of action pursuant to that section). Accordingly, the Court should strike all allegations regarding Federal franchise laws, including Paragraphs 27-29 and 66, from the Complaint.

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE - 8 - (No. 07-4721 (JF) (RS))

### V. IF ALLOWED TO REMAIN IN THE COMPLAINT, KAYNE'S IMMATERIAL AND IMPERTINENT ALLEGATIONS WILL PREJUDICE TKC.

If allowed to remain in the Complaint, the parties would have to engage in discovery and litigate a litany of immaterial and impertinent allegations. Accordingly, the Court should eliminate these issues to avoid the unnecessary expenditure of time and money. *Sidney-Vinstein*, 697 F. 2d at 885; *Fantasy, Inc.*, 984 F.2d at 1527.

### VI. CONCLUSION

For the foregoing reasons, the Court should strike Paragraphs 11-14, 27-29, 31-34, 40, 41 and 66 from the Complaint.

Dated: October 4, 2007

McDERMOTT WILL & EMERY LLP
DANA N. LEVITT, PC
CHARLES E. WEIR
JASON D. STRABO

By: /s/
Charles E. Weir
Attorneys for Defendant
THE THOMAS KINKADE COMPANY

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT THE THOMAS KINKADE COMPANY'S MOTION TO STRIKE

- 9 -

(No. 07-4721 (JF) (RS))