1   CHARLES L. COLEMAN, III (CA. Bar No. 65496)
2   ANDREW T. CAULFIELD (CA. Bar No. 238300)
    HOLLAND & KNIGHT LLP
3   50 California Street, 28th Floor
    San Francisco, California 94111
4   Telephone: (415) 743-6900
    Facsimile: (415) 743-6910
5   charles.coleman@hklaw.com
    andrew.caulfield@hklaw.com
6
    Attorneys for Plaintiff
7   DAVID KAYNE

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10         SAN JOSE DIVISION – **E-FILING**

| | |
|---|---|
| DAVID KAYNE, an individual citizen of Georgia, | Case No. C 07-4721 JF (RS) |
| Plaintiff, | **PLAINTIFF DAVID KAYNE'S REPLY BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| vs. | |
| THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation, | **Hearing Date: Submitted 10/5/07**<br>**Hearing Time: n.a.**<br>**Courtroom: 3, 5th Floor** |
| Defendant. | |

## I.   <u>PRELIMINARY STATEMENT IN REPLY</u>

    Defendant The Thomas Kinkade Company ("TKC") has filed both an opposition to plaintiff's request for injunctive relief and (as of today) an overlapping and largely similar motion to dismiss the complaint herein under Rule 12(b)(6), noticed for hearing on November 30, 2007. It is not the function of this reply brief to address at this time all of the issues raised by TKC in its motion. Mr. Kayne has substantial disagreements with the arguments presented in TKC's motion and intends to present those in his opposition to TKC's motion on November 9. The function of this reply brief is to focus on key issues surrounding Mr. Kayne's request for interim relief, in the form of injunctive relief to preserve the *status quo*.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF             CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

The U.S. Supreme Court has stated that: "Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth.  For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person.  It therefore is to be invoked only after careful inquiry." *Brown v. Felsen*, 442 U.S. 127, 132 (1979).   As noted by the Ninth Circuit in *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1321 (9th Cir. 1992):

> The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. *United States v. Lasky,* 600 F.2d 765, 769 (9th Cir.), *cert. denied,* 444 U.S. 979 . . . (1979). "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *Id.*
>
> . . . .
>
> By definition, res judicata bars only those grounds for recovery which could have been asserted in the prior litigation. . . . If a claim could not have been asserted in prior litigation, no interests are served by precluding that claim in later litigation.

Here, TKC has not shown a high likelihood of meeting these tests for the purposes of  injunctive relief, particularly bearing in mind that it will suffer no cognizable harm if its arbitration is merely delayed beyond the November 30 hearing date on its now-filed motion to dismiss.

TKC's response to Mr. Kayne's challenge to its unconscionable "expedited" arbitration procedure is long on explanations as to why Mr. Kayne should now be precluded from making this argument and very short on explanations of why TKC's effort to apply its "no witness" procedure in a yet-to-be-conducted arbitration is not unconscionable. TKC seeks to side-step the truth by pretending that the issue of unconscionability was or "should have been" raised before Judge Pannell, even though the argument did not exist until the Ninth Circuit's decision in *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 1997) ("*Nagrampa*"). For the reasons set out

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF                    CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

1    below (and to be expanded in Mr. Kayne's November 9 opposition to TKC's motion

2    to dismiss), TKC should not be allowed to get away with this.

3    **II.    UNDER THE NINTH CIRCUIT'S FOUR-PART TEST, THE MATTERS**

4    **RAISED IN THE PRESENT ACTION ARE NOT THE SAME AS THOSE**

5    **BEFORE JUDGE PANNELL**

6           At the outset, it is important to note that "[b]ecause res judicata is a defense,

7    [the courts] view all facts in the light most favorable to the plaintiff." *Chao v. A-One*

8    *Medical Services, Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).  It also is noteworthy that

9    Mr. Kayne's unconscionability claim is not a claim or cause of action for which he is

10   seeking money damages from TKC, but is instead a recently-recognized *defense* to

11   an arbitration that has not yet occurred.

12          One of the few areas of agreement between Mr. Kayne and TKC is that the

13   Ninth Circuit has recognized a four-part test in determining whether successive

14   actions involve the same cause of action: "(1) whether the rights or interests

15   established in the prior judgment would be destroyed or impaired by prosecution of

16   the second action; (2) whether substantially the same evidence is presented in the

17   two actions; (3) whether the two suits involve infringement of the same right; and

18   (4) whether the two suits arise out of the same transactional nucleus of facts." *In re*

19   *International Neutronics, Inc.,* 28 F.3d 965, 969 (9th Cir. 1994), *citing Clark v. Bear*

20   *Stearns & Co., supra,* 966 F.2d at 1320.   These factors must be examined subject to

21   the *caveat* that, by definition, res judicata "bars only those grounds for recovery

22   which could have been asserted in the prior litigation"; here, such grounds could not

23   have been asserted because they did not exist.

24   //

25   //

26   //

27   //

28

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF                CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

1

**A.**    **The Limited Rights and Interests Established in the Georgia**

2      **Litigation Will Not Be Impaired by Examining the**

3      **Unconscionability of the "Expedited" Arbitration Clause**

4          At issue in the Georgia litigation was the question whether the "Personal

5    Guaranty" accompanying the "Application for Credit" were the following issues:

6    (1) Whether the "Personal Guaranty" was supported by consideration; (2) Whether

7    the "Personal Guaranty" had been accepted by TKC; and (3) Whether the reference

8    in the "Personal Guaranty" to "the above arbitration clause" (in the "Application for

9    Credit") constituted an agreement by Mr. Kayne to arbitrate issues of his personal

10   liability under the Guaranty.  Mr. Kayne acknowledges that Judge Pannell ruled

11   against him on these issues and that the Eleventh Circuit has just affirmed those

12   rulings.[1] As the Eleventh Circuit's decision confirms, however, the issues presented

13   in the Georgia litigation involved only the foregoing issues as to whether an

14   agreement was formed between Mr. Kayne and TKC, and not the entirely separate

15   question – presented for the first time by the Ninth Circuit's decision in *Nagrampa*

16   well after the Georgia case had been submitted to Judge Pannell – as to whether

17   such an agreement, if formed, is *unconscionable*.

18         The Georgia litigation established that TKC had a contract with Mr. Kayne,

19   in the form of a "Personal Guaranty",  calling for arbitration of disputes arising

20   under the "Personal Guaranty".  This finding, as such, would not be affected by the

21   limited relief that Mr. Kayne seeks here, which is a determination that the

22   arbitration clause in the agreement is unconscionable.

23   //

24   //

25

26   [1]      Counsel for TKC have supplied a copy of the Eleventh Circuit's ruling in the
     supplemental declaration of Charles E. Weir relating to Mr. Kayne's motion, filed
27   today.  (Document 33).

28

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF                    CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

## B.   Different Evidence Is at Issue Here

In the Georgia action, the evidence necessarily focused on whether TKC had given consideration in exchange for the Personal Guaranty signed by Mr. Kayne, and in particular whether it had extended credit to Mr. Kayne personally as a suitable form of acceptance.  *See* the Eleventh Circuit's decision (Document 33 in these proceedings).  Also at issue in the Georgia proceedings was whether the arbitration clause applied, by its terms, to Mr. Kayne personally.   None of those issues is present in the instant action, which involves entirely separate issues that *assume* the existence of an agreement between Mr. Kayne and TKC to arbitrate, but present distinct issues not addressed in the Georgia decision, such as: (1) The procedural unconscionability that attended Mr. Kayne's entering into the agreement for "expedited" arbitration;[2] and (2) The substantive unconscionability of the "expedited" arbitration procedures as TKC seeks to apply them here.  In short, it is axiomatic that the evidence relevant to contract formation (consideration, acceptance by TKC's action, *etc.*) are not "substantially the same" as the evidence of substantive and procedural unconscionability presented here.

## C.   The Two Actions Do Not Involve "Infringement of the Same Right".

As noted, these matters involve defenses being raised by Mr. Kayne to an arbitration that has yet to occur.  In the Georgia proceedings, Mr. Kayne sought to vindicate his right not to be subject to an arbitration clause when he did not, so he asserted, actually have a binding agreement to arbitrate. *See First Options of*

---

[2]      In this regard, TKC continues to suggest that Mr. Kayne raised various arguments (including arguments based on the franchise laws) in the earlier arbitration proceedings between TKC and Kayne Art Galleries of Georgia, Inc. ("KAG").  *See* TKC's opposition brief at 5-7.  By making this argument, TKC continues to ignore the rulings of Judge Illston (affirmed by the Ninth Circuit) that Mr. Kayne did *not* personally participate in that arbitration and is *not* personally bound by it.  *See* Coleman Dec. in support of motion, Exhibit  5 (attaching the Ninth Circuit's decision to this effect).

---

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF               CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

1  *Chicago v. Kaplan*, 514 U.S. 938, 943-44 (1995) and *Ralph Andrews Production, Inc.*

2  *v. Writers Guild*, 938 F.2d 128 (9th Cir. 1991).  Here, the right (or defense) that Mr.

3  Kayne seeks to vindicate is the one recognized for the first time in *Nagrampa*  -- to

4  be free from an arbitration clause that is unconscionable under California law.[3]

5      **D.    The Georgia Action Did Not Arise Out of the Same "Nucleus**

6           **of Facts".**

7      While it is undeniable that the Georgia action involved the same agreements

8  (the "Personal Guaranty" and "Application for Credit") implicated here, the relevant

9  facts in determining unconscionability are different.  The issue of unconscionability

10  simply was not presented to Judge Pannell in the Georgia proceedings, and for a

11  very good reason—the issue did not arise until *Nagrampa* was decided by the Ninth

12  Circuit.

13  **III.   MR. KAYNE'S DEFENSE BASED ON *NAGRAMPA* COULD NOT HAVE**

14       **BEEN ASSERTED BEFORE JUDGE PANEL BECAUSE IT DID NOT**

15       **EXIST AT THE TIME THE CASE WAS SUBMITTED TO JUDGE**

16       **PANEL.**

17      TKC asserts that Mr. Kayne could have, and should have, raised the

18  unconscionability of the arbitration clause in TKC's agreements before Judge

19  Pannell.  Examination of the docket of those proceedings makes it clear that this

20  assertion is unsustainable.  *See* the Reply declaration of Charles L. Coleman

21

22  _____

23  [3]     In its opposition brief at 12-13, TKC seeks to portray Mr. Kayne as having
    "flip-flopped" on various issues.  This effort depends on mischaracterizing Mr.
24  Kayne's positions, as will be more fully explained in Mr. Kayne's opposition to
    TKC's motion.   For present purposes, it suffices to point out that TKC's smoke
25  screen on the applicability of California law should not obscure its admission
    (buried in footnote 5 , page 12 of its opposition) that TKC admits that California law
26  applies to Mr. Kayne's defense of unconscionability under *Nagrampa*. Whether
    Georgia law should, indeed, apply to issues of contract formation raises questions of
27  depecage that are beyond the scope of this case.  *See generally,* Willis L.M. Reese,
    *Depecage: A Common Phenomenon in Choice of Law*, 73 Columbia L.Rev. 58 (1973).

28  _____

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF                    CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

1    ("Coleman Reply Dec.") in support of temporary restraining order, attaching as

2    Exhibit 1 a copy of that docket.

3           As reflected in the docket of the Georgia proceedings (Exhibit 1 to the

4    Coleman Reply Dec.), the proceeding was removed to the district court in Georgia on

5    September 12, 2006.  The docket reflects that on October 6, 2006, TKC filed a

6    motion to compel arbitration and to dismiss Mr. Kayne's claims. There followed a

7    series of briefs, replies, requests for sur-reply and motions by both sides.   The

8    docket also reflects that briefing of the issues before Judge Panel – which did *not*

9    include issues of unconscionability – was substantially completed by late November,

10   2006.   While Judge Pannell allowed the filing of a Second Amended Complaint in

11   March-April of 2007, this occurred pursuant to a request made months earlier.

12          The *en banc Nagrampa* decision was not filed until December 4, 2006, and

13   clearly could not have come to the attention of Mr. Kayne's Georgia counsel before

14   then.  The decision clearly broke new ground in the area of unconscionability of

15   arbitration clauses under California law, and it is difficult to understand how TKC

16   can seriously contend otherwise.  The court's *en banc* decision certainly was new to

17   the Ninth Circuit panel whose decision was reversed, to the dissenting judges, and

18   to numerous legal commentators who viewed it as a significant new development.

19   It is understandable why TKC should seek to shield its yet-to-be conducted

20   California arbitration from scrutiny under *Nagrampa*, but clearly Judge Pannell's

21   decision regarding contract formation does not provide a sufficient basis for TKC

22   now to proceed with a manifestly unfair and unconscionable arbitration provision.

23   //

24   //

25   //

26   //

27   //

28
- 7 -

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF                    CASE NO. C 07-4721 JF (RS)
MOTION FOR T.R.O. AND PRELIMINARY INJUNCTION

**IV.  SINCE TKC ACKNOWLEDGES MR. KAYNE HAS THE RIGHT TO RAISE UNCONSCIONABILITY DEFENSES IN ORDER TO VACATE THE AWARD, IT CAN SUFFER NO PREJUDICE BY HAVING THAT ISSUE RESOLVED NOW.**

Finally, and perhaps most importantly, TKC makes the following statement or admission in its opposition brief (at page 20, lines 5-9):

> Indeed, as Kayne acknowledges, he *will have the opportunity to present* his unconscionability defenses after the arbitration.  If, Kayne's unconscionabilty claim is correct (and it is not), *any arbitration award based on the unconscionable arbitration provisions in the Credit Agreement and Personal Guaranty would be vacated.*  [Italics added].

If this is a correct statement of TKC's position, then it makes little sense for it to engage in such exertions to resist Mr. Kayne's motions and to dismiss his complaint, only to have the issue presented after an arbitral award.

**V.  CONCLUSION**

For the foregoing reasons, Mr. Kayne respectfully submits that no harm will come to TKC if  (as Mr. Kayne requests) the arbitration is deferred until after it is determined whether the arbitration clause on which it is based is valid under the Ninth Circuit's recently-articulated test in *Nagrampa*.  This will save the parties a trip back to court after the arbitration where the same issues would be presented, and it would prevent Mr. Kayne from having to face the prospect of an arbitration in an atmosphere of uncertainty as to whether the arbitration provision on which it is based is valid.

Dated:  October 4, 2007                          HOLLAND & KNIGHT LLP

By:  Charles L. Coleman, III

Attorneys for Plaintiff
DAVID KAYNE

- 8 -