1  CHARLES L. COLEMAN, III (CA. Bar No. 65496)
   ANDREW T. CAULFIELD (CA. Bar No. 238300)
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California 94111
   Telephone: (415) 743-6900
4  Facsimile: (415) 743-6910
   charles.coleman@hklaw.com
5  andrew.caulfield@hklaw.com

6  Attorneys for Plaintiff
   DAVID KAYNE
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION  **E-Filing**

11

12  DAVID KAYNE, an individual citizen    )  Case No.        C 07-4721 SI
    of Georgia,                           )  Related Case:   C 04-00186 SI
13                                        )
                   Plaintiff,             )  **PLAINTIFF'S OPPOSITION TO**
14                                        )  **DEFENDANT'S MOTION TO**
            vs.                           )  **STRIKE PARAGRAPHS 11-14, 27-29,**
15                                        )  **31-34, 40-41 and 66 OF PLAINTIFF'S**
    THE THOMAS KINKADE COMPANY,           )  **FIRST AMENDED COMPLAINT**
16  formerly known as MEDIA ARTS          )
    GROUP, INC., a Delaware Corporation,  )  Hearing Date: December 7, 2007
17                                        )  Hearing Time: 9:00 a.m.
                   Defendant.             )  Before:       Hon. Susan Illston
18  _____   )

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFF'S OPPOSITION TO                              Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT IN OPPOSITION
     TO DEFENDANT TKC'S MOTION TO STRIKE ....................................................1

     A.   Procedural Background...........................................................................1

     B.   Summary of Argument in Opposition to TKC's Motion To Strike .................2

II.  STANDARD OF REVIEW .................................................................................3

     A.   Motions To Strike Are Disfavored by Federal Courts.................................3

     B.   Standards for Evaluating Rule 12(f) Motions To Strike..............................4

     C.   Liberal Pleading Rules Allow Plaintiff To State Pertinent
          Background Information in His Complaint........................................................5

     D.   TKC Cannot Seriously Claim Prejudice from the Allegations. .......................6

III. PARAGRAPHS 11-14, 27-29, 31-34, 40-41 AND 66 SHOULD NOT BE
     STRUCK FROM THE FIRST AMENDED COMPLAINT. ......................................7

     A.   Paragraphs 11-14 Provide Background of Procedural
          Unconscionability of Personal Guaranty at Issue in Mr. Kayne's
          Complaint........................................................................................................7

     B.   Paragraphs 27-29 Pertain to TKC's Duty To Disclose and to
          Mr. Kayne's Claims Under the California Unfair Competition Law.............9

     C.   Paragraphs 31-34 Describe Procedural Unconscionability of the
          Arbitration Clause in the Personal Guaranty as Part of a Contract
          of Adhesion....................................................................................................11

     D.   Paragraphs 40 and 41 Provide Background Information on Other
          Suits Between the Parties Relevant to the Claims of Procedural
          Unconscionability and Unfair Competition.....................................................12

     E.   Paragraph 66 Discusses California Unfair Competition Law,
          Relevant to Claims of Procedural Unconscionability. ....................................12

IV.  CONCLUSION ...............................................................................................14

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE                    Case No. C 07-4721 SI

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bassiri v. Xerox Corp.,*
  292 F. Supp. 2d 1212 (C.D. Cal. 2003) ..................................................................... 4

*Beureerong v. Uvawas,*
  922 F. Supp. 1450 (C.D. Cal. 1996) ..................................................................... 3, 7

*California Department of Toxic Substances Control v. Alco Pacific, Inc.,*
  217 F. Supp. 2d 1028 (C.D. Cal. 2002) ..................................................................... 4

*California v. United States,*
  512 F. Supp. 36 (N.D. Cal. 1981) ..................................................................... 3

*Colaprico v. SUN Microsystems, Inc.,*
  758 F. Supp. 1335 (N.D. Cal. 1991) ............................................................. 3, 5, 6, 8

*Fantasy, Inc. v. Fogarty,*
  984 F.2d 1524 (9th Cir. 1993) ..................................................................... 4

*Fuchs Sugars & Syrups v. Amstar Corp.,*
  402 F. Supp. 636 (S.D.N.Y. 1975) ..................................................................... 6, 12

*Gay-Straight Alliance Network v. Visalia Unified School Dist.,*
  262 F. Supp. 2d 1088 (E.D. Cal. 2001) ..................................................................... 4

*Gilligan v. Jamco Develop. Corp.,*
  108 F.3d 246 (9th Cir. 1997) ..................................................................... 5

*In re "Agent Orange" Prod. Liab. Lit.,*
  475 F. Supp. 928 (E.D.N.Y. 1979) ..................................................................... 6

*In re Genentech, Inc. Securities* Litigation,
  1989 WL 106834, at p. *3 (N.D. Cal. 1989) ..................................................................... 5

*Jenkins v. McKeithen,*
  395 U.S. 411 (1969) ..................................................................... 5

*Lazar v. Trans Union LLC,*
  195 F.R.D. 665 (C.D. Cal. 2000) ..................................................................... 3

-i-

*LeDuc v. Kentucky Cent. Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992) ........................................................................... 3

*Nagrampa v. Mailcoups, Inc.*,
    469 F.3d 1257 (9th Cir. 2006) ........................................................... 5, 8, 11

*Pease & Curren Ref.., Inc. v. Spectrolab, Inc.*,
    744 F. Supp. 945 (C.D. Cal. 1990) ........................................................................... 3

*Rennie & Laughlin, Inc. v. Chrysler Corp.*,
    242 F.2d 208 (9th Cir. 1957) ........................................................................... 3

*Thornton v. Solutionone Cleaning Concepts, Inc.*,
    2007 WL 210586, at p. *1 (E.D. Cal. 2007) ........................................................... 3

*United States v. City of Redwood City*,
    640 F.2d 963 (9th Cir. 1981) ........................................................................... 3


**STATE CASES**

*California Service Station and Automotive Repair Ass'n. v. Union Oil Co.*,
    232 Cal. App. 3d 44 (1st. Dist. 1991) ..................................................................... 10

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
    20 Cal. 4th 163 (1999) ........................................................................... 10, 13


**STATE STATUTES**

California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)................ 10, 13

California Franchise Investment Law
    (California Corporations Code §§ 31000, *et seq.*) ................................................. 10


**RULES**

Fed. R. Civ. P. 1 ........................................................................................................... 5

Fed. R. Civ. P. 8 ...................................................................................................... 5, 6

Fed. R. Civ. P. 8(a) ..................................................................................................... 6

-ii-

Fed. R. Civ. P. 12(b)(6)............................................................ 3

Fed. R. Civ. P. 12(f)................................................................ 3, 4


**REGULATIONS**

16 C.F.R. Part 436 ................................................................ 9, 10


**TREATISES**

Schwarzer, et al., *Federal Civil Procedure*, § 9:375...................... 3

5 Charles Wright & Arthur Miller, Federal Practice & Procedure, § 1381 ............... 4

-iii-

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT IN OPPOSITION TO  DEFENDANT TKC'S MOTION TO STRIKE**

A.  **Procedural Background**

The original complaint of plaintiff David Kayne ("Plaintiff" or "Mr. Kayne") was filed on September 13, 2007 and assigned to Judge Fogel.  On October 4, 2007, defendant The Thomas Kinkade Company ("TKC") filed a motion to strike certain paragraphs of the original complaint and a separate motion to dismiss the original complaint.  Thereafter, on October 17-19, 2007, the court entered orders reassigning this case to Judge Illston and re-setting the hearing date for TKC's motions to December 7, 2007.

On October 26, 2007, the parties filed a stipulation and proposed order allowing for the filing of a First Amended Complaint by Mr. Kayne but preserving the December 7 hearing date on TKC's motions.  In essence, the parties stipulated that TKC's motions (which were initially directed toward the original complaint) would be deemed to apply to corresponding provisions in the First Amended Complaint[1] so that no further responsive pleading would be required from TKC. The Court approved this stipulation and proposed Order on October 29, 2007.  On November 2, 2007, Plaintiff electronically filed his First Amended Complaint pursuant to the stipulation and Order of October 29.  Plaintiff now respectfully submits this opposition to TKC's motion to strike paragraphs 11-14, 27-29, 31-34, 40-41 and 66 of his First Amended Complaint (hereinafter, "FAC").[2]

---

[1]    To avoid any confusion in ruling on TKC's motion, the First Amended Complaint preserves the same paragraph numbering that was in the initial complaint.  In a few instances (which will be noted below), Plaintiff made corrections in the First Amended Complaint that eliminated some allegations that were the subject of TKC's motion to strike.  Apart from those few instances, however, Plaintiff stands by the allegations of his original complaint, has reiterated them in the First Amended Complaint, and submits that these allegations should not be struck.

[2]    Plaintiff is filing a separate opposition to TKC's motion to dismiss the FAC.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE                    Case No. C 07-4721 SI

**B.    Summary of Argument in Opposition to TKC's Motion To Strike**

Mr. Kayne's First Amended Complaint ("FAC)" is twenty-one pages (71 paragraphs) in length, plus two contractual exhibits.  The FAC sets out four causes of action and, in the course of doing so, summarizes a fairly extensive series of prior dealings and prior litigation between Mr. Kayne (and his company, Kayne Art Galleries of Georgia, Inc.) and TKC.  This background information is pertinent to Mr. Kayne's claims in the FAC for a number of reasons.  First, it forms part of the backdrop of procedural unconscionability relating to the contract of adhesion (the "Personal Guaranty") that is the subject of this case.  Second, the FAC addresses matters that relate to Mr. Kayne's objections to the enforcement of the Personal Guaranty and requires the calling of witnesses – something the TKC's "expedited" arbitration procedure that is the subject of the FAC prohibits.   Further, it is ironic that TKC objects to Mr. Kayne's statement of the past dealings between the parties in the FAC because TKC's alternative motion (to dismiss) is in fact premised on TKC's attempted re-characterization of these prior dealings.  Finally, the background information in the FAC was pertinent to the Court's determination to relate this case to the previous proceedings before this Court in its Case No. 04-00186 SI.  In essence, TKC seeks in the present motion to selectively "air brush" out of the background information in the FAC certain passages that it finds to be embarrassing to TKC or inconsistent with TKC's views.   TKC is not entitled to such relief.

Motions to strike are disfavored because they are inconsistent with the liberal pleading rules observed in the federal courts.  While TKC is correct that the issue presented by the FAC—the enforceability of an "expedited" arbitration procedure that would have required a small Georgia business man to defend against a claim for over $1.15 million in a California "no witnesses" arbitration—is a narrow

- 2 -

1   and focused one, it does not follow that the allegations in the FAC are completely

2   immaterial to the Court's resolution of that issue.  Moreover, TKC has no basis on

3   which to complain of "prejudice" as a result of this handful of factual allegations,

4   and in any event, will suffer no prejudice from their presence.  Accordingly, and for

5   the reasons set out more fully below, TKC's motion to strike should be denied.

6   **II.   STANDARD OF REVIEW**

7       **A.   Motions To Strike Are Disfavored by Federal Courts.**

8       In *Beureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996), Judge

9   Collins noted that:

10  > Rule 12(f) motions are generally "disfavored" because they are "often used as
    > delaying tactics, and because of the limited importance of pleadings in federal

11  > practice." Schwarzer, et al., *Federal Civil Procedure* §9:375 (citing *Colaprico*
    > *v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

12

13      Similarly, in *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000),

14  Judge Tevrizian described the court's treatment of Rule 12(f) motions as follows :

15  > Motions to strike are generally viewed with disfavor and are not frequently
    > granted. *Pease & Curren Ref.., Inc. v. Spectrolab, Inc.,* 744 F.Supp. 945, 947

16  > (C.D. Cal. 1990).  Further, courts must view the pleadings under attack in
    > the light more favorable to the pleader. *California v. United States,* 512

17  > F.Supp. 36, 39 (N.D. Cal. 1981).  Motions to strike are "generally not granted
    > unless it is clear that the matter to be stricken could have no possible bearing

18  > on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.,*
    > 814 F.Supp. 820, 830 (N.D. Cal. 1992).  Indeed, "a case should be tried on the

19  > proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.,*
    > 242 F.2d 208, 213 (9th Cir. 1957). . . . . In considering a motion to dismiss

20  > pursuant to Fed.R. Civ. P. 12(b)(6) the Court must assume that plaintiffs'
    > allegations are true, and must construe plaintiffs' complaint in the light most

21  > favorable to plaintiffs. *United States v. City of Redwood City,* 640 F.2d 963,
    > 967 (9th Cir. 1981).

22

23      More recently, in *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL

24  210586, at p. *1 (E.D. Cal. 2007), Judge Ishii also recognized the disfavored status

25  of Rule 12(f) motions in cases in this circuit:

26

27

28
                                                   - 3 -

PLAINTIFF'S OPPOSITION TO                                            Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE

Motions to strike are generally viewed with disfavor and are not frequently granted. *See Bassiri v. Xerox Corp.*, 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003). Courts must view the pleading under attack in the light more favorable to the pleader. [*Id.*] ..."[M]otions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

TKC's motion to strike comes nowhere close to meeting the standards required to strike the allegations of Mr. Kayne's complaint. *See generally, California Department of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002) ("*Alco Pacific*") (summarizing disfavored status of motions to strike and citing further cases).

### B.    Standards for Evaluating Rule 12(f) Motions To Strike

Rule 12(f) provides that certain allegations may be stricken if they are "immaterial," that is, having "no essential or important relationship to the claim for relief" or if they are redundant, impertinent or scandalous. Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994) ("*Fantasy*").[3]

When there is *any* doubt as to the relevance of allegations, courts err on the side of permitting the allegations to stand. As stated in *Alco Pacific, supra,* 217 F. Supp. 2d at 1033:

> Even when the defense presents a purely legal question, ... courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." 5 Charles Wright & Arthur Miller, Federal Practice & Procedure, § 1381, at pp. 800-01.

[3]    In *Fantasy,* the court of appeals reviewed the district court's decision on the motion to strike under an "abuse of discretion" standard in view of the court's wide discretion in such matters. 984 F.2d at 1527. The court of appeals affirmed the granting of the motion to strike based on matters such as the conclusion that ". . . the stricken allegations would have unnecessarily complicated the trial of the copyright claim by requiring the introduction of extensive evidence of the tax plan agreements and a mass of related documents, potentially adding weeks to the trial." *Id.* at 1528. This is a far cry from the handful of background allegations that are the target of TKC's motion here.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE

Case No. C 07-4721 SI

1   For reasons set forth more fully below, the paragraphs at issue do bear on the

2   FAC's allegation that the "Personal Guaranty" that is the subject of the complaint

3   was a contract of adhesion and that application of the "expedited" arbitration clause

4   (and any resulting arbitral award) would be unconscionable under the standards

5   recently articulated by the Ninth Circuit in *Nagrampa v. Mailcoups, Inc.,* 469 F.3d

6   1257 (9th Cir. 2006).  If there is any doubt as to the relevance of these paragraphs

7   (and there should not be), the Court should permit the paragraphs to remain.

8   **C.     Liberal Pleading Rules Allow Plaintiff To State Pertinent**

9   **Background Information in His Complaint.**

10  The federal pleading requirements are quite liberal.  Fed. R. Civ. P. 1, 8(f).

11  Additionally, pleadings are construed liberally *in favor of the pleader*, and in any

12  challenge to the sufficiency of a complaint, all of its material allegations are taken

13  as true.  *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Gilligan v. Jamco Develop.*

14  *Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).  Under this liberal pleading standard, Mr.

15  Kayne should be allowed to allege in his complaint any facts surrounding his claim

16  that TKC's "expedited" arbitration clause is unconscionable and should not be

17  enforced.

18  Allegations supplying background or historical material or other matter of an

19  evidentiary nature will not be stricken unless unduly prejudicial to a defendant.

20  *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D. Cal. 1992).  Here,

21  TKC seeks to pick apart certain portions of Mr. Kayne's complaint by viewing them

22  in isolation.  Such an approach has been rejected by the courts.  *See Colaprico v.*

23  *SUN Microsystems, Inc.,* 758 F. Supp. 1335, 1340 (N.D. Cal. 1991), where the court

24  stated that it:

25  . . . rejects defendants' implied assertion that the paragraphs of a complaint
    can be viewed in isolation.  Instead, as District Judge Jensen held in *In re*
26  *Genentech, Inc. Securities Litigation* . . . [1989 WL 106834 at p. *3] (N.D. Cal.
    1989), the many statements "must be viewed as part of a 'mosaic' to see if
27  these statements, in the aggregate, created a misleading impression. "

28
PLAINTIFF'S OPPOSITION TO                                    Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE

1    In *Colaprico*, the court rejected defendants' effort to strike paragraphs from the

2    complaint referring to the defendants' true statements on the ground that such

3    statements could not have been relevant to a pattern of deception.  Here, the court

4    should view the paragraphs that are the target of TKC's motion as part of the

5    factual mosaic that Mr. Kayne is permitted to plead in support of his claims of

6    unconscionability and unfair business practices under California law.  *See also,*

7    *Fuchs Sugars & Syrups v. Amstar Corp.*, 402 F. Supp. 636, 637-38 (S.D.N.Y. 1975)

8    (where plaintiff's antitrust complaint made reference to an earlier antitrust decree

9    against defendant, defendant's motion to strike was denied because it "may carry

10    weight" at trial and it was no more prejudicial to defendant than the other

11    allegations in the complaint).

12        Mr. Kayne's FAC is clear and succinct, and complies with the requirements of

13    Rule 8(a) calling for a "short and plain statement" of his claims.  Mr. Kayne's

14    averments are "simple, concise and direct" (Fed. R. Civ. P. 8(e)), and TKC does not

15    appear to contend otherwise.  TKC's motion to strike applies to no more than

16    fourteen relatively short paragraphs of background information.  Accordingly, Mr.

17    Kayne's modest complaint bears no resemblance to the one at issue in *In re "Agent*

18    *Orange,"* where the court granted defendants' motion to strike the plaintiff's 425

19    paragraphs of background corporate information, finding that requiring defendants

20    to answer to these 425 paragraphs would be unduly burdensome.  *In re "Agent*

21    *Orange" Prod. Liab. Lit.*, 475 F. Supp. 928, 936 (E.D.N.Y. 1979).  Prior court

22    proceedings give context and background to the FAC, just as in *Fuchs Sugars*, and

23    should not be stricken.

24        **D.    TKC Cannot Seriously Claim Prejudice from the Allegations.**

25        TKC has failed to allege any actual facts showing unfair prejudice to it if the

26    Court denies the motion to strike.  *See* TKC Motion to Strike at page 9.  Instead,

27

28

- 6 -

1   TKC merely complains (incorrectly) that certain allegations, when viewed in

2   isolation or as misconstrued by TKC, are "immaterial and impertinent".   TKC's

3   complaints simply lack merit or substance.

4   **III.    PARAGRAPHS 11-14, 27-29, 31-34, 40-41 AND 66 SHOULD NOT BE**

5   **STRUCK FROM THE FIRST AMENDED COMPLAINT.**

6   After reviewing the fourteen paragraphs of the FAC that are the subject of

7   TKC's motion to strike, it is frankly difficult to see what all the excitement is about.

8   These paragraphs contain, by and large, background information that Mr. Kayne

9   reasonably considers to be pertinent to his claims.  They do not represent

10  "scandalous" material.[4]  Clearly these paragraphs should be allowed to remain in

11  the FAC.

12  **A.    Paragraphs 11-14 Provide Background of Procedural**

13  **Unconscionability of Personal Guaranty at Issue in Mr. Kayne's**

14  **Complaint.**

15  Paragraphs 11-14 of the FAC describe the circumstances leading up to Mr.

16  Kayne being induced to sign the "Personal Guaranty" that has been found to

17  incorporate an "expedited" arbitration procedure to be conducted in California.  Part

18  of the inducement for (and need for) an "Application for Credit" and "Personal

19  Guaranty" was Mr. Kayne's business being obligated to purchase minimum

20  amounts of TKC art products and make a minimum amount of annual sales.  If it

21  were not for these underlying arrangements, there would not have been an occasion

22  for an "Application for Credit" or "Personal Guaranty".  Moreover, the atmosphere

23

24  [4]    *Compare Uvawas, supra,* 922 F. Supp. at 1479, where the court agreed "that
    the term 'Slave Sweatshop' is immaterial, scandalous, highly prejudicial and should
25  be stricken", even though claims for punitive damages for intentional payment of
    below-minimum wages were allowed and not stricken.  In its motion, TKC does not
26  complain (nor can it) that Mr. Kayne has called it bad names or has used
    inflammatory labels to dramatize his background factual allegations.  Instead, it is
27  the actual substance of Mr. Kayne's factual averments that TKC seeks to strike.

28
    PLAINTIFF'S OPPOSITION TO                                    Case No. C 07-4721 SI
    DEFENDANT'S MOTION TO STRIKE

1    of "mutual trust" and "Christian values" being marketed by TKC to its dealers

2    (including Mr. Kayne) was very much part of the procedural unconscionability

3    analysis applicable to the arbitration clause that is the subject of this dispute,

4    under the Ninth Circuit's analysis in its *en banc* decision in *Nagrampa v.*

5    *Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) ("*Nagrampa*").  Accordingly, there is

6    nothing "impertinent" about the circumstances surrounding Mr. Kayne's execution

7    of the agreements containing the arbitration provisions that are the subject of the

8    FAC.

9         Nevertheless, at pages 5-6 of its motion, TKC argues that paragraphs 11-14

10   should be stricken.  TKC's theory seems to be that these paragraphs do not make

11   sufficient reference to the arbitration provision, even though they refer to the

12   "mosaic" of deception that surrounded the execution of the agreements containing

13   that provision. *See Colaprico, supra,* 758 F.Supp. at 1340.  TKC's argument is

14   devoid of merit.  Moreover, TKC's argument fails to grasp the significance of the

15   *Nagrampa* decision, in which the Ninth Circuit for the first time clarified that

16   challenges affecting the procedural unconscionability of an agreement may be

17   addressed by a court (and not the arbitrator) in determining whether the

18   arbitration provision is unconscionable.[5]

19        TKC also argues that "all of the issues discussed in Paragraphs 11-14 were

20   litigated in the San Francisco Arbitration and lost by Mr. Kayne".  TKC Motion to

21   Strike at 5:24-26.  Evidently, TKC still has difficulty comprehending that (as this

22   Court and the Ninth Circuit have confirmed), Mr. Kayne did *not* participate in (and

23   was not bound by) the San Francisco Arbitration (which properly dealt with the

24   Dealer Agreements between TKC and Kayne Art Galleries of Georgia, Inc. and not

25   the Personal Guaranty signed by Mr. Kayne). *See* FAC, ¶¶ 37-39.  Thus, the facts

26   _____

      [5]    The *Nagrampa* decision and its significance are discussed more fully in

27   Plaintiff's opposition to TKC's motion to dismiss.

                                              - 8 -
28   PLAINTIFF'S OPPOSITION TO                              Case No. C 07-4721 SI
     DEFENDANT'S MOTION TO STRIKE

1  stated in paragraphs 11-14 of the FAC have not been "proven to be false," as

2  asserted in TKC's Motion to Strike at 5:26-27.  These facts may be disputed by TKC

3  in the current action where Mr. Kayne asserts the arbitration provision of the

4  Personal Guaranty is procedurally and substantively unconscionable and

5  unenforceable, but they certainly should not be struck simply because TKC

6  disagrees with them.  Instead, TKC's disagreements, if any, with Mr. Kayne's

7  assertions of procedural unconscionability surrounding the arbitration provision

8  found to be incorporated in the "Personal Guaranty" are matters to be resolved in

9  the litigation.

10  **B.    Paragraphs 27-29 Pertain to TKC's Duty To Disclose and to**

11  **Mr. Kayne's Claims Under the California Unfair Competition**

12  **Law.**

13  At pages 3 and 7-8 of its motion, TKC argues that Mr. Kayne is precluded

14  from making reference to TKC's failure to comply with federal franchise regulations

15  requiring disclosures to franchisees,[6] even though its business had the indicia of a

16  franchise.  TKC's argument is without merit for several reasons.  First, TKC

17  mischaracterizes (or misapprehends) the reasons for mentioning TKC's failure to

18  comply with federal franchise disclosures rules in the FAC.   Mr. Kayne is *not*

19  purporting to seek damages, rescission or other relief under the franchise laws with

20  respect to the now-terminated Dealer Agreements between TKC and Kayne Art

21

22

23  [6]    TKC is correct that Mr. Kayne's complaint (and FAC) intend to refer to the
franchise regulations set out in 16 C.F.R. Part 436.  The reference to Part "536" was

24  a typographical error in the original complaint that unfortunately was repeated at
¶¶ 27-29 of the FAC (but not at ¶¶25-26). As TKC clearly understands, the intended

25  reference is to Part 436.  TKC also is correct that two provisions referenced in the
original complaint (items 17.u and 17.v in 16 C.F.R. Part 436) were not yet in effect

26  at the relevant time; this error has been corrected in the FAC by removing reference
to those specific provisions, but the point remains that the remaining disclosure

27  obligations *were* in effect and that TKC did not comply with those.

28
- 9 -

1  Galleries of Georgia, Inc. ("KAG").[7]  Mr. Kayne *is*, however, arguing in this case

2  that: (1) TKC's failure to provide disclosures as required by 16 C.F.R. Part 436 is

3  part of the procedural unconscionability surrounding the execution of the "Personal

4  Guaranty" which has been found to incorporate the California "expedited"

5  arbitration procedure at issue here; and (2) TKC's failure to comply with the

6  disclosure requirements in the franchise laws provides a basis for relief under the

7  California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).  *See*

8  *California Service Station and Automotive Repair Ass'n. v. Union Oil Co.*, 232 Cal.

9  App. 3d 44 (1st Dist. 1991) (violation of petroleum franchise laws provides a basis

10  for injunctive relief under the Unfair Competition Law); *see generally, Cel-Tech*

11  *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999).

12      Notably, TKC does not complain about Mr. Kayne's reference to the similar

13  California franchise laws[8] in his complaint or to Mr. Kayne's allegation that TKC

14  did not comply with the disclosure and registration requirements of those California

15  franchise laws. *See* FAC, ¶¶ 15-22.  These California franchise allegations are, of

16  course, also relevant to both the procedural unconscionability aspects of the

17  arbitration provisions at issue as well as the Unfair Competition Law issues.    In

18  these circumstances, there is no basis for striking the references to the federal

19  franchise regulations.

20  //

21  //

22  //

23  //

24

---

25  [7]  Any such relief for KAG under the franchise laws was denied in the Dealer
Agreement arbitration between KAG and TKC.  That is not in dispute here.

26  [8]  These are set out in the California Franchise Investment Law, codified at sections

27  31000, *et seq.* of the California Corporations Code.

- 10 -

28  PLAINTIFF'S OPPOSITION TO                                     Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE

C.    **Paragraphs 31-34 Describe Procedural Unconscionability of the Arbitration Clause in the Personal Guaranty as Part of a Contract of Adhesion.**

TKC moves to strike paragraphs 31-34 of the FAC.  To the extent that TKC complained about paragraph 32 of the original complaint (which referred to the "acceptance" of the Personal Guaranty as opposed to its unconscionability), this objection has been addressed and rendered moot by the deletion of that allegation in the FAC.  Instead (and in order to avoid a re-numbering of the paragraphs), Mr. Kayne has substituted the relevant (and apparently not disputed) averment that he has objected to the "expedited" California arbitration procedure and that TKC has nevertheless proceeded with the arbitration despite this objection by Mr. Kayne.

With regard to the allegations of paragraphs 31, 33 and 34 of the FAC, these provide part of the background for Mr. Kayne's current claims.  Paragraph 31 pertains to Mr. Kayne's expectations upon signing the Personal Guaranty (which has been found to incorporate the arbitration provision at issue).  This is highly relevant to his claim according to the *Nagrampa* case.  Specifically, Mr. Kayne alleges in paragraph 31 that when he signed the Personal Guaranty, he did not expect to be forced into an expedited arbitration in California, for a claim of over $1.15 million, and moreover, forced to present his side without the benefit of any witnesses to the signing of the contract.  These facts bear directly on the unconscionability of the Personal Guaranty's arbitration provision and therefore should not be struck from the FAC.

Paragraphs 33 and 34 form part of the background leading up to the present dispute.   Specifically, they are pertinent to TKC's pattern and practice of trying to use unconscionable arbitration provisions to oppress small businessmen such as Mr. Kayne without having to face the harsh light of public scrutiny that attends

- 11 -

1    proceedings in open court. The "expedited" (no witnesses) arbitration procedure

2    that TKC is attempting to use in this case is part and parcel of this course of

3    conduct by TKC.   In the FAC, Mr. Kayne alleges that the attempted enforcement of

4    the "expedited" California arbitration clause is an unfair and unlawful business

5    practice under the California Unfair Competition Law. The allegations in

6    paragraphs 33-34 are relevant to that allegation and are certainly not "immaterial"

7    or "impertinent".

8        **D.**      **Paragraphs 40 and 41 Provide Background Information on**

9              **Other Suits Between the Parties Relevant to the Claims of**

10         **Procedural Unconscionability and Unfair Competition.**

11    Paragraphs 40 and 41 of the FAC relate to other law suits between the

12    parties. These paragraphs provide background information regarding prior

13    litigation between the parties intended to inform the Court of other actions that

14    have been filed between these parties. They are relevant to the unconscionability of

15    the Arbitration Provision because these law suits are indicative of TKC's pattern

16    and practice of using aggressive litigation tactics and sharp practices, such as the

17    "expedited" arbitration clause in their Personal Guaranty. Additionally, under

18    *Fuchs Sugar*, prior litigation between the parties may be highly relevant to the

19    current case and provide helpful background information. *See Fuchs Sugars &*

20    *Syrups*, 402 F. Supp. at 637-38. Finally, these allegations are pertinent to

21    determine whether this case is or was "related" to the earlier cases, for purposes of

22    assignment and venue.

23        **E.**      **Paragraph 66 Discusses California Unfair Competition Law,**

24              **Relevant to Claims of Procedural Unconscionability.**

25    For the reasons set out above, paragraph 66 of the FAC, which discusses the

26    California Unfair Competition Law and is also pertinent to Mr. Kayne's claim of

27

28

- 12 -

PLAINTIFF'S OPPOSITION TO                      Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE

1   procedural unconscionability, should not be struck.[9]  Mr. Kayne contends that

2   TKC's non-compliance with California and federal franchise law disclosure and

3   registration requirements is pertinent because: (1) it forms part of the procedural

4   unconscionability surrounding the execution of the Personal Guaranty as a contract

5   of adhesion containing a procedurally unconscionable arbitration clause; and (2)

6   TKC's failure to follow these regulations also meets the "unlawful" and "unfair"

7   prongs of the California Unfair Competition Law.

8        In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*, 20 Cal.

9   4th 163, 180 (1999), the California Supreme Court found that the broad scope of the

10  California Unfair Competition Law ("UCL") means that  "section 17200 'borrows'

11  violations of other laws and treats them as unlawful practices," thus making these

12  practices "independently actionable." *Id.*  Thus, violations of other laws regulating

13  business may serve as an actionable claim under the UCL .  By alleging that TKC

14  failed to comply with state and federal franchise disclosure and registration laws

15  and regulations, paragraph 66 alleges that TKC's actions constitute an unlawful

16  business practice as defined by section 17200.

17  //

18  //

19  //

20  //

21

22  [9]  Paragraph 66 of the FAC is modified from plaintiff's original Complaint, although
    the modifications apparently do not render moot the objections advanced by TKC.
23  Paragraph 66 of the FAC alleges:

24      "66. TKC's attempt to enforce the "expedited" arbitration provisions in
        Exhibit "A", which Mr. Kayne was induced to sign without having been
25      provided the disclosures required under the California Franchise Investment
        Law and the Federal Trade Commission's franchise regulations, constitutes
26      an "unlawful, unfair or fraudulent business act or practice" within the
        meaning of California Unfair Competition Law (Cal. Bus. & Prof. Code §
27      17200) and is prohibited by California law."

28  ───────────────────────────  - 13 -
    PLAINTIFF'S OPPOSITION TO                                    Case No. C 07-4721 SI
    DEFENDANT'S MOTION TO STRIKE

1

**IV.    CONCLUSION**

2      For all of the reasons set forth above, plaintiff David Kayne respectfully

3  requests that the Court DENY TKC's motion to strike in all respects.

4  Dated:  November 16, 2007

5                              Respectfully submitted,

6                              HOLLAND & KNIGHT LLP

7

8                              _____

9                              Charles L. Coleman, III

10

11                             Attorneys for Plaintiff
                               DAVID KAYNE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

PLAINTIFF'S OPPOSITION TO                                    Case No. C 07-4721 SI
DEFENDANT'S MOTION TO STRIKE