CHARLES L. COLEMAN, III (CA. Bar No. 65496)
ANDREW T. CAULFIELD (CA. Bar No. 238300)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
charles.coleman@hklaw.com
andrew.caulfield@hklaw.com

Attorneys for Plaintiff
DAVID KAYNE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION -- E-FILING

| | |
|---|---|
| DAVID KAYNE, an individual citizen of Georgia,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation,<br><br>　　　　　Defendant. | Case No. C 07-4721 SI<br><br>**DECLARATION OF GARY L. BRITT IN OPPOSITION TO TKC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Hearing Date:　December 7, 2007**<br>**Hearing Time:　9:00 a.m.**<br>**Before:　　　Hon. Susan Illston** |

I, Gary L. Britt, hereby declare that:

1.　　I am a lawyer admitted to practice before the courts of the States of Georgia and Texas. At all times relevant to this declaration, I have served as Georgia counsel for David Kayne in connection with his disputes with the Thomas Kinkade Company ("TKC"). I submit this declaration in opposition to TKC's motion to dismiss Mr. Kayne's First Amended Complaint in this matter. Except as otherwise indicated below, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify to such facts without waiver of any applicable privilege.

2.     Attached as Exhibit 1 hereto is a true and correct copy of the court's docket sheet for the Georgia action before Judge Pannell, case number 1:06-cv-02168-CAP, styled David Kayne v. The Thomas Kinkade Company, f/k/a Media Arts Group, Inc. (the "Georgia Proceeding").

3.     Attached as Exhibit 2 hereto is a true and correct copy of the First Amended Petition (complaint) filed by David Kayne in the Georgia Proceeding.

4.     Attached as Exhibit 3 hereto is a true and correct copy of the Second Amended Petition (complaint) filed by David Kayne in the Georgia Proceeding.

5.     Further, I can confirm that an examination of all the papers filed by Kayne in the Georgia Proceeding reveal that the only substantive issues ruled upon by Judge Pannell were: (i) the two issues of contract formation, i.e., (a) whether the offer of a personal guaranty by Kayne was accepted by TKC; and (b) whether, if the offer was accepted, it was supported by consideration; and (ii) the issue regarding whether disputes over the enforceability of and defenses to the personal guaranty were subject to the arbitration provisions in the separate corporate credit application. All other issues were not decided by Judge Pannell but were instead specifically reserved by Judge Pannell for future decision in California by his March 29, 2007 final order.

I declare under penalty of perjury, under the laws of the United States and the State of Georgia, that the foregoing is true and correct and that I have executed this declaration this 16th day of November, 2007, at Buford, Georgia.

GARY L. BRITT

DECLARATION OF GARY L. BRITT IN OPPOSITION TO
TKC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

CASE NO. C 07-4721 SI

**EXHIBIT 1**

4months, CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CIVIL DOCKET FOR CASE #: 1:06-cv-02168-CAP

Kayne v. The Thomas Kinkade Company
Assigned to: Judge Charles A. Pannell, Jr
Case in other court: USCA-11th Circuit, 07-11983
                Superior Court of Fulton County,
                2006CV121748
Cause: 28:1441 Petition for Removal- Declaratory Judgemen

Date Filed: 09/12/2006
Date Terminated: 03/29/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**David Kayne**

represented by **Lawrence S. Burnat**
Schreeder Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street, NE
Atlanta, GA 30309-4516
404-681-3450
Fax: 404-681-1046
Email: lburnat@swfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Roback Kraynak**
Schreeder Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street, NE
Atlanta, GA 30309-4516
404-681-3450
Fax: 404-681-1046
Email: mkraynak@swfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Thomas Kinkade Company**
*formerly known as*
Media Arts Group, Inc.

represented by **Charles E. Weir**
McDermott Will & Emery-Los Angeles
2049 Century Park East
34th Floor
Los Angeles, CA 90067-3208
310-284-6159
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Charles Lang**
The Lang Legal Group
1800 Century Place
Suite 570
Atlanta, GA 30345
404-320-0990
Email: elang@langlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Mack Greenfield**
The Lang Legal Group
1800 Century Place
Suite 570
Atlanta, GA 30345
404-320-0990
Email: jmack@langlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2007 | | Appeal Record Returned re: 37 Notice of Appeal. Case Appealed to USCA-11th Circuit. Case Number 07-11983. (2 Vols of Pldgs) (pjm) (Entered: 11/05/2007) |
| 11/02/2007 | 52 | Certified copy of JUDGMENT of USCA AFFIRMING the decision of the District Court re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983. (Attachments: # 1 Bill of Costs)(pjm) (Entered: 11/05/2007) |
| 10/30/2007 | 51 | CERTIFICATE OF SERVICE *re: Bill of Costs and Affidavit of Eric C. Lang* by The Thomas Kinkade Company.(Lang, Eric) (Entered: 10/30/2007) |
| 10/30/2007 | 50 | AFFIDAVIT *of Eric C. Lang* by The Thomas Kinkade Company. (Lang, Eric) (Entered: 10/30/2007) |
| 10/30/2007 | 49 | BILL OF COSTS by The Thomas Kinkade Company. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E)(Lang, Eric) (Entered: 10/30/2007) |
| 08/03/2007 | 48 | NOTICE of Docketing Record on Appeal from USCA re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (pjm) (Entered: 08/07/2007) |
| 07/30/2007 | 47 | Certified and Transmitted Record on Appeal to US Court of Appeals re: 37 Notice of Appeal. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (2 Vols of Pldgs) (pjm) (Entered: 07/30/2007) |
| 07/30/2007 | 46 | FORTHWITH LETTER from USCA re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. Appeal Record due by 8/8/2007. (pjm) (Entered: 07/30/2007) |
| 05/21/2007 | 45 | USCA Acknowledgment of Certificate of Readiness re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (pjm) (Entered: 05/22/2007) |
| 05/15/2007 | 44 | Certified copy of CERTIFICATE OF READINESS transmitted to USCA re: 37 Notice of Appeal. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (pjm) (Entered: 05/15/2007) |
| 05/15/2007 | | CERTIFICATE OF READINESS of Appeal Record re: 37 Notice of Appeal filed by David Kayne. USCA Case Number 07-11983-HH. (2 Vols of Pldgs) (pjm) (Entered: 05/15/2007) |
| 05/11/2007 | 43 | TRANSCRIPT ORDER FORM re: 37 Notice of Appeal. No Hrgs. USCA Appeal Number 07-11983-HH. Certificate of Readiness due on 5/25/2007. (pjm) (Entered: 05/14/2007) |
| 05/03/2007 | 42 | USCA Acknowledgment of USCA Appeal Fees re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (pjm) (Entered: 05/07/2007) |
| 05/03/2007 | 41 | USCA Acknowledgment of 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 07-11983-HH. (pjm) (Entered: 05/07/2007) |
| 04/30/2007 | 40 | USCA Appeal Fees forwarded to USCA re: 37 Notice of Appeal filed by David Kayne. Case Appealed to USCA-11th Circuit. Case Number 00-00000-00. (pjm) (Entered: 04/30/2007) |

| 04/30/2007 | 38 | Transmission of Certified Copy of Notice of Appeal, Order and Docket Sheet to US Court of Appeals re: 37 Notice of Appeal. (pjm) (Entered: 04/30/2007) |
|---|---|---|
| 04/27/2007 | 39 | USCA Appeal Fees received $ 455.00 receipt number 564302 re: 37 Notice of Appeal filed by David Kayne. (pjm) (Entered: 04/30/2007) |
| 04/27/2007 | 37 | NOTICE OF APPEAL as to 35 Order on Motion to Strike, Order on Motion for Leave to File,, Order on Motion to Compel, Order on Motion to Dismiss,, Order on Motion for Leave to File Excess Pages, Order on Motion for Oral Argument,,,,,,,,,,,,,,,,,,,,,,,,,,, by David Kayne.Transcript Order Form due on 5/11/2007 (Burnat, Lawrence) (Entered: 04/27/2007) |
| 04/27/2007 | 36 | Second AMENDED COMPLAINT against all defendants, filed by David Kayne.(Burnat, Lawrence) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 04/27/2007) |
| 03/29/2007 | | Civil Case Terminated. (adg) (Entered: 03/29/2007) |
| 03/29/2007 | 35 | ORDER GRANTING 17 Motion for Leave to File and Amended Complaint; GRANTING 19 Motion for Leave to File Excess Pages; DENYING 22 Motion for Oral Argument; DENYING 23 Motion to Strike the original declaration of Robert Murray ; DENYING 28 Motion to Strike the original declaration of Tori Amarillas; GRANTING 29 Motion for Leave to File a surreply; DENYING 34 Motion to Strike the amended declarations of Tori Amarillas and Robert Murray. Because all of the issues remaining in the case at hand are referable to arbitration and the arbitration will take place in California, it would serve no purpose for the court to retain jurisdiction and stay the action pending thearbitration. The Court GRANTS 14 Motion to Compel Arbitration to the extent it seeks dismissal of the action and an order compelling arbitration. The Clerk is DIRECTED to close the file Signed by Judge Charles A. Pannell Jr. on 3/29/2007. (adg) (Entered: 03/29/2007) |
| 01/17/2007 | | Submission of 34 MOTION to Strike *The Amended Declarations of Tori Amarillas and Robert Murray*, submitted to District Judge Charles A. Pannell. (File in Chambers) (adg) (Entered: 01/17/2007) |
| 01/05/2007 | | Submission of 29 MOTION for Leave to File *Sur-Reply to Defendant's Reply Memorandum in Further Support of Its Motion to Compel Arbitration and Dismiss All Claims of David Kayne*, submitted to District Judge Charles A. Pannell. (FILE IN CHAMBERS) (dfb) (Entered: 01/05/2007) |
| 12/15/2006 | | Submission of 28 MOTION to Strike *Declaration of Tori Amarillas*, submitted to District Judge Charles A. Pannell. (FILE IN CHAMBERS) (adg) (Entered: 12/15/2006) |
| 12/12/2006 | 34 | MOTION to Strike *The Amended Declarations of Tori Amarillas and Robert Murray* with Brief In Support by David Kayne. (Attachments: # 1 Brief In Support of Motion to Strike Amended Declarations of Amarillas and Murray)(Burnat, Lawrence) (Entered: 12/12/2006) |
| 12/12/2006 | 33 | REPLY BRIEF re 28 MOTION to Strike *Declaration of Tori Amarillas* filed by David Kayne. (Burnat, Lawrence) (Entered: 12/12/2006) |
| 12/07/2006 | 32 | Amended Declaration of Robert C. Murray in Support of 14 Motion to Compel Arbitraton and Dismiss the Claims of David Kayne filed by The Thomas Kinkade Company. (Attachments: # 1 Exhibit A# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G)(Lang, Eric) Modified on 12/18/2006 to remove double wording (adg). (Entered: 12/07/2006) |
| 12/07/2006 | 31 | Amended Declaration of Tori Amarillas in Support re 14 Motion to Compel Arbitration and Dismiss the Claims of David Kayne filed by The Thomas Kinkade Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Affidavit Amended Declaration of Tori Amarillas in support of Defendants Motion to Compel Arbitration and Dismiss the Claims of David Kayne)(Lang, Eric) Modified on 12/18/2006 to remove double wording(adg). (Entered: 12/07/2006) |
| 12/07/2006 | 30 | RESPONSE in Opposition re 28 MOTION to Strike *Declaration of Tori Amarillas* filed by The Thomas Kinkade Company. (Lang, Eric) (Entered: 12/07/2006) |
| 12/06/2006 | | Submission of 23 MOTION to Strike *Declaration of Robert C. Murray*, submitted to District Judge Charles A. Pannell. (FILE IN CHAMBERS) (adg) (Entered: 12/06/2006) |

| 11/30/2006 | 29 | MOTION for Leave to File *Sur-Reply to Defendant's Reply Memorandum in Further Support of Its Motion to Compel Arbitration and Dismiss All Claims of David Kayne* with Brief In Support by David Kayne. (Attachments: # 1 Proposed Sur-Reply# 2 Exhibit A to Plaintiff's Sur-Reply)(Burnat, Lawrence) (Entered: 11/30/2006) |
| --- | --- | --- |
| 11/29/2006 | 28 | MOTION to Strike *Declaration of Tori Amarillas* with Brief In Support by David Kayne. (Attachments: # 1 Brief Supporting Motion to Strike Declaration of Tori Amarillas)(Burnat, Lawrence) (Entered: 11/29/2006) |
| 11/29/2006 | 27 | REPLY BRIEF re 23 MOTION to Strike *Declaration of Robert C. Murray* filed by David Kayne. (Burnat, Lawrence) (Entered: 11/29/2006) |
| 11/27/2006 | | Submission of 14 MOTION to Compel Arbitration, MOTION to Dismiss, 17 MOTION for Leave to File Amended Petition for Declaratory Judgment and Injunctive Relief, 19 MOTION for Leave to File Excess Pages, 22 MOTION for Oral Argument, submitted to District Judge Charles A. Pannell. (adg) (Entered: 11/27/2006) |
| 11/21/2006 | 26 | REPLY BRIEF re 17 MOTION for Leave to File Amended Petition for Declaratory Judgment and Injunctive Relief filed by David Kayne. (Burnat, Lawrence) (Entered: 11/21/2006) |
| 11/20/2006 | 25 | RESPONSE in Opposition re 23 MOTION to Strike *Declaration of Robert C. Murray* filed by The Thomas Kinkade Company. (Attachments: # 1 Declaration of Tori Amarillas In Support of Defendant's Motion to Compel Arbitration and Dismiss the Claims of David Kayne# 2 Defendant's Reply Memorandum in Further Support of its Motion to Compel Arbitration and Dismiss all Claims of David Kayne# 3 Certificate of Service)(Lang, Eric) (Entered: 11/20/2006) |
| 11/06/2006 | 24 | RESPONSE in Opposition to re 17 MOTION for Leave to File a Second Amended Petition for Declaratory Judgment and Injunctive Relief *filed by The Thomas Kinkade Company. (Lang, Eric) Modified on 11/13/2006 to correct docket text to accurately reflect e-filed pleading (epm).* (Entered: 11/06/2006) |
| 11/03/2006 | 23 | MOTION to Strike *Declaration of Robert C. Murray* with Brief In Support by David Kayne. (Attachments: # 1 Brief In Support of Motion to Strike)(Burnat, Lawrence) (Entered: 11/03/2006) |
| 11/03/2006 | 22 | MOTION for Oral Argument by David Kayne. (Burnat, Lawrence) (Entered: 11/03/2006) |
| 11/03/2006 | 21 | RESPONSE in Support re 14 MOTION to Compel Arbitration and MOTION to Dismiss filed by David Kayne. (Attachments: # 1 Exhibit A)(Burnat, Lawrence) Modified on 11/13/2006 to remove duplicate text. (epm). (Entered: 11/03/2006) |
| 11/03/2006 | 20 | AFFIDAVIT of David Kayne. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)(Burnat, Lawrence) Modified text on 11/13/2006 (epm). (Entered: 11/03/2006) |
| 11/03/2006 | 19 | MOTION for Leave to File Excess Pages with Brief In Support by David Kayne. (Attachments: # 1 Brief Plaintiff's Response to Motion to Compel# 2 Exhibit A)(Burnat, Lawrence) Modified on 11/13/2006 to correct docket text to accurately reflect e-filed pleading (epm). (Entered: 11/03/2006) |
| 10/30/2006 | 18 | NOTICE of Change of Address for Lawrence S. Burnat, counsel for David Kayne (Burnat, Lawrence) (Entered: 10/30/2006) |
| 10/27/2006 | 17 | MOTION for Leave to File Amended Petition for Declaratory Judgment and Injunctive Relief by David Kayne. (Attachments: # 1 Brief In Support of Motion for Leave to File Amended Petition# 2 Exhibit Second Amended Petition for Declaratory Judgment and Injunctive Relief)(Burnat, Lawrence) (Entered: 10/27/2006) |
| 10/18/2006 | 16 | ORDER GRANTING 15 Consent Motion for Extension of Time to 11/3/06 for Plaintiff David Kane to Respond to Defendant's Motion. Signed by Judge Charles A. Pannell Jr. on 10/18/06. (epm) (Entered: 10/19/2006) |
| 10/17/2006 | 15 | MOTION for Extension of Time File Response to Defendant's Motion to Compel Arbitration Pursuant to 9 USC 4 and Motion to Dismiss all Claims of David Kayne pursuant to FRCP 12(b)(6) re: 14 MOTION to Compel ArbitrationMOTION to Dismiss MOTION to Compel ArbitrationMOTION to Dismiss MOTION to Compel |

| | | |
|---|---|---|
| | | ArbitrationMOTION to Dismiss by David Kayne. (Attachments: # 1 Text of Proposed Order Consent Order)(Burnat, Lawrence) (Entered: 10/17/2006) |
| 10/06/2006 | | Notification of Docket Correction re 13 MOTION to Compel Arbitration Pursuant to 9 USC Sec. 4 and to Dismiss all Claims of david Kayne Pursuant to FRCP 12(b)(1) and 12(b)(6). This document was filed using the wrong event; pleading redocketed as 14 Motion to Compel and Motion to Dismiss. (epm) (Entered: 10/11/2006) |
| 10/06/2006 | 14 | Pldg 13 REDOCKETED AS - MOTION to Compel Arbitration pursuant to 9 USC § 4; and, MOTION to Dismiss all Claims of David Kayne pursuant to FRCP 12(b)(1) and 12(b)(6) with Brief In Support filed by The Thomas Kinkade Company. (Attachments: # 1 Memorandum in Support# 2 Declaration of Robert C. Murray# 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E# 8 Exhibit F# 9 Exhibit G# 10 Declaration of Charles E. Weir# 11 Exhibit A 1# 12 Exhibit B 1)(epm) (Entered: 10/11/2006) |
| 10/06/2006 | 13 | DOCUMENT FILED IN ERROR - MOTION to Compel Arbitration Pursuant to 9 USC Sec. 4 and to Dismiss all Claims of david Kayne Pursuant to FRCP 12(b)(1) and 12(b)(6) with Brief In Support by The Thomas Kinkade Company. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12)(Lang, Eric) Modified on 10/11/2006 (epm). (Entered: 10/06/2006) |
| 10/03/2006 | 12 | CONSENT ORDER TO EXTEND TIME through 10/6/06 for Defendant to Answer Complaint. Signed by Judge Charles A. Pannell Jr. on 10/3/06. (epm) (Entered: 10/04/2006) |
| 10/03/2006 | 11 | ORDER GRANTING 10 Application for Admission of Charles E. Weir, Pro Hac Vice. Signed by Judge Charles A. Pannell Jr. on 10/3/06. (epm) (Entered: 10/03/2006) |
| 09/27/2006 | 7 | PROPOSED CONSENT ORDER Consent Order Extending Time for Defendant The Thomas Kinkade Company to Answer. (Lang, Eric) (Entered: 09/27/2006) |
| 09/25/2006 | | Notification of Docket Correction re 8 APPLICATION for Admission of Eric Charles Lang Pro Hac Vice. The wrong attorney was selected for PHV Admission; redocketed as pleading #10 with Attorney Charles E. Weir. (epm) (Entered: 09/27/2006) |
| 09/25/2006 | 10 | #8 REDOCKETED AS APPLICATION for Admission of Charles E. Weir, Pro Hac Vice filed by The Thomas Kinkade Company.Filing Fee received $150.00, Receipt #556201. (Attachments: # 1 Proposed Order)(epm) (Entered: 09/27/2006) |
| 09/25/2006 | 9 | CERTIFICATE OF SERVICE re 8 APPLICATION for Admission of Eric Charles Lang Pro Hac Vice filed by The Thomas Kinkade Company. (epm) (Entered: 09/27/2006) |
| 09/25/2006 | 8 | DOCUMENT FILED IN ERRORAPPLICATION for Admission of Eric Charles Lang, Pro Hac Vice filed by The Thomas Kinkade Company.Filing Fee received $150.00, Receipt #556201. (Attachments: # 1 Proposed Order)(epm) Modified on 9/27/2006 (epm). (Entered: 09/27/2006) |
| 09/25/2006 | | NOTICE OF CANCELLATION of Hearing re: 4 NOTICE of Hearing on Motion re: 3 MOTION for Temporary Restraining Order & Preliminary Injunction. Motion Hearing set for 10/25/2006 10:00 AM in Courtroom 2307 before Judge Charles A. Pannell Jr.. (yrm) (yrm) (Entered: 09/25/2006) |
| 09/22/2006 | 6 | Withdrawal of Motion 3 MOTION for Temporary Restraining Order filed by David Kayne, filed by David Kayne. (Burnat, Lawrence) (Entered: 09/22/2006) |
| 09/21/2006 | 5 | Corporate Disclosures pursuant to Rule 7.1 by The Thomas Kinkade Company.(Lang, Eric) (Entered: 09/21/2006) |
| 09/15/2006 | 4 | NOTICE of Hearing on Motion re: 3 MOTION for Temporary Restraining Order & Preliminary Injunction. Motion Hearing set for 10/25/2006 10:00 AM in Courtroom 2307 before Judge Charles A. Pannell Jr.. (yrm) (Entered: 09/15/2006) |
| 09/12/2006 | 3 | MOTION for Temporary Restraining Order by David Kayne. (Filed in State Court and contained within Notice of Removal) (Attachments: # 1 Brief in Support# 2 Text of Proposed Order)(hfm) (Entered: 09/15/2006) |

| 09/12/2006 | 2 | AMENDED COMPLAINT against The Thomas Kinkade Company, filed by David Kayne. (Filed at State Court and contained within Notice of Removal)(hfm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/15/2006) |
| 09/12/2006 | 1 | NOTICE OF REMOVAL with COMPLAINT. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350 receipt number 555746), filed by The Thomas Kinkade Company. (Attachments: # 1 Exhibit A# 2 Exhibit A-2# 3 Affidavit # 4 Civil Cover Sheet)(hfm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/15/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/16/2007 11:51:59 | | |
| **PACER Login:** gc1289 | **Client Code:** | Kayne |
| **Description:** Docket Report | **Search Criteria:** | 1:06-cv-02168-CAP |
| **Billable Pages:** 6 | **Cost:** | 0.48 |

**EXHIBIT 2**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DAVID KAYNE,                          )
                                      )
        Plaintiff,                    )       CIVIL ACTION
                                      )       FILE NO. 2006CV121748
v.                                    )
                                      )
THE THOMAS KINKADE COMPANY,           )
f/k/a MEDIA ARTS GROUP, INC.          )
                                      )
        Defendant.                    )

## AMENDED PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW David Kayne and amends his Complaint, paragraphs 2 and 3 only, against The Thomas Kinkade Company, f/k/a Media Arts Group, Inc. ("TKC") as follows:

### JURISDICTION AND VENUE

1.

Plaintiff is the owner and president of Kayne Art Galleries of Georgia, Inc. ("Kayne Art Galleries") a Georgia corporation.

2.

Defendant is a foreign corporation organized under the laws of the state of California, upon information and belief is successor to a Delaware corporation of the same name, and is subject to jurisdiction and venue in this Court by virtue of its having transacted business within this state within the meaning of the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

Ex. A-26

3

The Defendant may be served with summons and complaint by second original service upon its registered agent for service and process, Robert C. Murray, 900 Lightpost Way, Morgan Hill, California, 95037.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93 because a substantial portion of the conduct giving rise to the jurisdiction over Defendant occurred in Fulton County.

5.

Defendant has demanded arbitration and initiated proceedings with the American Arbitration Association. Defendant has no agreement to arbitrate with Plaintiff, and the American Arbitration Association has no jurisdiction to hear the issue of arbitrability

6.

Plaintiff files this action on the grounds that it is not bound by the purported arbitration provision and purported personal guaranty contained in the attached credit application form.

**FACTUAL ALLEGATIONS**

7.

Defendant is a manufacturer/distributor of artwork.

Ex A$^2$-27

8

Kayne Art Galleries was a dealer of Defendant's artwork, and entered into a series of Signature Dealer Agreements ("Dealer Agreements") with Defendant beginning in November, 1998.

9.

David Kayne ("Kayne") signed the Dealer Agreements as an officer and agent of Kayne Art Galleries.

10.

Pursuant to the Dealer Agreements, Kayne Art Galleries began operating its galleries in 1998, purchased Defendant's artwork on credit, and sold the artwork in its stores in Georgia.

11.

Kayne signed an "Application for Credit" ("Application") on October 2, 2001. A true and correct copy of the Application is attached as **Exhibit "A"**.

12.

Defendant is currently seeking arbitration against Kayne pursuant to this Application and pursuant to the purported personal guaranty contained in the Application.

13.

The Application, and all of the provisions contained therein, are unenforceable as a matter of law.

Ex. A-28

## RELEVANT PROVISIONS OF THE APPLICATION

14.

The Application contained a purported "Personal Guaranty" which provides as follows:

> The undersigned, for consideration do hereby individually and personally guaranty the full and prompt payment of all indebtedness heretofore or hereafter incurred *by the above business.* This guaranty shall not be affected by the amount of credit extended or any change in the form of said indebtedness. Notice of the acceptance of this guaranty, extension of credit, modification in the terms of payment, and any right or demand to proceed against the principal debtor is hereby waived. This guaranty may be revoked by written consent of the creditor. Any revocation does not revoke the obligation of the guarantors to provide payment for indebtedness incurred prior to the revocation    I authorize the creditor and their assigns to obtain a consumer credit report and to contact my references as necessary. *As guarantor, I am also bound by the above arbitration clause.* [*emphasis added*]

15.

Nowhere in the Application is the word "business" or "above business" defined.

16.

The "arbitration clause" referenced in the personal guaranty provides as follows:

> Disputes: Any dispute or controversy arising from this agreement will be resolved by arbitration by the American Arbitration Association at Santa Clara County, California. The language of the arbitration

Ex. A⁴-29

shall be English. The number of the arbitrators shall be one. The parties agree the American Arbitration Association's expedited rules shall apply and they waive all right to any hearing requiring witness production. The Arbitrator shall issue an award based upon the written documentary evidence supplied by the parties. The Arbitrator's award shall be binding and final. The losing party shall pay all arbitration expenses, including all attorney's fees.

## FAILURE TO ACCEPT THE APPLICATION

### 17.

Kayne Art Galleries transmitted via fax a copy of the signed Application to Defendant.

### 18.

Defendant never notified Kayne or Kayne Art Galleries that it had received, approved, or otherwise acted upon the Application.

### 19.

Defendant never approved the Application.

### 20.

Defendant never accepted or otherwise acted upon the Application.

## FAILURE TO PROVIDE CONSIDERATION

### 21.

The submission of the Application was in effect an offer by Kayne Art Galleries and Kayne to Defendant for an increased credit limit.

Ex. A-30

22.

If Defendant accepted the offer of the Application for Credit, Defendant would have signed the Application where indicated. The customary and expected consideration upon acceptance of the offer would have been an increase in credit limit for Kayne Art Galleries

23.

No increase in credit limit was granted. There was no other consideration for the Application, and the relation between the parties remained exactly the same before and after the offer was transmitted.

24.

Although it was not required that a dealer sign the purported "Personal Guaranty," at a previous arbitration between Defendant and Kayne Art Galleries an employee of Defendant testified as follows:

Q: Would there be any benefit to the dealer to sign the personal guarantee?

A: Sure. I mean I would give more credit to someone who signed a personal guarantee than someone who did not sign it.

25.

This "more credit" ("Additional Credit") was to be the consideration for signing the purported "Personal Guaranty" paragraph of the Application for Credit.

Ex. A-31

26.

Although Kayne Art Galleries had not come close to exhausting its existing credit limit, Defendant presented it with the Application.

27.

The Application was signed on October 2, 2001.

28.

No increase in credit or credit limit was granted to Kayne Art Galleries after October 2, 2001 resulting from the signed Application

29.

No Additional Credit or increased credit limit was granted to Kayne Art Galleries after October 2, 2001 resulting from the signed purported Personal Guaranty.

## ARBITRATION

30.

On July 10, 2006, Defendant filed a "Demand for Arbitration" with the American Arbitration Association in Santa Clara County, California against Kayne personally, pursuant to the purported arbitration provision in the Application. A true and correct copy of the "Demand for Arbitration" is attached as **Exhibit "B"**.

31.

Pursuant to the purported Personal Guaranty in the Application, Defendants are seeking from Kayne payment of a $554,605.00 debt allegedly incurred by Kayne Art Galleries

Ex. A-32

32.

Defendant has no agreement to arbitrate with Kayne, and the American Arbitration Association has no jurisdiction to hear the issue of arbitrability.

## COUNT I – DECLARATORY JUDGMENT: AN ARBITRATION PROVISION CONTAINED IN AN INVALID OR UNENFORCEABLE CONTRACT IS NOT ENFORCEABLE

33.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-32 of this Complaint as if set forth herein verbatim.

34.

The purported arbitration provision at issue in this case is incorporated by reference in the purported Personal Guaranty.

35.

The sole ground for arbitration against Kayne is incorporation by reference of the arbitration provision contained in the Application into the purported Personal Guaranty.

36.

The Personal Guaranty is unenforceable by reason of the statute of frauds.

37

"The contract in which the agreement to submit to arbitration appears, as well as the arbitration provisions themselves, must be valid and enforceable in accordance with ordinary contract principles under applicable state and federal

Ex A-33

law." American Airlines, Inc. v. Louisville and Jefferson County Air Bd., 269 F.2d 811, 817 (6th Cir. 1959).

### 38.

The purported arbitration provision is not enforceable because the underlying contract is unenforceable by reason of the statute of frauds  Sen Mar, Inc. v. Tiger Petroleum Corp., 774 F.Supp. 879, 883 (S.D.N.Y. 1991).

### 39.

As the purported Personal Guaranty is unenforceable by reason of the statute of frauds, there is no agreement to arbitrate against Kayne.

### 40.

Pursuant to O.C.G.A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether a purported agreement to arbitrate against Kayne is enforceable.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that the purported arbitration provision is unenforceable.

### COUNT II – DECLARATORY JUDGMENT: THE PURPORTED PERSONAL GUARANTY IS UNENFORCEABLE BY REASON OF THE STATUTE OF FRAUDS

### 41.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-40 of this Complaint as if set forth herein verbatim.

Ex. A-34

42.

The Statute of Frauds mandates that in order for a promise to answer for another's debt to be binding on the premisor, the promise must be in writing and signed by the party to be charged therewith.

43.

The Statute of Frauds further mandates that where the purported promise omits the identity of the principal debtor, it is unenforceable as a matter of law.

44.

The purported Personal Guaranty in the Application is for "indebtedness heretofore or hereafter incurred by the above business."

45.

The Application contains no definition for the "above business" or "business."

46.

The Personal Guaranty violates the Statute of Frauds and is thus unenforceable.

47.

Pursuant to O C G A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether the purported Personal Guaranty violates the Statute of Frauds.

Ex. A-35

10

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that the purported Personal Guaranty violates the Statue of Frauds rendering the purported Personal Guaranty unenforceable.

## COUNT III – DECLARATORY JUDGMENT: THERE IS NO AGREEMENT TO ARBITRATE DUE TO LACK OF ACCEPTANCE OF THE APPLICATION

48.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-48 of this Complaint as if set forth herein verbatim

49.

Offer, acceptance and consideration are required to form a binding contract in Georgia.

50.

The Application does not constitute a binding contract because the Application was never accepted by Defendant, and neither Kayne nor Kayne Art Galleries was ever notified of the acceptance of the Application by Defendant.

51.

Because the Application does not constitute a binding contract, the purported Personal Guaranty, including the purported arbitration provision, contained in the Application never rose to a mutual agreement between the parties and therefore there is no agreement to arbitrate or agreement of guaranty to enforce.

Ex A-36 [11]

52.

Pursuant to O.C.G.A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether the Application was accepted or otherwise acted upon by Defendant

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that Defendant never accepted and never notified Kayne or Kayne Art Galleries of the Application's acceptance thus precluding the Application from being a binding contract, and hence rendering unenforceable both the arbitration provision and the purported Personal Guaranty.

## COUNT IV – DECLARATORY JUDGMENT: THERE IS NO AGREEMENT TO ARBITRATE DUE TO LACK OF CONSIDERATION

53.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-52 of this Complaint as if set forth herein verbatim.

54.

Defendant did not provide any consideration to Kayne or Kayne Art Galleries in return for the Application.

55.

Because there was no consideration for the Application, the Application does not constitute a binding contract and the purported Personal Guaranty, including the purported arbitration provision, contained in the Application never

Ex. A-37

rose to a mutual agreement between the parties supported by consideration. Therefore, there is no agreement to arbitrate or agreement of guaranty to enforce.

56.

Defendant did not provide any consideration to Kayne or Kayne Art Galleries in return for Kayne's signature on the purported "Personal Guaranty" section of the Application.

57.

The purported Personal Guaranty contained in the Application never rose to a mutual agreement between the parties supported by consideration and is unenforceable due to such lack of consideration

58.

Pursuant to O.C.G.A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether consideration was provided for the Application and for the personal guaranty.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that Defendant did not provide consideration for the Application, thus precluding the Application from being a binding contract, and that Defendant did not provide consideration for the personal guaranty, rendering the personal guaranty unenforceable.

Ex. A-38

13

## COUNT V – INJUNCTIVE RELIEF

59.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-59 of this Complaint as if set forth herein verbatim

60.

O.C G.A.§9-11-65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney if it clearly appears that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.

61.

There is no presumptively valid arbitration agreement between Kayne and Defendant.

62.

The American Arbitration Association's expedited rules allow for only one arbitrator and do not allow for any hearing requiring witness production.

63.

The one arbitrator will issue an award based solely on written documents presented to the arbitrator.

64.

As there is no hearing, and there will be no hearing, the arbitrator is able to make his or her decision at anytime

Ex. A-39
14

65

As a decision may be reached by the arbitrator at anytime, Kayne will suffer irreparable and immediate harm if Defendant is allowed to proceed with this arbitration prior to this Court's determination of the arbitrability of this case

66.

Kayne has no other adequate remedy at law other than an injunction enjoining Defendant from proceeding with the arbitration demanded in Santa Clara County before the American Arbitration Association.

WHEREFORE Kayne respectfully requests that this Court enjoin Defendant, temporarily and permanently, from pursuing the arbitration demanded in Santa Clara County before the American Arbitration Association.

Respectfully submitted,

Lawrence S. Burnat
Georgia Bar No. 096150
Michelle Roback Kraynak
Georgia Bar No 429353
Attorneys for Plaintiff

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
K:\6450\Amended Petition (CA).doc

Ex. A-40

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID KAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 1:06-CV-2168-CAP |
| v. | ) | |
| | ) | |
| THE THOMAS KINKADE COMPANY, | ) | |
| f/k/a MEDIA ARTS GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW David Kayne and amends his Complaint against The Thomas Kinkade Company, f/k/a Media Arts Group, Inc. ("TKC") as follows:

## JURISDICTION AND VENUE

1.

Plaintiff is the owner and president of Kayne Art Galleries of Georgia, Inc. ("Kayne Art Galleries") a Georgia corporation.

2.

Defendant is a foreign corporation organized under the laws of the state of California, upon information and belief is successor to a Delaware corporation of the same name, and is subject to jurisdiction and venue in this Court by virtue of its

having transacted business within this state within the meaning of the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

3.

The Defendant may be served with summons and complaint by second original service upon its registered agent for service and process, Robert C. Murray, 900 Lightpost Way, Morgan Hill, California, 95037.

4.

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93 because a substantial portion of the conduct giving rise to the jurisdiction over Defendant occurred in Fulton County.

5.

Defendant has demanded arbitration and initiated proceedings with the American Arbitration Association. Defendant has no agreement to arbitrate with Plaintiff, and the American Arbitration Association has no jurisdiction to hear the issue of arbitrability.

6.

Plaintiff files this action on the grounds that it is not bound by the purported arbitration provision and purported Personal Guaranty.

## FACTUAL ALLEGATIONS

### 7.

Defendant is a manufacturer/distributor of artwork.

### 8.

Kayne Art Galleries was a dealer of Defendant's artwork, and entered into a series of Signature Dealer Agreements ("Dealer Agreements") with Defendant beginning in November, 1998.

### 9.

David Kayne ("Kayne") signed the Dealer Agreements as an officer and agent of Kayne Art Galleries. Kayne has not individually, in his personal capacity, ever entered into a dealer agreement with Defendant.

### 10.

Pursuant to the Dealer Agreements, Kayne Art Galleries began operating its galleries in 1998, purchased Defendant's artwork on credit, and sold the artwork in its stores in Georgia.

### 11.

As President of Kayne Art Galleries, Kayne signed an "Application for Credit" ("Credit Application") on October 2, 2001.

12.

Individually, Kayne signed a purported Personal Guaranty on October 2, 2001. A true and correct copy of the Credit Application and purported Personal Guaranty is attached as **Exhibit "A"**.

13.

Defendant is currently seeking arbitration against Kayne pursuant to the purported Personal Guaranty.

14.

The purported "Personal Guaranty" provides as follows:

> The undersigned, for consideration do hereby individually and personally guaranty the full and prompt payment of all indebtedness heretofore or hereafter incurred *by the above business*. This guaranty shall not be affected by the amount of credit extended or any change in the form of said indebtedness. Notice of the acceptance of this guaranty, extension of credit, modification in the terms of payment, and any right or demand to proceed against the principal debtor is hereby waived. This guaranty may be revoked by written consent of the creditor. Any revocation does not revoke the obligation of the guarantors to provide payment for indebtedness incurred prior to the revocation. I authorize the creditor and their assigns to obtain a consumer credit report and to contact my references as necessary. *As guarantor, I am also bound by the above arbitration clause*. [*emphasis added*]

15.

Nowhere in the purported Personal Guaranty or separate Credit Application is the word "business" or "above business" defined.

16.

The Credit Application contains an "arbitration clause" which provides as follows:

> Disputes: Any dispute or controversy *arising from this agreement* will be resolved by arbitration by the American Arbitration Association at Santa Clara County, California. The language of the arbitration shall be English. The number of the arbitrators shall be one. The parties agree the American Arbitration Association's expedited rules shall apply and they waive all right to any hearing requiring witness production. The Arbitrator shall issue an award based upon the written documentary evidence supplied by the parties. The Arbitrator's award shall be binding and final. The losing party shall pay all arbitration expenses, including all attorney's fees. [*emphasis added*]

17.

The purported Personal Guaranty does not contain an arbitration clause. The purported Personal Guaranty does refer to (without incorporating same) the arbitration clause contained in the Credit Application.

18.

The Credit Application and purported Personal Guaranty are two distinct alleged agreements.

19.

The Credit Application is between Kayne Art Galleries and TKC.

20.

The purported Personal Guaranty is between Kayne and TKC.

21.

The arbitration provision in the Credit Application applies to "any dispute or controversy arising from this agreement."

22.

As the Credit Application contains the arbitration provision, "this agreement" refers only to the Credit Application.

23.

TKC has filed a Demand for Arbitration and has requested an arbitrator determine whether Kayne is personally liable for the alleged debts of Kayne Art Galleries.

24.

TKC has requested an arbitrator determine issues arising from the purported Personal Guaranty.

25.

There is no agreement between Kayne and TKC to arbitrate issues arising from the purported Personal Guaranty.

26.

Kayne Art Galleries transmitted via fax a copy of the signed Credit Application and purported Personal Guaranty to Defendant.

27.

Defendant never notified Kayne or Kayne Art Galleries that it had received, approved, or otherwise acted upon the Credit Application or purported Personal Guaranty.

28.

Defendant never approved the Credit Application.

29.

Defendant never approved the purported Personal Guaranty.

30.

Defendant never accepted or otherwise acted upon the Credit Application.

31.

Defendant never accepted or otherwise acted upon the purported Personal Guaranty.

32.

The submissions of the Credit Application and purported Personal Guaranty were in effect separate offers by Kayne Art Galleries and Kayne to Defendant.

33.

If Defendant accepted the offer of the Credit Application, Defendant would have signed the Application where indicated. The customary and expected consideration upon acceptance of the offers would have been an increase in credit limit for Kayne Art Galleries.

34.

No increase in credit limit was granted. There was no other consideration for the Credit Application or purported Personal Guaranty, and the relation between the parties and their course of dealing remained exactly the same before and after the offers were transmitted.

35.

Although it was not required that a dealership's owner sign the purported "Personal Guaranty," at a previous arbitration between Defendant and Kayne Art Galleries an employee of Defendant testified as follows:

> Q:   Would there be any benefit to the dealer to sign the personal guarantee?
>
> A:   Sure.  I mean I would give more credit to someone who signed a personal guarantee than someone who did not sign it.

36.

This "more credit" ("Additional Credit") was to be the consideration for the dealership's owner signing the purported Personal Guaranty.

37.

Although Kayne Art Galleries had not come close to exhausting its existing credit limit, Defendant presented it with the Credit Application.

38.

The Application was signed on October 2, 2001.

39.

No increase in credit or credit limit was granted to Kayne Art Galleries after October 2, 2001, and in fact Kayne Art Galleries' credit limit was reduced during the first half of 2002.

40.

No Additional Credit or increased credit limit was granted to Kayne Art Galleries after October 2, 2001 resulting from the signed purported Personal Guaranty.

ARBITRATION

41.

On July 10, 2006, Defendant filed a "Demand for Arbitration" with the American Arbitration Association in Santa Clara County, California against Kayne personally, pursuant to the purported Personal Guaranty. A true and correct copy of the "Demand for Arbitration" is attached as **Exhibit "B"**.

42.

Pursuant to the purported Personal Guaranty, Defendants are seeking from Kayne payment of a $554,605.00 debt allegedly incurred by Kayne Art Galleries.

43.

Defendant has no agreement to arbitrate with Kayne issues arising from the purported Personal Guaranty, and the American Arbitration Association has no jurisdiction to hear the issue of arbitrability.

## COUNT I – DECLARATORY JUDGMENT: THE PARTIES DID NOT AGREE TO ARBITRATE ISSUES ARISING FROM THE PURPORTED PERSONAL GUARANTY

### 44.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-43 of this Complaint as if set forth herein verbatim.

### 45.

Pursuant to the provisions of the purported Personal Guaranty, Kayne agreed to be bound by the arbitration provision in the Credit Agreement.

### 46.

In the Credit Agreement, Kayne Art Galleries and TKC agreed to arbitrate issues "arising from this agreement."

### 47.

"[T]his agreement" refers only to the Credit Agreement in which the arbitration provision sits, and not the separate purported Personal Guaranty.

### 48.

TKC is seeking arbitration against Kayne individually for issues that do not arise from the Credit Agreement, but arise from the purported Personal Guaranty.

49.

There is no agreement between Kayne and TKC to arbitrate issues arising from the purported Personal Guaranty.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that there is no agreement between Kayne and TKC to arbitrate issues arising from the purported Personal Guaranty.

## COUNT II – DECLARATORY JUDGMENT: THERE IS NO AGREEMENT TO ARBITRATE DUE TO LACK OF ACCEPTANCE

50.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-49 of this Complaint as if set forth herein verbatim.

51.

Offer, acceptance and consideration are required to conclude a contract in Georgia.

52.

Defendant did not accept the Credit Application, and neither Kayne nor Kayne Art Galleries was ever notified of the acceptance of the Credit Application by Defendant.

12

53.

The Credit Application never rose to a mutual agreement between the parties and is unenforceable due to such lack of acceptance.

54.

Defendant did not accept the purported Personal Guaranty, and neither Kayne nor Kayne Art Galleries was ever notified of the acceptance of the purported Personal Guaranty by Defendant.

55.

The purported Personal Guaranty never rose to a mutual agreement between the parties and is unenforceable due to such lack of acceptance.

56.

Because the Credit Application and purported Personal Guaranty never rose to mutual agreements, the Credit Application and purported Personal Guaranty were never concluded and there is no agreement to arbitrate or agreement of guaranty to enforce.

57.

Pursuant to O.C.G.A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether the Credit Application and purported Personal Guaranty were accepted or otherwise acted upon by Defendant

and thus whether the Credit Application and purported Personal Guaranty were ever concluded.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that Defendant never accepted and never notified Kayne of acceptance of the purported Personal Guaranty, or Kayne Art Galleries of acceptance of the Credit Application, thus prohibiting them from being concluded and hence rendering unenforceable both the arbitration provision and the purported Personal Guaranty.

## COUNT III – DECLARATORY JUDGMENT: THERE IS NO AGREEMENT TO ARBITRATE DUE TO LACK OF CONSIDERATION

### 58.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-57 of this Complaint as if set forth herein verbatim.

### 59.

Defendant did not provide any consideration to Kayne Art Galleries or Kayne in return for Kayne Art Galleries' signature on the Credit Application.

### 60.

The Credit Application never rose to a mutual agreement between the parties supported by consideration and is unenforceable due to such lack of consideration.

14

61.

Defendant did not provide any consideration to Kayne or Kayne Art Galleries in return for Kayne's signature on the purported Personal Guaranty.

62.

The purported Personal Guaranty never rose to a mutual agreement between the parties supported by consideration and is unenforceable due to such lack of consideration.

63.

Because the Credit Application and purported Personal Guaranty never rose to mutual agreements between the parties supported by consideration, the Credit Application and purported Personal Guaranty were not concluded.

64.

Pursuant to O.C.G.A. § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether consideration was provided for the Credit Application and for the purported Personal Guaranty.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that Defendant did not provide consideration for the Credit Application or the purported Personal Guaranty, thus prohibiting the Credit

Application and purported Personal Guaranty from being concluded and rendering them unenforceable.

## COUNT IV – DECLARATORY JUDGMENT: THE PURPORTED PERSONAL GUARANTY IS UNENFORCEABLE BY REASON OF THE STATUTE OF FRAUDS

65.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-64 of this Complaint as if set forth herein verbatim.

66.

The Statute of Frauds mandates that in order for a promise to answer for another's debt to be binding on the promisor, the promise must be in writing and signed by the party to be charged therewith.

67.

The Statute of Frauds further mandates that where the purported promise omits the identity of the principal debtor, it is unenforceable as a matter of law.

68.

The purported Personal Guaranty is for "indebtedness heretofore or hereafter incurred by the above business."

69.

Neither the purported Personal Guaranty nor the Credit Application contain a definition for the "above business" or "business."

70.

The Personal Guaranty violates the Statute of Frauds and is thus unenforceable.

71.

Further, the statute of frauds contains, in effect, the minimum terms and definitions that must be included in a contract of suretyship/guaranty.  Failure to include such terms prevents an agreement from being concluded.

72.

Pursuant to O.C.G.A.  § 9-4-2, there is an actual justiciable controversy between the plaintiff and defendant as to whether the purported Personal Guaranty violates the Statute of Frauds.

WHEREFORE, Kayne respectfully requests that this Court enter a declaratory judgment that the purported Personal Guaranty violates the Statue of Frauds rendering the purported Personal Guaranty unenforceable.

## COUNT V – INJUNCTIVE RELIEF

### 73.

Kayne restates and incorporates each and every allegation contained in paragraphs 1-72 of this Complaint as if set forth herein verbatim.

### 74.

O.C.G.A.§9-11-65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney if it clearly appears that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.

### 75.

There is no presumptively valid arbitration agreement between Kayne and Defendant.

### 76.

The American Arbitration Association's expedited rules allow for only one arbitrator and do not allow for any hearing requiring witness production.

### 77.

The one arbitrator will issue an award based solely on written documents presented to the arbitrator.

78.

As there is no hearing, and there will be no hearing, the arbitrator is able to make his or her decision at anytime.

79.

As a decision may be reached by the arbitrator at anytime, Kayne will suffer irreparable and immediate harm if Defendant is allowed to proceed with this arbitration prior to this Court's determination of the arbitrability of this case.

80.

Kayne has no other adequate remedy at law other than an injunction enjoining Defendant from proceeding with the arbitration demanded in Santa Clara County before the American Arbitration Association.

WHEREFORE Kayne respectfully requests that this Court enjoin Defendant, temporarily and permanently, from pursuing the arbitration demanded in Santa Clara County before the American Arbitration Association.

Respectfully submitted,

/s/ Lawrence S. Burnat
Lawrence S. Burnat
Georgia Bar No. 096150
Michelle Roback Kraynak
Georgia Bar No. 429353
Attorneys for Plaintiff

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia  30303-1845
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
K:\6450\1\Pleadings & Discovery\Second Amended Complaint.doc