DANA N. LEVITT, PC (Bar No. 77180)
CHARLES E. WEIR (Bar No. 211091)
JASON D. STRABO (Bar No. 246426)
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone: 310.277.4110
Facsimile: 310.277.4730
dlevitt@mwe.com
cweir@mwe.com
jstrabo@mwe.com

Attorneys for Defendant
THE THOMAS KINKADE COMPANY, FORMERLY KNOWN AS, MEDIA ARTS GROUP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID KAYNE, an individual citizen of Georgia,

Plaintiff,

v.

THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation,,

Defendant.

CASE NO. C 07-4721 (SI)

**DEFENDANT THE THOMAS KINKADE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)**

**<u>HEARING</u>**

**DATE:** **December 7, 2007**
**TIME:** **9:00 a.m.**
**JUDGE:** **Hon. Susan Illston**

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. KAYNE IS BARRED FROM RELITIGATING HIS CLAIMS .......... 3

A. The Elements of Res Judicata Are Present .......... 4

B. Kayne's "New Law" Argument is Without Merit .......... 5

1. Nagrampa is Irrelevant to the Analysis .......... 6

2. Even if the Applicable Law Had Changed, Kayne's Claims Would Still Be Barred by Res Judicata .......... 8

3. Nagrampa Is Not "New Law" .......... 10

4. The Language in Judge Pannell's Ruling Does Not Insulate Kayne From Res Judicata .......... 11

C. Kayne's Claims Should Be Dismissed Because They Are Moot .......... 12

D. Kayne's Franchise Law Theories Are Barred By Collateral Estoppel .......... 14

E. The Parties' Arbitration Agreement is Not Unconscionable .......... 14

III. CONCLUSION .......... 15

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

*Allis-Chalmers Corp. v. Arnold*,
619 F.2d 44 (9th Cir. 1980) .......... 13

*Angel v. Bullington*,
330 U.S. 183 (1947) .......... 9

*Baltimore S.S. Co. v. Phillips*,
274 U.S. 316 (1927) .......... 9

*Beacon Theatres, Inc. v. Westover*,
359 U.S. 500 (1959) .......... 13

*Benoay v. Prudential-Bache Securities, Inc.*,
805 F.2d 1437 (11th Cir. 1986) .......... 1, 2, 6, 7

*Bonner v. City of Prichard*,
661 F.2d 1206 (11th Cir. 1981) .......... 6

*Brown v. Felsen*,
442 U.S. 127 (1979) .......... 3

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) .......... 10, 11

*Chicot County Drainage District v. Baxter State Bank*,
308 U.S. 371 (1940) .......... 9

*Chiron Corp. v. Ortho Diagnostics Systems*,
207 F.3d 1126 (9th Cir. 2000) .......... 12

*Clifton v. Attorney General of State of California*,
997 F.2d 660 (9th Cir. 1993) .......... 8

*Costantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982) .......... 4

*Crockett v. Whisenhunt (In re Landscape Properties)*,
127 F.3d 678 (8th Cir. 1997) .......... 8

*Davis v. O'Melveny & Myers*,
485 F.3d 1066 (9th Cir. 2007) .......... 2, 10, 11

*Durney v. WaveCrest Laboratories, LLC*,
441 F. Supp. 2d 1055 (N.D. Cal. 2005) .......... 5

*FMC Corp v. Up-Right, Inc.*,
816 F. Supp. 1455 (N.D. Cal. 1993) .......... 10

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Federated Department Stores, Inc. v. Moitie*,
452 U.S. 394 (1981) .......... 8, 9

*Forsman v. Chater*,
1996 U.S. App. LEXIS 17649 (9th Cir. July 12, 1996) .......... 9

*Friends of the Earth, Inc. v. Bergland*,
576 F.2d 1377 (9th Cir. 1978) .......... 13

*In re Gottheiner*,
703 F.2d 1136 (9th Cir. 1983) .......... 14

*Home Quality Management, Inc. v. Ace American Insurance Co.*,
381 F. Supp. 2d 1363 (S.D. Fla. 2005) .......... 7

*Huck v. Dawson*,
106 F.3d 45 (3d Cir. 1997) .......... 8

*International Union of Operating Engineers – Employers Construction Industry Pension v. Karr*, 994 F.2d 1426 (9th Cir. 1993) .......... 4

*Intermedics, Inc. v. Ventritex, Co.*,
775 F. Supp. 1258 (N.D. Cal. 1991) .......... 10

*Jenkins v. First American Cash Advance of Georgia, LLC*,
400 F.3d 868 (11th Cir. 2005) .......... 7

*Johnson v. SCA Disposal Services of New England, Inc.*,
931 F.2d 970 (1st Cir. 1991) .......... 8

*Los Angeles Branch NAACP v. Los Angeles Unified School District*,
750 F.2d 731 (9th Cir. 1984) .......... 10

*Miller v. Drexel Burnham Lambert, Inc.*,
791 F.2d 850 (11th Cir. 1986) .......... 6

*Mpoyo v. Litton Electro-Optical Systems ex. rel. Sea Air Shuttle Corp. Sys.*,
430 F.3d 985 (9th Cir. 2005) .......... 8

*Nagrampa v. Mailcoups Inc.*,
401 F.3d 1024 (9th Cir. 2005), .......... 11

*Nagrampa v. Mailcoups, Inc.*,
469 F.3d 1257 (9th Cir. 2006) .......... passim

*Nilsen v. Moss Point*,
701 F.2d 556 (5th Cir. 1983) .......... 8

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

## TABLE OF AUTHORITIES
**(continued)**

**Page(s)**


*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967) ....7, 10

*Reed v. Allen*, 286 U.S. 191 (1932) ....9

*Regal Lager, Inc. v. Baby Club of America, Inc.*, 2006 U.S. Dist. LEXIS 84610 (N.D. Ga. Nov. 20, 2006) ....7

*Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc.*, 331 F.3d 834 (11th Cir. 2003) ....6

*Sparks Nugget, Inc. v. Commissioner*, 458 F.2d 631 (9th Cir. 1972) ....14

*Stanley v. University of Southern California*, 13 F.3d 1313 (9th Cir. 1994) ....13

*State Farm Mutual Automobile Insurance Co. v. Duel*, 324 U.S. 154 (1945) ....8

*Western Systems, Inc. v. Ulloa*, 958 F.2d 864 (9th Cir. 1992) ....4

*Wilson's Executor v. Deen*, 121 U.S. 525 (1887) ....9

**STATE CASES**

*Aron v. U-Haul Company of California*, 143 Cal. App. 4th 796 (2006) ....14

*C.J.L. Const., Inc. v. Universal Plumbing*, 18 Cal. App. 4th 376 (1993) ....13, 14


McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

## I. INTRODUCTION

The validity of the parties' arbitration agreement was conclusively determined in the Northern District of Georgia (the "Georgia Action") and confirmed by the Eleventh Circuit. Plaintiff David Kayne ("Kayne") is subject to a binding order, affirmed by the Eleventh Circuit, requiring him to arbitrate pursuant to the parties' arbitration agreement. Because of this binding order, res judicata bars Kayne from attacking the validity of the parties' arbitration agreement based on claims that were brought or that could have been brought in the Georgia Action. Here, Kayne challenges the validity of the same arbitration agreement, and seeks to enjoin the same arbitration proceeding. Because he now seeks the same relief he pursued in the Georgia Action, Kayne's claims here are plainly barred.

Kayne does not dispute that his claims in this action arise from the same transaction or occurrence at issue in the Georgia Action. Rather, he bases his opposition (the "Opposition") to The Thomas Kinkade Company's ("TKC") motion to dismiss (the "Motion") almost entirely on one argument – the assertion that he is not barred from relitigating the validity of the parties' arbitration agreement because he could not have brought his unconscionability claims when he filed suit in Georgia. He argues he could not bring his unconscionability claims in Georgia because the Ninth Circuit had not decided *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) ("*Nagrampa*"), a case Kayne claims constitutes a major change in the law. This argument is frivolous and fails for multiple reasons.

First, even if *Nagrampa* did constitute a change in the law (which it does not), Kayne cannot explain how such a change in the law of the Ninth Circuit has any effect on the question of whether he was requested to bring the same claim in the Northern District of Georgia, a district that sits in the Eleventh Circuit. Kayne ignores the obvious – the Northern District of Georgia is not in the Ninth Circuit and Ninth Circuit law is irrelevant to whether he "could have" brought his unconscionability claim in the Georgia Action. Kayne does not cite to a single Eleventh Circuit case in support of his "new law" argument and there is good reason for the omission. The law of the Eleventh Circuit on this issue has not changed since 1986. In *Benoay v. Prudential-Bache*

*Securities, Inc.*, 805 F.2d 1437, 1441 (11th Cir. 1986), the Eleventh Circuit held that unconscionability challenges to an arbitration provision must be heard by a court. Thus, contrary to Kayne's bizarre assertion, neither *Nagrampa* nor any other Ninth Circuit decision has anything to do with whether Kayne's unconscionability claims were properly pursued in the Georgia Action. Under Eleventh Circuit law, Kayne not only could have but, in fact, was required to bring his unconscionability challenge to the validity of the parties' arbitration agreement in the Georgia Action. That has been the law in Georgia for 21 years and the Ninth Circuit's alleged "new law" in *Nagrampa* is irrelevant.

Second, even if *Nagrampa* was relevant to the question of whether Kayne could have raised his unconscionability challenge in the Georgia Action (which it is not), *Nagrampa* did not make new law. *Nagrampa* merely takes long-established Supreme Court precedent and applies it to a new set of facts. Even a cursory review of *Nagrampa* demonstrates that the case does not establish new legal principles. Contrary to Kayne's often hyperbolic and overheated description of the case, *Nagrampa* did not overrule established legal precedents in the Ninth Circuit and no case citing *Nagrampa* since then has so held. In fact, Kayne's own cases assert the opposite. *Davis v. O'Melveny & Myers* specifically describes *Nagrampa* as merely applying previous Supreme Court and California precedents. 485 F.3d 1066 (9th Cir. 2007). Indeed, the only authority that Kayne can muster for his claims that *Nagrampa* was "striking to many people" – whatever that means – are the results of a "Google search."

Third, even if *Nagrampa* did represent a "change in the law" (which it does not), Kayne's defense to the application of res judicata is still wrong. The Supreme Court has specifically rejected the identical "new law" exception to the application of res judicata. Kayne's citation to old case law and outdated dicta obviously does not trump binding Supreme Court precedent on this issue.

Fourth, Kayne concedes that his arguments are properly raised in the confirmation proceedings. Ironically, Kayne then chides TKC for bringing a "pointless" motion to dismiss (the "Motion") on the ground that it merely anticipates arguments that will inevitably be raised in a motion to confirm the award. TKC agrees that this case has been rendered "pointless" by the

arbitrator's award issued on November 15, 2007. However, rather than being a reason to deny TKC's Motion, it is a reason to grant the Motion, as it is Kayne's First Amended Complaint (the "Complaint" or "FAC") that is now pointless. The proper remedy is not (as Kayne suggests) to allow a moot complaint to stand when parallel confirmation proceedings present the same issues. Rather, the proper remedy is the one TKC seeks – dismissal of a moot and unmeritorious complaint. This is particularly true now that TKC has filed its petition to confirm the arbitration award before Judge Pannell in the Northern District of Georgia.[1] As Kayne's frivolous claims place the scope of Judge Pannell's original ruling at issue, he, of course, is in the best position to decide what was encompassed in his order compelling the parties to arbitrate. The filing of this case by Kayne was never anything other than blatant forum shopping and should not be tolerated.

Fifth, Kayne's claims of unconscionability are also wrong. They are premised on a series of assertions that have already been fully litigated and lost by Kayne and his company, Kayne Art Galleries of Georgia ("Kayne Galleries"). Moreover, despite Kayne's unsupported assertions to the contrary, the mutual arbitration provisions at issue were promulgated by a neutral and internationally known third party (the AAA) and cannot be said to "shock the conscience."

Kayne's continued efforts to delay payment of his established debts must finally come to an end. Rather then bouncing from court to court in the vain search for a favorable opinion, he should finally be told no. Kayne's complaint must be dismissed.

## II. <u>KAYNE IS BARRED FROM RELITIGATING HIS CLAIMS</u>

Kayne is barred by res judicata from raising any challenge to the validity of the parties' arbitration agreement that either was raised <u>or could have been raised</u> in the Georgia Action. Motion p. 9; *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding"). Res judicata is designed to prevent exactly what Kayne attempts to do here – endlessly pursue claims arising from the same

[1] TKC filed its motion to confirm the arbitration award on November 16, 2007. The matter was assigned to Judge Pannell. Given the pending proceeding in the Northern District of Georgia before Judge Pannell to confirm the arbitration award, in addition to dismissal of the complaint the Court should transfer all remaining issues in this case to Judge Pannell.



McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

set of facts in a series of different courts. The fact that Kayne did not specifically make an unconsionability argument in the Georgia Action does not mean that he can bring it here. To the contrary, he is barred from raising this argument and all other challenges he could have raised in the Georgia Action.

**A. The Elements of Res Judicata Are Present**

Kayne can barely argue with a straight face that the elements of res judicata are not satisfied here. Indeed, Kayne does little more in his Opposition than make a long series of unsupported assertions. He argues that his claim does not arise from the same "nucleus of facts," or that "different rights" are at issue, or that he will have to rely on different evidence, and that the "limited" rights and interests at issue in the Georgia Action will not be impaired. Opp. At 14. All of these contentions are essentially word games and are plainly wrong.

First, it is obvious that this Complaint arises from the same "transactional nucleus of facts" as the Georgia Action. Kayne uses the wrong test and claims that the two actions do not arise from the same "nucleus of facts" because "the relevant facts...are different." Opposition p. 14. However, rather than assessing whether the relevant facts in the two claims are different (as Kayne asserts we must), the Ninth Circuit uses a transaction test to determine whether two suits share the same nucleus of operative fact. *International Union of Operating Engineers – Employers Constr. Indus. Pension v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993). Thus, "[w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The Ninth Circuit has repeatedly recognized that this element carries the most weight in a res judicata analysis. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982). Here, there can simply be no doubt that Kayne's claims arise from the same transactional nucleus of facts. Lest we forget, this case involves the same parties as the Georgia Action, the same agreement, the same arbitration clause, the same arbitration and the same relief. This case is simply a redo of the Georgia Action – Kayne pursues it because he was disappointed in Georgia and hopes for better results in California.

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

Similarly, the right at issue in this case - the validity of the parties' arbitration agreement - is the identical right at issue in the Georgia Action. *See Durney v. WaveCrest Labs, LLC*, 441 F. Supp. 2d 1055, 1065 (N.D. Cal. 2005) (rejecting second action on res judicata principles and noting "different legal rights might be involved (e.g. right to intellectual property protected by copyright versus proprietary interest in the intellectual property), [but] at bottom, [Plaintiff's] general ownership interest in the work is what is at issue").

Further, this action and the Georgia Action involve substantially the same evidence. *See Durney*, 441 F. Supp. 2d 1064 (holding that though claims involved proof of different elements from claims in prior suit, because they related to the same core conduct, the two suits involved substantially the same evidence). To establish his claims in this action, Kayne will have to present evidence of the terms and circumstances surrounding the signing of the Credit Agreement and Personal Guaranty – the same core conduct that was at issue in the Georgia Action.

Finally, TKC's rights and interests will be impaired if this action is allowed to proceed. *See Id.* at 1064 (holding that the right to be free from litigation would be impaired if plaintiff were allowed to proceed with subsequent barred suit). The Georgia Action established TKC's right to proceed with and obtain an arbitration award pursuant to the terms set forth in the Credit Agreement and Personal Guaranty. Indeed, Judge Pannell, affirmed by the Eleventh Circuit, <u>ordered</u> the parties to arbitrate pursuant to the Credit Agreement. This second action, if allowed to proceed, will "destroy the prior judgment." Kayne is asking this Court for the same relief that was denied by the Georgia court when it compelled arbitration. Thus, as set forth in the Motion, all of the res judicata factors are clearly present and demonstrate that Kayne's claims are barred.

**B. <u>Kayne's "New Law" Argument is Without Merit</u>**

Kayne's principle defense to the application of res judicata is that he was incapable of bringing an unconscionability challenge when he initiated the Georgia Action. He bases this assertion on the claim that the Ninth Circuit's ruling in *Nagrampa v. Mailcoups, Inc.* worked such a change in the law that an unconscionability argument was not available in the Northern District of Georgia. Opposition p. 3. This argument fails for three independent reasons: (1) the Ninth Circuit's ruling in *Nagrampa v. Mailcoups, Inc.* is not relevant to the question of whether Kayne



McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

could have raised an unconscionability defense when he sued in Georgia. Kayne's ability to bring an unconscionability claim in the Georgia Action is governed entirely by the Eleventh Circuit's law on this issue, which has not changed since 1986. (2) A "change in the law" does not vitiate the applicability of res judicata. (3) Even if *Nagrampa* was relevant (which it is not), Kayne fundamentally overstates the case's holding – it is not a "sea change" in the law, but rather the application of existing legal principles to the facts of that case. Because his "new law" argument fails, his claims are barred by res judicata and must be dismissed.

1. Nagrampa is Irrelevant to the Analysis.

It is axiomatic that the courts in the Northern District of Georgia are bound by the precedents of the Eleventh Circuit, not those of the Ninth Circuit. Thus, the Ninth Circuit's decision in *Nagrampa* has no binding effect on the courts in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) ("[i]t is common knowledge that the decisions of the court of appeal for one circuit are not binding upon the courts of appeals for other circuits."). The law of the Eleventh Circuit is impervious to decisions of other circuits, including, obviously, the Ninth Circuit. *Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc.*, 331 F.3d 834, 840, n.1 (11th Cir. 2003) (Eleventh Circuit precedent that was based on another circuit's precedent is not affected by that circuit's altering of precedent, because binding effect of Eleventh Circuit precedent is "impervious to the decisions of other circuits."). Thus, the question of whether or not there has been a "change in the law" such that Kayne would be able to avoid the consequences of res judicata must be analyzed entirely under the law of the Eleventh Circuit, not the law of the Ninth.

Kayne does not even attempt to show that there was a change in the law in the Eleventh Circuit primarily, one must assume, because there has been no change in the law in the Eleventh Circuit since Kayne filed the Georgia Action. Indeed, the Eleventh Circuit has consistently held since at least 1986 that a claim that an arbitration provision is unconscionable is to be considered by the court, while a claim of unconscionability in the contract as a whole is to be considered by the arbitrator. *Benoay*, 805 F.2d at 1441[2]; *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850,

---

[2] In *Benoay*, the Eleventh Circuit Court of Appeals noted that:



McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

854 (11th Cir. 1986) ("Any claim of fraud, duress or unconscionability in the formation of the arbitration agreement is a matter for judicial consideration . . . Allegations of unconscionability in the contract as a whole, however, are matters to be resolved in arbitration."); *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F. 3d 868, 876-77 (11th Cir. 2005), *cert denied*, 546 U.S. 1214 (2006) ("if the claim is [unconscionability] of the arbitration clause itself . . . the federal court may proceed to adjudicate it. But the [Federal Arbitration Act] does not permit the federal court to consider claims of [unconscionability] of the contract generally")[3]; *Regal Lager, Inc. v. Baby Club of Am., Inc.*, 2006 U.S. Dist. LEXIS 84610, at *11 (N.D. Ga. Nov. 20, 2006) (citing *Jenkins*); *Home Quality Mgmt., Inc. v. Ace Am. Ins. Co.*, 381 F. Supp. 2d 1363, 1366 (S.D. Fla. 2005) (same). Highlighting the irrelevance of *Nagrampa* in the Eleventh Circuit, the decision has not been cited by any court within the Eleventh Circuit. The relevant law here is old law and if Kayne was not forum shopping, he would have known long before *Nagrampa* was decided that Eleventh Circuit precedents (the only precedent) that mattered in the Georgia Action required him to bring his unconscionability claim before Judge Pannell. Stated another way, even if *Nagrampa* was decided ten years before Kayne sued TKC in Georgia, Kayne's claims in the Northern District of Georgia would still be governed and controlled by Eleventh Circuit precedents and not *Nagrampa*.

---

> This court will not review the validity of an arbitration agreement where there are only "generalized assertions of unequal bargaining power and fundamental unfairness." . . . We therefore remand this case to the district court to conduct a more thorough exploration of the validity of the arbitration issue. If, after evaluating the nature and sufficiency of the allegations, the district court concludes that Benoay has alleged fraud, duress or unconscionability with respect to the arbitration clause itself, then judicial consideration of these issues is mandated before arbitration of the state claims can be compelled. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1805-06, 18 L. Ed. 2d 1270 (1967).

805 F.2d at 1441.

[3] *Nagrampa* itself recognizes the *Jenkins* decision as the binding Eleventh Circuit precedent with respect to this issue. *Nagrampa*, 469 F. 3d at 1274-1275.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

2. Even if the Applicable Law Had Changed, Kayne's Claims Would Still Be Barred by Res Judicata

Even if *Nagrampa* constituted a change in the applicable law, Kayne's claims would still be barred by res judicata.[4] *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (plaintiff in prior action was barred from pursuing subsequent action for same claim even though his co-plaintiffs in the prior action had successfully appealed the judgment); *Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 663 (9th Cir. 1993) (new statute permitting parole hearing every two years was not a sufficient change in circumstance to avoid claim preclusion effect of prior judgment).

In support of his position that "new law" vitiates the effect of res judicata, Kayne cites to dicta in *State Farm Mut. Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162 (1945). Opposition p. 14. This citation is irrelevant. *Duel* did not involve the application of res judicata at all. Rather, it involved a constitutional challenge to a Wisconsin statute and an appellate procedural issue. In *Duel* there was a change in the law after the lower court's decision and the appellant attempted to raise the new issue for the first time on appeal. The Supreme Court declined to reach an issue that was not discussed below. In dicta, the *Duel* court noted that the appellant would have the opportunity to raise the issue in subsequent proceedings.

The more recently decided *Federated Dep't Stores, Inc.*, on the other hand, directly addresses the res judicata issue and specifically rejects a "new law" argument nearly identical to

---

[4] Kayne asserts that res judicata does not apply because "[i]n addition to not being required to amend his Georgia complaint after December 4, 2006…[he] was not in a position to do so." Opposition p. 9. Kayne argues from a few phrases in Judge Pannell's opinion that Judge Pannell would have "taken a dim view" of any motion by Kayne to amend his Georgia complaint. This argument fails for two reasons. First, it is pure speculation and misinterprets the language on which it relies. Second, whether Judge Pannell would or would not have denied Kayne's motion for leave to amend is irrelevant. Federal courts have consistently held that a party is barred from bringing a successive suit on a cause of action that otherwise meets the requirements of res judicata even if that party previously sought and was denied leave to amend in order to add the barred claim in the original action. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005); *Huck ex. rel. Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45 (3d Cir. 1997); *Crockett v. Whisenhunt (In re Landscape Props.)*, 127 F.3d 678 (8th Cir. 1997); *Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970 (1st Cir. 1991); *Nilsen v. Moss Point*, 701 F.2d 556 (5th Cir. 1983). Thus, regardless of whether Judge Pannell would have granted leave to amend, Kayne's claims are barred.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

the one raised by Kayne. 452 U.S. at 398. *Federated Dep't Stores, Inc.*, not *Duel*, controls.[5] In arriving at its ruling in *Federated Dep't Stores, Inc.*, the Court described the rationale for rejecting a "new law" exception:

> Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Angel v. Bullington*, 330 U.S. 183, 187 (1947); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940); *Wilson's Executor v. Deen*, 121 U.S. 525, 534 (1887). As this Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927), an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of res judicata. . . . A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." We have observed that "[the] indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." *Reed v. Allen*, 286 U.S. 191, 201 (1932).

*Id.* Thus, Judge Pennell's decision is not open to a collateral attack in this case, regardless of whether the law subsequently changed.

In *Federated Department Stores*, a series of plaintiffs filed seven related antitrust suits against various department stores. The cases were subsequently dismissed by a United States District Court on the grounds that retail purchasers could not suffer "injury" to their "business or property," as required by the relevant antitrust statutes. *Id.* at 396-398. The plaintiffs in five of the suits appealed their respective dismissals to the Ninth Circuit, while the plaintiffs in the remaining cases chose to file new actions in state court. *Id.* The two state court actions were subsequently dismissed on res judicata grounds and the plaintiffs appealed. *Id.* While the appeals were pending, the Ninth Circuit overturned the dismissal of the other five actions, holding that retail purchasers could suffer "injury" to their "business or property," as required by antitrust laws. *Id.* Despite the fact that the five related rulings were overturned on appeal, the United States Supreme Court ultimately ruled that the remaining two state court actions were barred by

---

[5] It should be noted that while not citable as precedent, the Ninth Circuit has addressed the relationship between *Duel* and *Federated Department Stores* with respect to this very issue and held that *Duel*, to the extent it had any precedential value, was overruled by *Federated Department Stores. Forsman v. Chater,* 1996 U.S. App. LEXIS 17649, *2 (9th Cir. July 12, 1996) (holding that the res judicata discussion in *Duel* is dictum and "to the extent it had any precedential value, is no longer good law in light of *Federated Dep't Stores, Inc.*")

res judicata even though there had been a change in the law. *Id.* Thus, even if Nagrampa was new law, under *Federated Department Stores*, Kayne's claims are barred.

Moreover, the case law that Kayne cites in support of the proposition that changed circumstances can vitiate the application of res judicata is inapposite in this situation. In the majority of the cases that he cites some new act (that in and of itself would be sufficient to give rise to a cause of action) occurs subsequent to the filing of the suit that is to be given preclusive effect. *Intermedics, Inc. v. Ventritex, Co.*, 775 F. Supp. 1258, 1262 (N.D. Cal. 1991) (holding that first action, which was dismissed in 1985, did not bar second action because acts giving rise to claims in second action did not occur until 1986 and 1987); *FMC Corp v. Up-Right, Inc.*, 816 F. Supp. 1455, 1461 (N.D. Cal. 1993) (infringing sale of replacement parts not barred because such sales had barely commenced and would be difficult or impossible to discover at time of dismissal of prior action); *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984) (prior consent decree did not bar claim for violations that occurred after the period covered by consent decree). In contrast, there is no allegation here of a new act giving rise to a second action. At best, Kayne alleges a new interpretation of existing Ninth Circuit case law that, as we have already seen, is totally irrelevant to Kayne's Eleventh Circuit action

3. Nagrampa Is Not "New Law"

Even if *Nagrampa* is relevant to this Eleventh Circuit action (which it is not), and even if "new law" was a defense to res judicata (which it also is not), *Nagrampa* does not set out new law; it is merely an application of existing principles to different facts. As set forth in the Motion, *Nagrampa* simply applies the rule set out in *Prima Paint Corp.*, 388 U.S. 395 and reinforced in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). Motion p. 13.

Kayne does not cite to a single case standing for the proposition that *Nagrampa* has created new law, or otherwise overturned some long established precedent of the Ninth Circuit. Indeed, the only post-*Nagrampa* case that Kayne cites is *Davis*, 485 F. 3d 1066. In *Davis*, the Court noted that the Ninth Circuit in *Nagrampa* was simply "applying *Buckeye Check Cashing*" with respect to the issue of whether the court or the arbitrator was to consider issues of unconscionability. *Davis*, 485 F. 3d at 1072. Moreover, with respect to the unconscionability



McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

defense, the *Davis* court noted that "[i]n *Nagrampa*, the Ninth Circuit reiterated . . . principles of California law." *Id.* at 1075 (emphasis added). "Reiterating" established California law and "applying" *Buckeye Check Cashing* does not create new claims or causes of action where none existed as Kayne would have the court believe. [6]

4. The Language in Judge Pannell's Ruling Does Not Insulate Kayne From *Res Judicata*

After claiming that the issue of the unconscionability of the parties' arbitration agreement was never part of Kayne's Georgia Action, Kayne nevertheless asserts that Judge Pannell contemplated that the unconscionability issue would be dealt with in arbitration. Opposition p. 12. Kayne points to the following language in Judge Pannell's opinion:

> "Because all of the issues remaining in the case at hand are referable to arbitration and the arbitration will take place in California, it would serve no purpose for the court to retain jurisdiction and stay the action pending arbitration. ... The court, therefore, GRANTS the defendant's motion to compel arbitration (Doc. No. 14) to the extent it seeks dismissal of the action and an order compelling arbitration."

Opposition p. 12. Kayne goes on to assert that this is consistent with pre-*Nagrampa* law. Kayne does not explain how this interpretation of Judge Pannell's ruling helps him at all. Indeed, all that

---

[6] It should be noted that to bolster his "new law" claim Kayne aggressively overstates the holding in *Nagrampa*. *Nagrampa I* did not state that all unconscionability challenges go to arbitration as Kayne states. Opposition p. 3. Rather, *Nagrampa I* stated that in the case at bar Ms. Nagrampa's unconscionability challenge was not sufficiently targeted at the arbitration provision, but instead required an analysis of whether the agreement as a whole was a contract of adhesion. *Nagrampa v. Mailcoups Inc.*, 401 F.3d 1024, 1028-1029 (9th Cir. 2005). Since that issue related to the agreement as a whole, the *Nagrampa I* court reasoned that the analysis should go to the arbitrator. Even if Ninth Circuit law was relevant (which it is not) *Nagrampa I* would still have required Kayne to bring his unconscionability challenge to the courts, as the unconscionability challenge Kayne sets out in his Complaint is specifically targeted to the arbitration provision and not the agreement as a whole. *See e.g.* Complaint ¶¶ 31, 56. The only new wrinkle in *Nagrampa II* is that it permits the party challenging an arbitration clause to maintain an attack in the courts even if part of its unconscionability attack relates to the issue of whether the agreement as a whole is a contract of adhesion. Since, Kayne does not claim the agreement as a whole is a contract of adhesion, but specifically challenges only the procedural unconscionability of the arbitration provision, his challenge (even under *Nagrampa I*) would have properly been before the courts.[6] Thus, Kayne's claim that he relied on *Nagrapma I* and withheld his unconscionability challenge from the Georgia Action is disingenuous at best. Under either of the *Nagrampa* rulings, Kayne's unconscionability attack would have been for the court to decide. Moreover, while additional evidence that Kayne's *Nagrampa* argument is totally contrived is probably not necessary, it should be noted that *Nagrampa I* was vacated in 2005. *Nagrampa*, 401 F.3d 1024, vacated by 2005 U.S. App. Lexis 12782 (9th Cir. 2005). Kayne did not bring his Georgia Action until 2006, so he would have no reason to rely on the *Nagrampa I* ruling.



McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

the argument appears to establish is that Kayne was ordered by a Federal District Court Judge to arbitrate the issue of the unconscionability of the parties' arbitration clause. If true, he has defied that order and instead brought the issue to a second Federal District Court Judge. In effect, Kayne's reading of Judge Pannell's decision requires, rather then forestalls the application of res judicata. The fact that the arbitration ultimately was ordered to take place in California pursuant to the parties' agreement does not change the fact that Eleventh Circuit law governs Kayne's Georgia Action or that he has been ordered to arbitrate pursuant to the terms of the parties' agreement. This is just another in a very long line of incorrect and illogical arguments raised by Kayne in an effort to delay payment of his long-established debt to TKC.

**C. Kayne's Claims Should Be Dismissed Because They Are Moot**

Kayne concedes that all of his arguments in this matter are properly raised in the confirmation proceedings. Ironically, he then chides TKC for bringing a "pointless" motion to dismiss on grounds that Kayne asserts will inevitably be raised as "defenses" in the action to confirm the award. Opposition p. 5. TKC agrees that this case has been rendered "pointless" by the arbitrator's award issued on November 15, 2007. However, rather than being a reason to deny TKC's Motion, it is a reason to grant it, as it is Kayne's complaint that is now pointless. The proper remedy is not (as Kayne suggests) to allow a complaint to stand in the face of a parallel confirmation process that will also address the same issues as the complaint. The proper remedy is the one TKC seeks – dismissal of an unmeritorious and now moot complaint.

Dismissal of this case is particularly appropriate given that TKC has already filed its petition to confirm the arbitration award before Judge Pannell in the Northern District of Georgia. Indeed, because what is and is not encompassed in Judge Pannell's order compelling the parties to arbitrate will be at the heart of any argument before Judge Pannell regarding the confirmation of the award, he is obviously in the best position to decide whether Kayne has raised a "new" issue. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1134 (9th Cir. 2000) ("This justification rests on the presumption that the court issuing the original decision is best equipped to determine what was considered and decided in that decision and thus what is or is not precluded by that decision.")

Moreover, Kayne seeks only injunctive and declaratory relief by his FAC, neither of which are available now that the arbitrator has issued his award. Kayne cannot satisfy the requirements for injunctive relief. In the FAC, he seeks two forms of injunctive relief: (1) an injunction preventing the arbitrator from issuing an award; and (2) an injunction preventing any such award from being enforced. FAC p. 4. Kayne cannot enjoin an action that has already occurred. *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) ("[w]here the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot."). As Kayne concedes in his Opposition, the arbitration Kayne sought to enjoin in his Complaint took place on October 16, 2007 and the award was issued on November 15, 2007. Opposition pp. 5-6. Kayne also cannot seek an injunction to prevent the arbitration award from being enforced. In order to obtain injunctive relief, Kayne must show that he will suffer irreparable harm for which he has no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959) ("[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). Kayne cannot meet this requirement because (as he has acknowledged in his Opposition) Kayne can raise these same incorrect and illogical arguments in defending against confirmation of the award. Kayne has adequate remedies and is in no danger of suffering irreparable harm. *See* Opposition, p. 5.

Moreover, Kayne cannot state a claim for declaratory relief because he can seek the same relief in another forum. Kayne does not state in the FAC whether he is seeking declaratory relief under state or federal law. However, under either body of law, the availability of another forum justifies the denial of declaratory relief. *C.J.L. Constr., Inc. v. Universal Plumbing*, 18 Cal. App. 4th 376, 390 (1993); *Allis-Chalmers Corp. v. Arnold*, 619 F.2d 44, 46 (9th Cir. 1980) ("'[w]here more effective relief can be obtained by other proceedings, and consequently a declaratory judgment would not serve a useful purpose, the courts are justified in refusing a declaration.'"). Similarly, where an issue can be raised as an affirmative defense, a declaratory relief complaint raising that issue should be dismissed. *C.J.L. Constr, Inc.*, 18 Cal. App. 4th at 390. Here, Kayne

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

concedes that his claims are "in essence *defenses* against the enforcement of TKC's 'Final Award'." Opposition p. 5. Accordingly, the declaratory relief claim must also be dismissed.

**D. Kayne's Franchise Law Theories Are Barred By Collateral Estoppel**

As set forth in the Motion, Kayne cannot relitigate the issue of TKC's alleged franchise law violations. Motion pp. 15-16. In response Kayne makes the irrelevant assertion that he was not a party to in the first arbitration. Opposition p. 4. While true, it does not prevent the doctrine of collateral estoppel from applying. FAC ¶ 9 ("Kayne is the founder, President and (along with his wife, Tracy) principal shareholder" of Kayne Galleries"); *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (individual held to be in privity with corporation for collateral estoppel purposes where he was sole shareholder and controlled day to day affairs); *Sparks Nugget, Inc. v. Commissioner*, 458 F.2d 631, 639 (9th Cir. 1972) (controlling shareholder found to be in privity with corporation for collateral estoppel purposes). The fact of the matter is that it has been conclusively determined that TKC did not violate any franchise laws when Kayne Galleries entered into the Dealer Agreements. Kayne cannot now assert that the same Dealer Agreements are franchise agreements that required disclosures. This argument has been litigated with the party that was actually the alleged franchisee and rejected. Accordingly, to the extent that Kayne relies on the violation of any franchise law to establish his claims they must fail.

**E. The Parties' Arbitration Agreement is Not Unconscionable**

As set forth in the Motion, the use of the AAA's Expedited Arbitration Rules is not unconscionable. Motion pp. 20-23. In response, Kayne makes a series of unsupported assertions and an irrelevant reference to poor people sleeping under bridges. Opposition pp. 22-23. The expedited rules applied equally to both parties. The AAA rules are promulgated by a neutral third party, and the parties' arbitration provision is not inconsistent with the AAA rules. Moreover, Kayne has yet to identify a single valid defense that he has somehow been prevented from asserting because of the expedited rules. This state of affairs hardly meets the "shock the conscience" standard required to establish unconscionability under California law. Motion pp. 22-23; *Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796, 808 (2006). Indeed, the only

thing that "shocks the conscience" about this case is Kayne's blatant manipulation of the legal system in an effort to delay paying long established debts to TKC.

## III. CONCLUSION

For the reasons set forth above and in TKC's moving papers, TKC respectfully requests that the Court grant its motion and dismiss Kayne's claims in their entirety.

Dated: November 26, 2007

McDERMOTT WILL & EMERY LLP
DANA N. LEVITT, PC
CHARLES E. WEIR
JASON D. STRABO

By: /s/
Charles E. Weir
Attorneys for Defendant
THE THOMAS KINKADE COMPANY

LAS99 1528173-6.074203.0021