DANA N. LEVITT, PC (Bar No. 77180)
CHARLES E. WEIR (Bar No. 211091)
JASON D. STRABO (Bar No. 246426)
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone:   310.277.4110
Facsimile:   310.277.4730
dlevitt@mwe.com
cweir@mwe.com
jstrabo@mwe.com

Attorneys for Defendant
THE THOMAS KINKADE COMPANY,
FORMERLY KNOWN AS, MEDIA ARTS GROUP
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID KAYNE, an individual citizen of Georgia,<br><br>     Plaintiff,<br><br>  v.<br><br>THE THOMAS KINKADE COMPANY, formerly known as MEDIA ARTS GROUP, INC., a Delaware Corporation,,<br><br>     Defendant. | CASE NO.  C 07-4721 (SI)<br><br>**DEFENDANT THE THOMAS KINKADE COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)**<br><br>**HEARING**<br><br>**DATE:**  December 7, 2007<br>**TIME:**  9:00 a.m.<br>**JUDGE:**  Hon. Susan Illston |

REPLY IN SUPPORT OF
MOTION TO STRIKE                                                                                                              (No. 07-4721 (JF) (RS))

## I. INTRODUCTION

This case should be dismissed in its entirety, making this motion to strike (the "Motion") moot. As TKC makes clear in its motion to dismiss (the "Motion to Dismiss"), Defendant David Kayne's ("Kayne") claims are entirely without merit and, now that the arbitration he sought to enjoin has already taken place, the claims are also moot. TKC submits this reply and continues to seek the relief requested in this Motion solely as an alternative and, given the overwhelming law and facts in support of dismissal, likely unnecessary remedy.

Kayne's opposition (the "MTS Opposition") to The Thomas Kinkade Company's ("TKC") Motion fails to remedy the fundamental flaw in his First Amended Complaint (the "Complaint" or "FAC"). In his MTS Opposition, Kayne does not dispute TKC's assertion that his case boils down to one single issue, the validity of an arbitration provision (the "Arbitration Provision") contained within a contract between the parties. To the contrary, Kayne repeatedly affirms in his various filings that the sole point of this action is to challenge the Arbitration Provision and the enforcement of any award issued pursuant to it. MTS Opposition p. 2. Despite acknowledging this fact, Kayne nevertheless maintains that the FAC as an appropriate vehicle for revisiting the entire history of disputes between the parties. It is not.

The FAC is replete with allegations that are neither relevant nor pertinent to Kayne's claims regarding the validity of the Arbitration Provision. Among the litany of irrelevant allegations are lengthy descriptions of copyright and trademark infringement suits between the parties that occurred well after the Credit Agreement and Personal Guaranty were signed and that do not arise out of either agreement, claims regarding conduct that the FAC itself describes as occurring months after the Credit Agreement and Personal Guaranty were signed, accusations that TKC supposedly engaged in "sharp litigation practices" with individuals who are not alleged to have any relationship with the Credit Agreement and Personal Guaranty, and claims that TKC violated federal franchise law disclosure requirements that have nothing to do with the disputed clause. These claims should be stricken from the Complaint.

REPLY IN SUPPORT OF
MOTION TO STRIKE                                                                   (No. 07-4721 (JF) (RS))

## II. ARGUMENT

The function of a motion to strike is to avoid the expenditure of time and money that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). To this end, the trial court has discretion to grant a motion to strike. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 1028 (C.D. Cal. 2002). This is exactly the type of case in which the court should exercise it's discretion and, to the extent that it does not dismiss Kayne's spurious claims altogether (which it should), strike the numerous immaterial and impertinent allegations from the FAC.[1]

### A. Paragraphs 11-14 Are Immaterial and Impertinent

First, the allegations contained within Paragraphs 11-14 extend well beyond the scope of admissible evidence. Paragraphs 11-14 are composed almost entirely of allegations regarding the signing of the first of his Dealer Agreements. These alleged actions occurred almost three years before the execution of the Credit Agreement and Personal Guaranty. FAC ¶¶ 9, 14. The unconscionability of the Dealer Agreements is not at issue. Indeed, that issue was previously litigated between the parties and the Dealer Agreements were specifically found not to be unconscionable. Motion to Dismiss p. 5. Kayne's attempt to re-litigate this result through the guise of background facts has no place in this case. These allegations should be stricken.

Not surprisingly, Kayne contends that allegations regarding previously litigated matters should not be stricken. In support of this contention, Kayne argues that "[e]vidently, TKC still has difficulty comprehending that…Mr. Kayne did not participate in (and was not bound by) the San Francisco Arbitration." MTS Opposition p. 8. This argument misses a fundamental truth of the case at bar – because Kayne is and was in privity with Kayne Galleries, he is bound by the San Francisco Arbitration panel's rulings with respect to the issues in that case. "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is

---

[1] Kayne suggests that by referencing a number of past proceedings between the parties in its Motion to Dismiss, TKC is somehow acknowledging the materiality and pertinence of the details regarding such proceedings to the claims in his Complaint. MTS Opposition p. 2. Kayne's argument is without merit. The past proceedings referenced in TKC's Motion to Dismiss are relevant to the issue of whether Kayne's claims are barred by res judicata. They are not, however, relevant to the sole issue that Kayne has raised in his Complaint – the issue of whether the arbitration clause contained within the Personal Guaranty is valid.

REPLY IN SUPPORT OF MOTION TO STRIKE - 2 - (No. 07-4721 (SI))

1  presumed that in any litigation involving that corporation the individual has sufficient
2  commonality of interest [to support a finding of privity]." *In re Gottheiner*, 703 F.2d 1136, 1140
3  (9th Cir. 1983) (individual held to be in privity with corporation for collateral estoppel purposes
4  where he was sole shareholder and controlled day to day affairs); *Sparks Nugget, Inc. v.*
5  *Commissioner*, 458 F.2d 631, 639 (9th Cir. 1972) (controlling shareholder found to be in privity
6  with corporation for collateral estoppel purposes); *Drier v. Tarpon Oil, Inc.*, 522 F.2d 199, 200
7  (5th Cir. 1975) (president and sole shareholder held to be in privity with corporation); *Warnecke*
8  *v. Laclede Gas Co.*, 455 F. Supp. 444, 446 (E.D. Mo. 1978), *aff'd sub nom.*, 604 F.2d 561 (8th
9  Cir. 1979); *Kraeger v. General Electric Co.*, 497 F.2d 468, 472 (2d Cir. 1974) (holding that the
10 president and sole shareholder of a corporation controlled the corporation and was, therefore,
11 barred from relitigating claims that were previously litigated by the corporation).

12       Kayne is the founder, President and (along with his wife, Tracy) principal shareholder of
13 Kayne Galleries. FAC ¶ 9. Kayne was present at virtually all of the San Francisco Arbitration
14 proceedings. Thus, Kayne apparently fails to grasp the reality of the situation – that he is in
15 privity with Kayne Galleries, and bound by the San Francisco Arbitration panel's rulings against
16 Kayne Galleries for the purposes of res judicata and collateral estoppel. Accordingly, Kayne is
17 barred from relitigating issues that have already been determined against Kayne Galleries in the
18 arbitration. For this reason, these allegations cannot support a cause of action and should be
19 stricken. *Provencio v. Defense Technology Corporation of America*, 2007 U.S. Dist. LEXIS
20 54568, *12-13 (E.D. Cal. July 27, 2007); *Drew v. Equifax Information Services*, 2007 U.S. Dist.
21 LEXIS 53157, *18 (N.D. Cal. July 11, 2007).

22       **B.**    **Paragraphs 27-29 Should Be Stricken**

23       Kayne argues that the allegations set forth in Paragraphs 27-29 are relevant to his
24 contention that the Arbitration Provision is unconscionable.[2] Under Supreme Court precedent in

---

[2] Kayne argues "[n]otably, TKC does not complain about Mr. Kayne's reference to the similar California franchise laws in his complaint or to Mr. Kayne's allegation that TKC did not comply with the disclosure requirements of those California franchise laws." MTS Opposition, p. 10. This argument is without merit. TKC elected not to address Kayne's California franchise law allegations because there is at least some basis for arguing that California franchise laws contained some disclosure requirements relating to arbitration provisions at the time when TKC and Kayne entered into the Credit Agreement and Personal Guaranty. However, as TKC sets

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Buckeye Check Cashing* and *Prima Paint*, Kayne has a choice – he can either choose to challenge the validity of the arbitration provision before the court, or he can challenge the validity of the entire contract before the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). Kayne purports to challenge only the arbitration clause. MTS Opposition pp. 2-3. As TKC noted in its Motion, under *Prima Paint* and *Buckeye*, this is, therefore, an inherently narrow analysis. Because, as Kayne effectively acknowledged both by amending his Complaint and through his argument in his Opposition, the federal franchise investment laws in effect at the time of the execution of the Credit Agreement and Personal Guaranty contained no obligation to provide disclosures with respect to the arbitration clause, it is difficult to see how TKC's alleged failures to provide federal franchise investment disclosures would have any bearing on claims that relate solely to the arbitration provision. *See* FAC p. 9, fn. 6. Accordingly, they should be stricken from the FAC.

### C. Paragraphs 33 and 34 Should Be Stricken

Kayne argues that Paragraphs 33 and 34 are relevant to "TKC's pattern and practice of trying to use unconscionable arbitration provisions to oppress small businessmen such as Mr. Kayne without having to face the harsh light of public scrutiny that attends proceedings in open court." This argument is without merit. Unconscionability is measured at the time a contract is made. Cal. Civ. Code § 1670.5 (providing that a court may take certain action "[i]f the court finds the contract…to have been unconscionable **at the time it was made**" (emphasis added)); *A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 487 (1986) (holding that substantive unconscionability is measured at the time the contract was made). Accordingly, Kayne's allegations in Paragraphs 33 and 34, which relate solely to events that occurred well after the execution of the Credit Agreement and Personal Guaranty, are neither relevant nor pertinent to Kayne's claims.[3]

---

forth in detail in its Motion to Dismiss, Kayne's arguments regarding California franchise laws are barred by collateral estoppel and his claims on the basis of such laws should be dismissed. *Id.* Thus, this fact is not "telling" of anything.

[3] TKC withdraws its request to strike portions of the FAC contained within Paragraph 31 that discuss Kayne's purported expectations at the time when he signed the Credit Agreement and Personal Guaranty. Given Kayne's amendments to Paragraph 32, TKC also withdraws its request

REPLY IN SUPPORT OF MOTION TO STRIKE - 4 - (No. 07-4721 (SI))

### D. Paragraphs 40-41 Are Immaterial and Impertinent

Kayne asserts that Paragraphs 40-41 should not be stricken from the Complaint for three separate reasons. First, Kayne asserts that "[t]hey are relevant to the unconscionability of the Arbitration Provision because these law suits are indicative of TKC's pattern and practice of using aggressive litigation tactics and sharp practices." MTS Opposition p. 12. This argument is without merit. Again, unconscionability is measured at the time a contract is made. Cal. Civ. Code § 1670.5; *A&M Produce Co.*, 135 Cal. App. 3d at 487. The two lawsuits referenced in Paragraphs 40-41 occurred well after the formation of the Credit Agreement and Personal Guaranty. Accordingly, they have no bearing on the issue of whether the Arbitration Provision is unconscionable.

Second, Kayne argues that prior litigation between the parties may be highly relevant to the current case and provide helpful background information. MTS Opposition p. 12. Again, this claim is without merit. The Court may properly strike allegations regarding past proceedings. *Phoenix Hardware Co. v. Paragon Paint & Hardware Co., Inc.*, 1 F.R.D. 116 (E.D.N.Y. 1939) (striking defenses held insufficient at former trial); *Independent Theatres, Inc. v. American Broadcasting-Paramount Theatres, Inc.*, 179 F. Supp. 489, 490 (S.D.N.Y. 1959)[4] (striking allegations regarding prior dispute between parties from pleading).

Third, Kayne asserts that the allegations in Paragraphs 40 and 41 are pertinent to determining whether this case is or was related to earlier cases for the purpose of venue. MTS Opposition p. 12. As with many of Kayne's arguments, this misplaced assertion was contrived after the fact. Kayne makes no allegation anywhere in the Complaint or FAC that the cases

---

to strike that paragraph.

[4] In *Independent Theatres, Inc.*, the Court struck allegations regarding a supposed violation of a consent decree from a complaint on the grounds that:

> The complaint is interlarded with numerous other allegations of an evidential nature touching upon the decree, alleged violations thereof, and alleged reasons for happenings thereunder. These serve no useful purpose as far as the plaintiff's claim is concerned. On the other hand, the repeated references to the decree and alleged violations may well be prejudicial to the defendants. Plaintiff's claim must rest upon alleged violation of the antitrust statutes and not upon any claimed violation of the decree.

179 F. Supp. at 490.

1  discussed in Paragraphs 40 or 41 have any bearing on either venue or related case determination.
2  To the contrary, Kayne bases his venue and related case arguments almost entirely on one,
3  entirely separate case. FAC ¶ 9. Thus, this argument should be disregarded.

### E. Paragraph 66 Should Be Stricken From the FAC.

Finally, Kayne argues that Paragraph 66 should not be stricken for two reasons: (1) TKC's supposed non-compliance with California Franchise Investment laws forms part of the procedural unconscionability surrounding the arbitration clause; and (2) TKC's failure to follow these regulations violate the "unlawful" and "unfair" prong of the California UCL. MTS Opposition pp. 12-13. In other words, Kayne bases his contention that the allegations contained within Paragraph 66 should survive on the assertion that TKC violated the California Franchise Investment Laws.

As discussed at length in TKC's Motion to Dismiss, this argument has already been raised and rejected in a valid and binding ruling. Motion to Dismiss pp. 15-16. Kayne is barred by collateral estoppel from reasserting that TKC violated California Franchise Investment laws. *Id.*; *Offshore Sportswear, Inc.,* 114 F.3d 848, 850 (9th Cir. 1997). Because Kayne was in privity with Kayne Galleries, he is bound by the determination of this issue, regardless of whether the San Francisco Arbitration Award was confirmed against him. *In re Gottheiner*, 703 F.2d at 1140; *Sparks Nugget, Inc. v.*, 458 F.2d at 639. Accordingly, these claims cannot possible support a cause of action and should be stricken from the FAC. *Provencio*, 2007 U.S. Dist. LEXIS 54568, at *12-13; *Drew*, 2007 U.S. Dist. LEXIS 53157, at *18.

### F. TKC Will Suffer Prejudice if The Court Denies Its Motion to Strike

The function of a motion to strike is to avoid the expenditure of time and money that arise from litigating spurious issues. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). Accordingly, orders striking a pleading or portions of a pleading are proper although they are not shown to be prejudicial to the moving party, if granting the motion will make the trial less complicated or streamline resolution of the action. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (holding that "[t]he district court could properly grant the motion to strike for the purpose of

REPLY IN SUPPORT OF MOTION TO STRIKE            - 6 -            (No. 07-4721 (SI))

1  streamlining the ultimate resolution of the action and focusing . . . attention on the real issues in
2  the case."); *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("where the motion
3  may have the effect of making the trial of the action less complicated, or have the effect of
4  otherwise streamlining the ultimate resolution of the action, the motion to strike will be well
5  taken."). Kayne's FAC effectively seeks to reintroduce years of litigation and volumes of
6  arguments that have already been litigated and arguments he has already lost. These past events
7  no bearing on the single issue in this case.[5] While the Court should dismiss the Complaint in its
8  entirety for the reasons set forth in the Motion to Dismiss, alternatively the Court should grant
9  this Motion in order to streamline this case.

### III.   CONCLUSION

For the foregoing reasons, TKC respectfully requests that the Court strike paragraphs 11-14, 27-29, 33, 34, 40, 41 and 66 from the FAC.

Dated: November 26, 2007

McDERMOTT WILL & EMERY LLP
DANA N. LEVITT, PC
CHARLES E. WEIR
JASON D. STRABO

By:            /s/
   Charles E. Weir
   Attorneys for Defendant
   THE THOMAS KINKADE COMPANY

LAS99 1528183-3.074203.0021

---

[5] Kayne argues that because his claims are short and concise, they should be allowed to remain. MTS Opposition p. 6. The length of the Paragraphs at issue is irrelevant. Regardless of length in words, the presence of these paragraphs in the FAC substantially broadens the scope of this case and, if allowed to remain, will significantly increase the scope of discovery.