1  DANA N. LEVITT, PC (CA Bar No. 77180)
   CHARLES E. WEIR (CA Bar No. 211091)
2  JASON D. STRABO (CA Bar No. 246426)
   McDERMOTT WILL & EMERY LLP
3  2049 Century Park East, Suite 3800
   Los Angeles, CA 90067-3218
4  Telephone:    310.277.4110
   Facsimile:    310.277.4730
5  dlevitt@mwe.com
   cweir@mwe.com
6  jstrabo@mwe.com

7  Attorneys for Defendant
   THE THOMAS KINKADE COMPANY,
8  FORMERLY KNOWN AS, MEDIA ARTS GROUP
   INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  DAVID KAYNE, an individual citizen of      CASE NO.  C 07-4721 (SI)
    Georgia,
15                                             **DECLARATION OF CHARLES E. WEIR**
                      Plaintiff,               **IN SUPPORT OF THE THOMAS**
16                                             **KINKADE MOTION FOR SANCTIONS**
            v.                                 **PURSUANT TO F.R.C.P. RULE 11**
17
    THE THOMAS KINKADE COMPANY,                **DATE:**    **March 21, 2008**
18  formerly known as MEDIA ARTS               **TIME:**    **9:00 a.m.**
    GROUP, INC., a Delaware Corporation,,      **JUDGE:**   **Hon. Susan Illston**
19                                             **DEPT.:**   **10, 19th Floor**
                      Defendant.
20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## SUPPLEMENTAL DECLARATION OF CHARLES E. WEIR

I, Charles E. Weir, declare as follows:

1.     I am a partner with the law firm of McDermott, Will & Emery, LLP, counsel of record for plaintiff The Thomas Kinkade Company ("TKC").  I have personal and first hand knowledge of the facts stated herein, and if called upon, I could and would testify competently thereto.

2.     A true and correct copy of an e-mail dated October 28, 2004 from Plaintiff David Kayne ("Kayne") is attached hereto as Exhibit 1.

3.     A true and correct copy of a letter dated August 14, 2006 from Gary L. Britt ("Britt"), counsel for Kayne, to the American Arbitration Association ("AAA") is attached hereto as Exhibit 2.

4.     A true and correct copy of a e-mail dated August 24, 2006 from Britt to Deizha Arellano ("Arellano") of the AAA and me is attached hereto as Exhibit 3.

5.     A true and correct copy of an August 2006 e-mail exchange between Britt, Arellano and me is attached hereto as Exhibit 4.

6.     A true and correct  copy of an April 5, 2007 letter that I sent to the AAA is attached hereto as Exhibit 5.

7.     A true and correct copy of a May 2007 e-mail exchange between Britt, Arellano and I is attached hereto as Exhibit 6.

8.     A true and correct copy of a July 2007 e-mail exchange between Britt, Charles Coleman ("Coleman") of Holland & Knight LLP (Kayne's counsel in this matter), and Dana Levitt, who represents TKC in this matter, is attached hereto as Exhibit 7.

9.     In his Complaint, Kayne discusses two prior lawsuits that he refers to as "TKC v. Kayne II" and "TKC v. Kayne III."  "TKC v. Kayne II" was a case involving copyright infringement claims.  Specifically, TKC claimed in that action that Kayne hired artists to "highlight" Kinkade copyrighted paintings without permission.  "TKC v. Kayne III" was a case involving claims by TKC that Kayne misappropriated Mr. Kinkade's name and likeness by

1  displaying it on a "liquidation" website.  In addition, TKC claimed that the website contained

2  disparaging comments about Mr. Kinkade's painting techniques.  In "TKC v. Kayne III," TKC

3  also asserted claims against Kayne that arose out of Kayne's actions in hiring a billboard truck to

4  drive in the parking lots surrounding various Kinkade events.  TKC claimed that the billboards

5  used TKC trademarks and referred TKC customers to Kayne's disparaging "liquidation" website.

6  Both cases settled with Kayne agreeing never again to engage in the same conduct.

7        10.        On October 5, 2007 I served Coleman copies via e-mail of TKC's motion for

8  sanctions pursuant to F.R.C.P. Rule 11 and this declaration, together with the attached Exhibits.

9  The documents served were in substantially the same form in which they are being filed.

10       11.        I declare under penalty of perjury under the laws of the United States of America

11  that the foregoing is true and correct and that I executed this declaration on November 26, 2007 in

12  Los Angeles, California.

13  Dated:     November 26, 2007                    McDERMOTT WILL & EMERY LLP

14

15                                                  By:_____/s/_____

16                                                      Charles E. Weir
                                                        Attorneys for Defendant
17                                                      THE THOMAS KINKADE COMPANY

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

X-ELNK-AV: 0
X-NAS-Bayes: #0: 0; #1: 1
X-NAS-Classification: 0
X-NAS-MessageID: 3667
X-NAS-Validation: {5A50DF80-7A20-11D6-9D64-0040F6747B0E}

Σ»¿ <?xml:namespace prefix="v" /><?xml:namespace prefix="o" />

----- Original Message -----
From: Davidkayne@aol.com
To: george@tlcshoppe.com ; wade@kinkadeusa.com ; jodom@mindspring.com ;
tklight@email.msn.com
Cc: garyb@nospamform@.com
Sent: Thursday, October 28, 2004 6:13 PM
Subject: SDA

Gentlemen:

As all of you know, I have submitted my resignation on two occasions over the past year or
so, due to my litigation with MDA which requires me now and has required me in the past to
take or possibly take actions which would be detrimental to the purposes and members of
SDA. Although you have tried in the past not to accept my resignation, I have no choice
but to confirm yet again that I am not a member or member of the Board of SDA. You may
not refuse to accept this affirmance of my prior resignations. Regretfully my decision
now as in the past is final and unequivocal.

Since the day I co-founded SDA I have been targeted by MDA, and I have had endured
many hardships. Beside losing hundreds of thousand dollars in my art gallery business,
now they are trying to get my personal assets. Therefor, they have put me in a position
that gives no choice but to defend myself vigorously.

I have recently retained a very seasoned and competent attorney as our companyâ€™s
General Counsel, which with his guidance we will aggressively seek justice. One of the
reasons that I must confirm and enforce my resignations and remove myself from SDA, is due
to the conflict of interests between actions I must take now and in the past in defense of
the lawsuits brought against me by MDA. Some of the actions that I intend to aggressively
pursue, unless a settlement of all outstanding litigation and issues between MDA, et al
and myself and my companies is quickly forthcoming, may have a serious adverse financial
affect on SDA and its members. Absent a quick settlement of all outstanding issues with
mutual releases and NDAâ€™s, etc., I will be forced to pursue in short order and for valid
and legitimate business purposes actions some of which may have severe adverse financial
consequences for the members of SDA, other TK SIGs, and TK itself, especially now as
Christmas sales season approaches. These actions will include, but may not be limited to,
the following:

1. To recover some of our losses and ongoing legal expenses we have already created a â
€œKinkade Liquidation Centerâ€ to market TK products through local and nationwide
channels on a liquidation discounted basis. Some of our advertising will necessarily be
coordinated with Heritage Tour, TK appearance events, and Highlighter Events. This
liquidation center recently had a large billboard display concerning its sale merchandise
directly across from and on the day of a Georgia SIGâ€™s very expensive TK Special
Appearance Event. It is only prudent to take advantage of increased market awareness by
doing counter-advertising for the sale of TK products in our possession at discounted
prices below that which SDA members sell their TK products. Given the financial position
MDA has put me and my companies and given TK and MDAâ€™s policies of generally not
allowing authorized dealers to buy TK products from any entity or person other than TK. I
have no choice but to hold these liquidation sales of TK products. My liquidation sales
of TK products will be timed to take advantage of increased market interest as stated
above, will be marketed locally in your SDA member areas, as well as nationally on the
internet. If SDA were to get TK and MDA to approve your members purchases of my TK
inventory, so I could sell out my complete TK inventory to SDA members and other TK
authorized dealers in anticipation of increased Christmas sales, then there would be no
need for these liquidation sales that may substantially impair the value of your own
businesses, inventories, and marketing efforts.

2

EXHIBIT 1
Page 3

2. Since my arbitration trial, I have been approached by some local and national publications, news media, and tabloids who all expressed their interest in doing stories on TK artwork, how TK and MDA do business, how TK creates artwork using computers, other painters, highlighters, and other technology to CUT & PASTE and paint by the numbers artwork that TK then signs as an original TK painting. The facts concerning these matters were contained in sworn testimony at my arbitration, and quotes from the transcripts of this sworn testimony if given national or even local publicity could have very serious consequences on the collectability and value of TK artwork. At this time I have not cooperated with such news stories, but the day may be soon coming where I will no longer hold back this information from the art world and public in general.

3. Another effort to recoup some of my losses from this ongoing litigation with MDA, et al, is our anticipated cooperation, with help and suggestions of some former MDA executives, in co-authoring an expose' book dealing with the whole TK/MDA empire, their business dealings, and artwork creation. Such a book would necessarily contain facts, supported by quotes from sworn testimony in my arbitration trial and from some current and former TK SIG owners. Since there is no settlement between MDA and myself I am not under any NDA with regard to any of these matters, and absent a speedy settlement I will be forced to try and recoup my losses any legal and ethical way possible, despite the possible dire financial consequences to others.

4. We have been asked to participate in an educational foundation (a 501(c)(3) type organization) to help educate the public on collectible artwork issues such as how the TK artwork is created. and based on all testimonies given under oath (including TK testimony), we feel that this information, if disclosed to SDA members and other TK SIGs, would under the law in most states require all SDA and other TK SIGs to fully disclose to any prospective purchaser exactly how TK artwork is created and past TK company practices that have harmed prior collectors of TK artwork or face liability for punitive damages to consumers for deceptive trade practices and fraud. While individual consumer lawsuits could be made in such a situation, a class action lawsuit on behalf of all consumers of TK artwork could also be made.

5. Related to item 4 above, some of our collectors are very displeased and are contemplating a collectors class action lawsuit, as they feel, they have been deceived about the nature, quality, and manner of creation of TK original artwork, which forms the basis for the collector€™s limited edition prints, and that their investment has been devalued by TK/MDA€™s discounting through TUESDAY MORNING and PARK WEST.

6. consumer advocacy group are interested to pursue and investigate to insure the protection of public from fraud. National programs like 60 Minutes and other news agencies have previously expressed interest to do a consumer€™s investigative report on TK/MDA and its artwork. As of yet we have not agreed to work with the producers of these programs, but may soon find ourselves unable to remain silent in these matters.

I regret that the disputes between TK/MDA and my companies have led to my forced resignations from SDA. I had hoped and still maintain a little hope, that TK/MDA and my companies can reach a full and final settlement in all outstanding matters that would include mutual releases and NDA€™s similar to settlements TK/MDA have been agreeing to recently. However, if such a settlement is not very quickly forthcoming, I will have no choice but to pursue all those legal and ethical business ventures, educational endeavors, and publishing ventures as necessary to recoup losses still being incurred as a result of this ongoing litigation between TK/MDA and myself. Pursuant to guidance from my new General Counsel, I have just retained the international law firm of Holland and Knight to represent my interests in the outstanding litigation between TK/MDA and myself. They are of course very expensive, and I will be implementing the above actions to recoup my expenses, unless SDA can get the attention of TK/MDA as to the significant likelihood of substantial losses to TK/MDA and SDA members if a full and final settlement of all outstanding matters in which I am involved is not quickly reached.

Sincerely,

David Kayne, President Kayne Art Galleries of Georgia, INC.

3

EXHIBIT 1
Page 4



# GENERAL COUNSEL GROUP

## ATTORNEYS AND COUNSELORS AT LAW

GARY L. BRITT, CPA, J.D.*

August 14, 2006

American Arbitration Association
ATTN: Deizha R. Arellano
6795 North Palm Avenue, 2nd Floor
Fresno, California 93704

*Sent Via Fax And Email With A CC: To Charles Weir, attorney for TKC*

Re:    Your letter of August 7, 2006 in reference to 74-181-00733-06
       DEAR, The Thomas Kinkade Company v. David Kayne.

Dear Ms. Arellano:

I am in receipt of the above referenced letter. Please be advised of the following:

1. This letter does not constitute an appearance by David Kayne nor an agreement by David Kayne to appear in or with regard to TKC's demand for arbitration. This letter is to fulfill my ethical duties to a client whom I have represented in various other matters upon my receipt of the letter described above and other related correspondence.

2. To my knowledge David Kayne has never been served with the demand for arbitration. I attach a copy of a 7/17/06 email I sent to Charles Weir, attorney for TKC who attempted to serve the demand for arbitration notifying him that I was not an agent for service of process for David Kayne in this matter, and further advising him that the address indicated where service was mailed to David Kayne was not the home or business address of David Kayne, nor was it the address for the corporation known as Kayne Art Galleries of GA, Inc. TKC is well aware of the correct address for David Kayne and Kayne Art Galleries of GA, Inc., but chose to attempt service at an incorrect address. David Kayne does NOT waive his right to personal service in this matter.

3. Based upon my prior discussions of the document which forms the sole basis for TKC's demand for arbitration with David Kayne while

56 WATERFRONT ST.    TIFTON, GEORGIA 31794    VOICE: (229) 388-0850
FAX: (770) 573-2973 or (229) 382-4515    EMAIL: glb@gencog.com

EXHIBIT 2
Page 5

*Ms Deizha R. Arellano*
*American Arbitration Association*
*August 24, 2006, Page 2*

representing him in other matters over the past 2 years, I wish to inform you and the AAA as follows:

(a)  David Kayne rejects any claimed authority of the AAA over him or the matter about which TKC has demanded arbitration. Federal Law requires there be an agreement to arbitrate between the parties before a party can be forced into arbitration. In this case there is no agreement between the parties much less an agreement that includes an arbitration provision.

(b)  The document/credit application form presented to the AAA as the basis for TKC's demand for arbitration is not a binding lawful contract supported by adequate consideration, and therefore may not form the basis of any demand for arbitration. David Kayne does not agree to arbitrate the existence of or arbitrability of this non-binding, non-contractual, not-supported by acceptance or consideration credit application form.

(c)  David Kayne does not now agree nor has he ever agreed to arbitrate the issues demanded for arbitration in this matter.

(d)  David Kayne does not have any recollection of signing the credit application form submitted by TKC, and he has in the past asked TKC to produce the ORIGINAL showing his ORIGINAL signature on said form, so that he and experts might examine the original to determine the authenticity of his signature thereon.

Should you have any questions with regard to the above, please do not hesitate to contact me.

Yours very truly,

*Gary L. Britt*
GARY L. BRITT, CPA, J.D.

GLB/lb

*Principal Owner - Admitted To Practice Law In The States Of Georgia And Texas

GENERAL COUNSEL GROUP
ATTORNEYS AND COUNSELORS AT LAW

EXHIBIT 2
Page 6



**"Gary Britt"**
<glb@gencog.com>

08/24/2006 11:20 AM

| Please respond to |
| "Gary Britt" |
| <glb@gencog.com> |

History:          This message has been forwarded.

To   "Deizha Arellano" <ArellanoD@adr.org>,
     <cweir@mwe.com>

cc

bcc

Subject   Re: Kinkade vs Kayne

Dear Charles and Deizha:

Please be advised that consistent with the letter I previously read to you both over the phone on 8/14/06. David Kayne, who was first served with the demand for arbitration on 8/15/06 denies there is any agreement between himself and The Thomas Kinkade Company (f/k/a Media Arts Group), to arbitrate any matter or anything at all. David Kayne does not agree to arbitrate matters now for which there is no agreement to arbitrate. David Kayne denies any and all jurisdiction or right of the American Arbitration Association to carry on this or any other arbitration proceeding wherein he is claimed to be a party to the arbitration. Should the AAA continue an arbitration proceeding against David Kayne without his agreement and over his prior and continuing specific denial of jurisdiction and arbitrability of any matter, he will exercise all remedies available to him in law and equity, including bringing suit against the AAA and against any individual arbitrator or other person participating in a violation of David Kayne's rights not to arbitrate any matter to which there is no written agreement to arbitrate.

Please be further advised that prior to 12:00 Noon, ET, the Law Firm of Schreeder Wheeler and Flint filed on behalf of David Kayne a lawsuit seeking both declaratory and injunctive relief to have declared the purported credit application and personal guaranty paragraph and arbitration paragraph all declared invalid and unenforceable as a matter of law. If this matter is not removed from AAA's calendar by agreement or otherwise, an injunction and restraining order against TKC and/or AAA will be sought.

A true and correct copy of the lawsuit referenced above as filed along with a copy of the paid filing fees receipt are attached for your reference.

Thank you,

EXHIBIT 3
Page 7



"Gary Britt"
&lt;glb@gencog.com&gt;

08/24/2006 11:49 AM

Please respond to
"Gary Britt"
&lt;glb@gencog.com&gt;

To    "Deizha Arellano" &lt;ArellanoD@adr.org&gt;

cc    "Charles Weir" &lt;cweir@mwe.com&gt;

bcc

Subject    Re: Kinkade vs Kayne

I understand what you have said below.  Please understand we are quite serious about suing AAA and its arbitrators and filing grievances against any attorney/arbitrator who takes any action that harms or is otherwise prejudicial to David Kayne before the matter of the existence of an agreement to arbitrate and before the arbitrability of TKC's demand has been established by the courts.  Please see to it that parties at AAA are properly advised of the warnings and status of things surrounding this matter.

As I said previously we can only wait a few business days before filing for injunctive relief and beginning to incur damages for which we will sue TKC and/or AAA if necessary.

I appreciate your understanding.  Please know none of this is personal.  Its is just what we must do and say to preserve David Kayne's rights and to protect him from harm.

Thank you for your cooperation.

*Gary L. Britt*

 GENERAL COUNSEL GROUP
ATTORNEYS AND COUNSELORS AT LAW

GARY L. BRITT, CPA, J.D.
ATTORNEY AT LAW

56 WATERFRONT ST.    VOICE: 229-388-0850
TIFTON, GEORGIA 31794    FAX: 229-382-4515
Email: garybritt@friendlycity.net
----- Original Message -----

From: Deizha Arellano
To: Gary Britt ; cweir@mwe.com
Sent: Thursday, August 24, 2006 2:34 PM
Subject: RE: Kinkade vs Kayne

Gary-
AAA can only suspend the case with party agreement, therefore we will await a response from Charles. Also please note as a matter of formality your answer is due on or before September 7, 2006 a date agreed to by Charles.

EXHIBIT 4
Page 8

Deizha

**From:** Gary Britt [mailto:glb@gencog.com]
**Sent:** Thursday, August 24, 2006 11:28 AM
**To:** Deizha Arellano; cweir@mwe.com
**Subject:** Re: Kinkade vs Kayne
**Importance:** High

Deizha and Charles,

I will forward to you in a few minutes a copy of the letter I read to you both over the phone on 8/14/06.

Charles, congratulations on the new baby. I hope your wife and the baby are both healthy, strong, and doing well.

Deizha, there really isn't anything that I can talk to you and Charles about regarding the arbitration, since a lawsuit has been filed to determine the existence of and arbitrability of any purported contract containing an agreement to arbitrate.

What I need to know from you and Charles is whether there is agreement to suspend all attempted proceedings before the AAA regarding this matter, because, if there is no agreement forthcoming in the next few days, a motion for a restraining order and injunction will be filed and set for hearing in the Superior Court of Fulton County, Georgia.

Deizha and Charles you both should have already received my prior email with a copy of the lawsuit that was filed regarding this matter. If you have not received that email or have any trouble opening and reading the attached PDF files, please contact me immediately.

Thank you,

*Gary L. Britt*



GENERAL COUNSEL GROUP
ATTORNEYS AND COUNSELORS AT LAW

GARY L. BRITT, CPA, J.D.
ATTORNEY AT LAW

56 WATERFRONT ST.    VOICE: 229-388-0850
TIFTON, GEORGIA 31794    FAX: 229-382-4515
Email: garybritt@friendlycity.net
----- Original Message -----

EXHIBIT 4
Page 9

**From:** Gary Britt
**To:** Deizha Arellano ; cweir@mwe.com
**Sent:** Thursday, August 24, 2006 12:25 PM
**Subject:** Re: Kinkade vs Kayne

Good Morning Deizha and Charles,

I'm running a little late getting back to my office.  Could we start the conference call at 10:30 or 11:00 AM your time?

Thank you,

Gary Britt
----- Original Message -----
**From:** Deizha Arellano
**To:** cweir@mwe.com ; Gary Britt
**Sent:** Monday, August 14, 2006 2:11 PM
**Subject:** Kinkade vs Kayne


Charles and Gary-

This will confirm the arbitration is on hold until August 24 at 10am where we will discuss the timing of the case including a new answer date for the Respondent.

Deizha R. Arellano
Case Manager
American Arbitration Association
6795 N. Palm Ave., 2nd Floor
Fresno CA 93704
559-490-1909 Direct Dial
559-490-1919 Fax



7am-3pm  Letter To AAA Re Conference Call Of 8-14-06.pdf

EXHIBIT 4
Page 10

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Charles E. Weir
Attorney at Law
cweir@mwe.com
310.284.8159

April 5, 2007

VIA FAX 559-490-1919

Deizha R. Arellano
Case Manager
American Arbitration Association
6795 N. Palm Ave., 2nd Floor
Fresno, CA 93704

Re:     The Thomas Kinkade Company v. David Kayne, Case No. 74 181 00733 06 DEAR

Dear Ms. Arellano:

This letter is to inform you that the above referenced matter is no longer stayed and should
proceed to arbitration. Mr. Kayne's suit challenging the existence of an agreement to arbitrate
has been dismissed and Judge Pannell of the Northern District of Georgia has ordered the parties
to arbitration. I enclose a copy of Judge Pannell's order for your information.

Please take whatever steps are necessary to set a new scheduling conference with the parties so
that this matter can move forward. As a reminder, pursuant to the parties' arbitration agreement
the AAA's expedited rules apply to this dispute.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Charles E. Weir

cc:     Gary Britt, Esq. (w/ enclosures)
        Dana N. Levitt, Esq. (w/o enclosures)
        Robert C. Murray, Esq. (w/o enclosures)

LAS99 1498265-1.074203.0021

U.S. practice conducted through McDermott Will & Emery LLP.

2049 Century Park East, Suite 3400 Los Angeles, California 90067-3208 Telephone: 310.277.4110 Facsimile: 310.277.4730 www.mwe.com

EXHIBIT 5
Page 11



Gary Britt <glb@gencog.com>

05/11/2007 08:24 PM

Please respond to
glb@gencog.com

To    cweir@mwe.com

cc    Deizha Arellano <ArellanoD@adr.org>

bcc

Subject   Re: Thomas Kinkade Co. vs David Kayne

Georgia law applies to this matter Charles, your claims to the contrary about what we both know notwithstanding. There is no choice of law provision in the alleged contract, if a contract exists at all which we deny and which is still up for decision by a federal court. The alleged contract if entered into was entered into in Georgia in violation of Georgia's statute of frauds. A law professor who is familiar with conflicts of laws issues, federal law, contract law and contract interpretation detailed rules AND Georgia Law is what is needed. If you object to law professors out of hand (as you seem to be saying below) and we object to retired judges biased in favor of California law and not properly versed in conflicts of laws, federal law, Georgia Law, etc. then we have nobody left to put on a list to pick an arbitrator from. Also, other areas of law where expertise may be required include Civil RICO, Fraud, and Violations of California and Georgia franchise acts.

**I disagree that a further clarifying conference call isn't warranted on Tuesday or Wednesday as requested by Deizha. Deizha, it occurs to me that in our last call we spoke of proposed arbitrators ONLY from the State of California. The list should also include persons from the STATE OF GEORGIA. Retired judges and law professors from the State of Georgia are just as qualified if not MORE qualified to work on this matter, even if they must travel to Santa Clara to do it. Given the issues and the controlling law a person from GEORGIA seems much MORE suitable to me. A list that doesn't include an equal number of possible arbitrators from the STATE OF GEORGIA is an unacceptable starting point for a process destined to guarantee my client does NOT receive a fair and neutral hearing of these matters.**

Gary Britt

This email does not constitute a waiver of or consent in spite of our absolute and continuing objections to: AAA's jurisdiction or authority in this matter; AAA's conflicts of interests in respect to TKC and David Kayne involving matters of substantial and significant cash payments benefiting AAA, its employees, and independent contractors and other direct and material conflicts of interest making it unethical and improper for AAA to continue to act in this matter; the conflicts of interest of Deizha Arellano; the impropriety and conflicts and attempts to preempt the judicial process by continuing with this arbitration despite our objections thereto and despite our pending appeal in the 11th circuit as regards the entire substance and basis for any claimed authority of AAA and TKC in this matter. All of these objections and more are restated and reaffirmed, and the AAA, Deizha Arellano, and TKC are hereby put on continuing notice of these objections and our intent to seek legal redress of damages, costs, and attorneys fees for the irreparable harm which may be caused David Kayne by AAA and TKC proceeding in this matter in complete disregard to the continuing and valid objections of David Kayne, whether such objections were asserted orally, in writing, in this communication, a previous communication, a

EXHIBIT 6
Page 12

future communication, or otherwise.

cweir@mwe.com wrote:
     Gary,

     Your concern here is greatly exaggerated.  There is a
     disclosure mechanism
     pursuant to which an arbitrator's prior contacts with the
     parties must be
     disclosed so that the parties can object.  Thus, we will not
     be
     inadvertently selecting an arbitrator who may have
     participated in a prior
     TKC (or Kayne) matter.  Additionally, I have no idea what
     universe you are
     describing below.  Thus, while I was amenable to providing a
     list to
     attempt to move the process along I don't know what you have
     in mind and
     the request below seems focused more on generating
     additional delay than
     anything particularly constructive.  Moreover, since your
     concerns
     regarding conflicts are dealt with in the selection process
     itself, I don't
     see the need to continue to attempt to construct lists of
     people from some
     undefined universe.

     It also does no good for you to "object" or make legal
     arguments in this
     context.  TKC "objects" to law professors.  Additionally, we
     both know that
     Georgia law is not going to govern.  However, these and
     other such issues
     will not be resolved at this stage.  As I mentioned
     previously, our
     preference is for a retired judge in the contracted for
     location.

     Deizha please generate an initial list based on the
     qualifications
     requested by the parties in their respective e-mails and on
     the call
     yesterday.  Unless there is some other issue that you want
     to discuss I see
     no reason to have an additional call next week prior to

EXHIBIT 6
Page 13

receiving the
initial list of arbitrators.

Charles E. Weir
McDermott Will and Emery LLP
2049 Century Park East, Suite 3400
Los Angeles, California  90067-3208
310-284-6159 (telephone)
310-277-4730 (facsimile)


Gary Britt
<glb@gencog.com>

To
05/11/2007 09:22                cweir@mwe.com
AM
cc
<ArellanoD@adr.org>               Deizha Arellano

Subject
Please respond to          Re: Thomas Kinkade
Co. vs David
glb@gencog.com             Kayne


Charles, it isn't just neutrals I object to but ANY
arbitrator who has been
paid money by (for any reason) or worked on an arbitration
or any other
legal matter involving TKC, Media Arts, Thomas Kinkade, the
individual, or
any principal, officer, representative, agent, employee or
shareholder of
any of these persons or entities.  This includes individuals
who were
picked by opposing parties in litigation or arbitration with
TKC or any of
the other above individuals or entities.

EXHIBIT 6
Page 14

I also expect AAA to insure that the list does NOT include any such
individuals independently of the lists of names provided by you/TKC, et al.
AAA should have this information in their databases and I expect them to
certify as to any person considered for placement on the lists that they
meet the above criteria.  Further as per our phone call yesterday, we
reserve the right to make further objections but we find trial court judges
(retired or otherwise) and practitioners objectionable.  Full time law
professors with substantial years of full-time professorial experience in
appropriate areas of federal law, conflicts of laws, Georgia Law (which is
the controlling applicable law in this matter), and contract law are the
kinds of persons appropriate for this matter.  Someone who does not have a
bias towards California rules, laws, and procedures whether such bias is by
experience and training being only in or substantially in California courts
and California laws or otherwise.

Thank you,

Gary Britt

This emails does not constitute a waiver of or consent in spite of our
absolute and continuing objections to: AAA's jurisdiction or authority in
this matter;  AAA's conflicts of interests in respect to TKC and David
Kayne involving matters of substantial and significant cash payments
benefiting AAA, its employees, and independent contractors and other direct
and material conflicts of interest making it unethical and improper for AAA
to continue to act in this matter; the conflicts of interest of Deizha
Arellano; the impropriety and conflicts and attempts to preempt the
judicial process by continuing with this arbitration despite our objections

EXHIBIT 6
Page 15

thereto and despite our pending appeal in the 11th circuit as regards the
entire substance and basis for any claimed authority of AAA and TKC in this
matter.  All of these objections and more are restated and reaffirmed, and
the AAA, Deizha Arellano, and TKC are hereby put on continuing notice of
these objections and our intent to seek legal redress of damages, costs,
and attorneys fees for the irreparable harm which may be caused David Kayne
by AAA and TKC proceeding in this matter in complete disregard to the
continuing and valid objections of David Kayne, whether such objections
were asserted orally, in writing, in this communication, a previous
communication, a future communication, or otherwise.


cweir@mwe.com wrote:
     Deizha,

     Pursuant to our call yesterday, the following have acted as neutrals
     in TKC
     arbitrations in California:  Hon. Carl West Anderson, Hon. Raymond D.
     Williamson, Jr., and Mr. James Grossman.  There is a fourth matter
     that was
     arbitrated in California that my firm did not represent TKC.  I will
     provide that additional neutral to you as soon as possible.  As I
     mentioned
     yesterday, our preference is to have this matter arbitrated by a
     retired
     judge.  Please begin the arbitrator selection process as soon as
     practicable.  As an additional note, please be aware that TKC will be
     filing an amended demand to set forth the full amount TKC is entitled
     to
     pursuant to the agreement at issue (including fees, costs and
     interest to

EXHIBIT 6
Page 16

date).  Please do not hesitate to give me a call or
drop me an e-mail
    if
    you have any questions.


    Charles E. Weir
    McDermott Will and Emery LLP
    2049 Century Park East, Suite 3400
    Los Angeles, California  90067-3208
    310-284-6159 (telephone)
    310-277-4730 (facsimile)


*************************************************************
*********************************************************


    IRS Circular 230 Disclosure:  To comply with
requirements imposed by
    the
    IRS, we inform you that any U.S. federal tax advice
contained herein
    (including any attachments), unless specifically
stated otherwise, is
    not
    intended or written to be used, and cannot be used,
for the purposes
    of (i)
    avoiding penalties under the Internal Revenue Code or
(ii) promoting,
    marketing or recommending to another party any
transaction or matter
    herein.


_____

_____


    This message is a PRIVATE communication. This message
and all
    attachments
    are a private communication sent by a law firm and may
be
    confidential or
    protected by privilege. If you are not the intended
recipient, you
    are
    hereby notified that any disclosure, copying,

EXHIBIT 6
Page 17

distribution or use of
    the
    information contained in or attached to this message
is strictly
    prohibited. . Please notify the sender of the delivery
error by
    replying to
    this message, and then delete it from your system.
Thank you.

*********************************************************
****************************************************

    Please visit http://www.mwe.com/ for more information
about our Firm.

*********************************************************
****************************************************

IRS Circular 230 Disclosure:  To comply with requirements
imposed by the
IRS, we inform you that any U.S. federal tax advice
contained herein
(including any attachments), unless specifically stated
otherwise, is not
intended or written to be used, and cannot be used, for the
purposes of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting,
marketing or recommending to another party any transaction
or matter
herein.

_____

_____

This message is a PRIVATE communication. This message and
all attachments
are a private communication sent by a law firm and may be
confidential or
protected by privilege. If you are not the intended
recipient, you are
hereby notified that any disclosure, copying, distribution

EXHIBIT 6
Page 18

or use of the
information contained in or attached to this message is
strictly
prohibited.  Please notify the sender of the delivery error
by replying to
this message, and then delete it from your system.  Thank
you.
**************************************************************
*******************************************************

Please visit http://www.mwe.com/ for more information about
our Firm.

EXHIBIT 6
Page 19

Gary Britt <glb@gencog.com>

07/25/2007 04:26 AM

Please respond to
glb@gencog.com

To    cweir@mwe.com
cc    charles.coleman@hklaw.com, DLevitt@mwe.com
bcc
Subject    Re: The Thomas Kinkade Company v. Kayne

History:        This message has been forwarded.

There will be no fucking interim drafts given to the judge. All prior drafts and settlement discussions are hereby WITHDRAWN for the lack of good faith and ethical handling from Weir, et al. If Weir, et al have made ex parte communications with this judge or have forwarded confidential communications and what are in effect settlement type communications to this judge, I will file ethics charges against Weir, Levitt, and their law firm. None of these communications have been discussed with or cleared by or approved by David Kayne. David Kayne is out of the country and only he can give final approval to any attempted settlement/stipulation/agreement.

I don't know what the hell is going on but I can definitely tell you I don't like waking up this morning to the content of the emails that have gone back and forth late yesterday between Charles Coleman and Charles Weir.

Gary Britt

cweir@mwe.com wrote:

Charles,

While I have no problem attempting to coordinate submissions to the arbitrator in the future, I disagree with the substance and general sentiment of your e-mail. First, the arbitrator will be asked to make a ruling on the scheduling issues if we cannot come to an agreement. Second, I do anticipate some discussion of the merits tomorrow. At the very least, some discussion of the general position of the parties is essential to understanding the utility of an extension. As you know, I will always be reasonable about timing issues, but if it is clear that we will not agree on certain issues tomorrow an extension will be futile.

Charles E. Weir
McDermott Will and Emery LLP
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
310-284-6159 (telephone)
310-277-4730 (facsimile)
<charles.coleman@hklaw.com>

<charles.coleman

EXHIBIT 7
Page 20

)                                                    )

@hklaw.com>                      To<cweir@mwe.com>

07/24/2007 07:20                 cc<glb@gencog.com>
PM
                                 SubjectRE: The Thomas Kinkade Company v. Kayne

Charles-

We're not thrilled with the idea of sending interim drafts (and one side's
correspondence about interim drafts) to Mr. McCauley. I don't see what the utility
is of having Mr. McCauley review this in advance of our discussion tomorrow.
Because we are challenging the arbitrator's authority (and even if we weren't
doing so), we aren't inclined to participate in debates before him about the merits
of our drafts and your counter-proposals.

All we propose to address tomorrow is a brief further extension (1 week or so) to
allow us to discuss internally and externally (and if possible finalize) a stipulation.
If we can't reach such a stipulation (and maybe we can't), then we should know
that fairly soon.

In sum, I would ask that you refrain from cluttering the record before the
arbitrator with drafts and correspondence between counsel -- it's just
inappropriate. If in future you feel the need to make unilateral submissions to Mr.
McCauley, we would ask at a minimum that you let us know that in advance so
that we can discuss the matter with a view toward either making a joint
submission, making no submission, or establishing some kind of
procedure/briefing schedule for presenting matters to Mr. McCauley. Thank you.
We will look forward to speaking further tomorrow.

Rgds,


# Holland + Knight

**Charles L. Coleman, III**
Partner
Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, California 94111
Main 415 743-6900
Direct 415 743-6970
Fax 415 743-6910
Email charles.coleman@hklaw.com


EXHIBIT 7
Page 21

}                                        }

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** cweir@mwe.com [mailto:cweir@mwe.com]
**Sent:** Tuesday, July 24, 2007 7:04 PM
**To:** Jay McCauley
**Cc:** Coleman, Charles L (SFR - X56970); DLevitt@mwe.com
**Subject:** The Thomas Kinkade Company v. Kayne

Mr. McCauley,

Attached please find correspondence exchanged between the parties regarding the scheduling stipulation. We are still in discussions, however, we wanted you to have the opportunity to review the correspondence in advance of tomorrow's call.

Charles E. Weir
McDermott Will and Emery LLP
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
310-284-6159 (telephone)
310-277-4730 (facsimile)
*(See attached file: CEW letter to CLC.pdf)(See attached file: kayne proposed stip.DOC)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure: To comply with requirements imposed by the

EXHIBIT 7
Page 22

IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************** *************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**************************************************************** *********************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************** *********************************************

EXHIBIT 7
Page 23

Please visit http://www.mwe.com/ for more information about our Firm.

EXHIBIT 7
Page 24